**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| KATERRA INC., *et al.*,[1] | ) Case No. 21-31861 (DRJ) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) (Emergency Hearing Requested) |

**DEBTORS' <u>EMERGENCY</u> MOTION
FOR ENTRY OF AN ORDER (I) EXTENDING
TIME TO FILE SCHEDULES OF (A) ASSETS AND
LIABILITIES, (B) SCHEDULES OF CURRENT INCOME AND
EXPENDITURES, (C) SCHEDULES OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES, (D) STATEMENTS OF FINANCIAL AFFAIRS, AND
(E) RULE 2015.3 FINANCIAL REPORTS AND (II) GRANTING RELATED RELIEF**

> Emergency relief has been requested. A hearing will be conducted on this matter on June 7, 2021 at 3:30 pm (prevailing Central Time) in Courtroom 400, 4th floor, 515 Rusk, Houston, Texas 77002. You may participate in the hearing either in person or by audio/video connection.
>
> Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. You will be responsible for your own long distance charges. Once connected, you will be asked to enter the conference room number. Judge Jones's conference room number is 205691.
>
> You may view video via GoToMeeting. To use GoToMeeting, the Court recommends that you download the free GoToMeeting application. To connect, you should enter the meeting code "JudgeJones" in the GoToMeeting app or click the link on Judge Jones's home page on the Southern District of Texas website. Once connected, click the settings icon in the upper right corner and enter your name under the personal information setting.
>
> Hearing appearances must be made electronically in advance of the hearing. To make your electronic appearance, go to the Southern District of Texas website and select "Bankruptcy Court" from the top menu. Select "Judges' Procedures," then "View Home Page" for Judge Jones. Under "Electronic Appearance" select "Click here to submit Electronic Appearance". Select the case name, complete the required fields and click "Submit" to complete your appearance.
>
> If you object to the relief requested or you believe that emergency consideration is not warranted, you must either appear at the hearing or file a written response prior to the hearing. Otherwise, the Court may treat the pleading as unopposed and grant the relief

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.primeclerk/katerra. The location of Debtor Katerra Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 9305 East Via de Ventura, Scottsdale, Arizona 85258.

>  requested.
>
>  **Relief is requested not later than June 7, 2021.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state as follows in support of this motion (this "<u>Motion</u>"):

## Relief Requested

1. By this Motion, the Debtors seek entry of an order substantially in the attached form (the "<u>Order</u>"), (a) extending the deadline by which the Debtors will file their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "<u>Schedules and Statements</u>") by an additional 45 days to and including August 4, 2021, for a total of 59 days from the Petition Date, without prejudice to the Debtors' ability to request additional extensions for cause shown, (b) extending the deadline by which the Debtors must file their initial reports of financial information with respect to entities in which the Debtors hold a controlling or substantial interest as set forth in Federal Rule of Bankruptcy Procedure 2015.3 (the "<u>2015.3 Reports</u>") to and including the later of (i) 15 days after the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "<u>341 Meeting</u>") or (ii) 45 days after the Petition Date (*i.e.*, July 21, 2021), or to file a motion with the Court seeking a modification of such reporting requirements for cause, without prejudice to the Debtors' ability to request additional extensions for cause shown, and (c) granting related relief.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to rule

7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 1007, 2015.3(d), and 9006, and Rules 2015-3 and 9013-1(b) of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## Background

5. Katerra Inc., together with its Debtor and non-Debtor subsidiaries ("Katerra"), is a technology-driven construction company that develops, manufactures, and markets products and services in the commercial and residential construction spaces. Katerra delivers a comprehensive suite of products and services for its clients through a distinct model that combines end-to-end integration with significant investment in technological and design innovation. Katerra offers services to its clients through three distinct offerings: (a) end-to-end new build; (b) construction services; and (c) renovations. Katerra has approximately 6,400 employees who are primarily located in nine countries. In the year ending 2020, Katerra's operations generated revenue of approximately $1.75 billion.

6. On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description surrounding the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Marc Liebman in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration")[2] and in the

---

[2] Capitalized terms used but not otherwise defined in this Motion shall have the meanings given to them in this Motion or the First Day Declaration, as applicable.

3

*Declaration of Matthew R. Niemann in Support of (A) DIP Financing and (B) All First Day Relief* filed contemporaneously with this Motion and incorporated by reference herein.  As described in more detail in the First Day Declaration, the Debtors commenced these chapter 11 cases in the face of a liquidity crisis and with the goal of facilitating a marketing and sale process for their assets to maximize value and creditor recoveries.

7. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this Motion, the Debtors have requested procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

## Basis for Relief

**I.   Cause Exists to Extend the Time to File the Schedules and Statements.**

8. Pursuant to Bankruptcy Rules 1007(c) and 9006(b), the Court has authority to extend the time required for filing of the Schedules and Statements "for cause." Fed. R. Bankr. P. 1007(c) and 9006(b).  Ample cause exists to grant the relief requested herein.  To prepare their Schedules and Statements, the Debtors will have to compile information from books, records, and documents relating to thousands of claims, assets, and contracts from each Debtor entity. Collection of the necessary information will require a significant expenditure of time and effort on the part of the Debtors, their employees, and their advisors.  Additionally, because numerous invoices related to prepetition goods and services have not yet been received and entered into the Debtors' accounting system, it may be some time before the Debtors have access to all of the information required to prepare the Schedules and Statements.

9. Moreover, the Debtors have books and records located in multiple systems across their various business segments. Information must be gathered from many, if not all, of these systems. Given the size and complexity of the Debtors' businesses and financial affairs and the critical matters that the Debtors' management and professionals were required to address prior to the commencement of these chapter 11 cases, the Debtors were not in a position to complete the Schedules and Statements as of the Petition Date.

10. Although the Debtors' key personnel and professionals have diligently prepared for these chapter 11 cases, preparing the Schedules and Statements was not practicable given the compressed timeline leading up to the Petition Date. An extension will not harm creditors or other parties in interest because, even under the extended deadline, the Debtors will file the Schedules and Statements in advance of any deadline for filing proofs of claim in these chapter 11 cases.

11. As explained above and in the First Day Declaration, the Debtors' business operations are complex and vast, and preparing the Schedules and Statements accurately and in appropriate detail will require significant attention from the Debtors' personnel and the Debtors' advisors. The Debtors' request for a 45-day extension of time to file the Schedules and Statements, without prejudice to the Debtors' ability to request additional extensions for cause shown, is appropriate and warranted under the circumstances.

**II.     Cause Exists to Extend the Time to File the 2015.3 Reports.**

12. Pursuant to Bankruptcy Rule 2015.3, a chapter 11 debtor must file, no later than seven days before the date set for the 341 Meeting and no less than every six months thereafter, periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in the chapter 11 cases, and in which the estate holds a

substantial or controlling interest. Fed. R. Bankr. P. 2015.3(a)–(c). Bankruptcy Rule 9006(b)(1) provides the Court with authority to extend the period of time to file the 2015.3 Reports "for cause." Additionally, Bankruptcy Rule 2015.3(d) provides the Court with the ability, after notice and a hearing, to modify the reporting requirements for cause, including that the debtor is "not able, after a good faith effort, to comply with those reporting requirements, or that the information . . . is publicly available."

13. Certain of the Debtors maintain interests in certain non-Debtor subsidiaries that fall under the ambit of Bankruptcy Rule 2015.3 and, as such, the Debtors are required to file 2015.3 Reports. Cause exists to extend the deadline for filing the 2015.3 Reports based on (a) the size, complexity, and geographic scope of the Debtors' businesses and (b) the substantial burdens imposed by compliance with Bankruptcy Rule 2015.3 in the early days of these chapter 11 cases.

14. Extending the deadline to file the initial 2015.3 Reports will enable the Debtors to work with their financial advisors and the United States Trustee for Southern District of Texas (the "U.S. Trustee") to determine the appropriate nature and scope of the reports and any proposed modifications to the reporting requirements established by Bankruptcy Rule 2015.3. Accordingly, the Debtors request that the Court grant an extension of the time by which the Debtors must file their initial 2015.3 Reports to and including the later of (a) 45 days after the 341 Meeting or (b) 59 days after the Petition Date (*i.e.*, August 4, 2021) pursuant to Bankruptcy Rule 2015.3(d).

15. The relief requested will not prejudice any party in interest. The Debtors intend to work cooperatively with the U.S. Trustee and any other necessary parties in these chapter 11 cases to provide access to relevant information regarding the business and financial affairs of the Debtors and the non-debtor subsidiaries.

**Emergency Consideration**

16.     The Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first twenty-one days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." An immediate and orderly transition into chapter 11 is critical to the viability of the Debtors' operations. Any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm. Furthermore, the failure to receive the requested relief during the first twenty-one days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture and imperil the Debtors' restructuring. The Debtors have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested in this Motion on an emergency basis.

**Notice**

17.     The Debtors will provide notice of this Motion to the following parties or their counsel: (a) the United States Trustee for the Southern District of Texas; (b) the holders of the 40 largest unsecured claims against the Debtors (on a consolidated basis); (c) Weil, Gotshal & Manges LLP as counsel to the DIP Lender; (d) the Office of the United States Attorney for the Southern District of Texas; (e) the state attorneys general for states in which the Debtors conduct business; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; (h) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (i) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (j) any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d). In light of the nature of the relief requested, no further notice is required.

The Debtors request that the Court enter the Order, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Houston, Texas
June 7, 2021

/s/  Matthew D. Cavenaugh

| **JACKSON WALKER LLP** | **KIRKLAND & ELLIS LLP** |
|---|---|
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Jennifer F. Wertz (TX Bar No. 24072822) | Joshua A. Sussberg, P.C. (*pro hac vice* pending) |
| J. Machir Stull (TX Bar No. 24070697) | Christine A. Okike, P.C. (*pro hac vice* pending) |
| 1401 McKinney Street, Suite 1900 | 601 Lexington Avenue |
| Houston, Texas 77010 | New York, New York 10022 |
| Telephone:   (713) 752-4200 | Telephone:     (212) 446-4800 |
| Facsimile:   (713) 752-4221 | Facsimile:     (212) 446-4900 |
| Email:        mcavenaugh@jw.com | Email:          joshua.sussberg@kirkland.com |
|               jwertz@jw.com |                christine.okike@kirkland.com |
|               mstull@jw.com | |

*Proposed Co-Counsel to the Debtors*  *Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*  *and Debtors in Possession*

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Local Rule 9013-1(i).

/s/ Matthew D. Cavenaugh
Matthew D. Cavenaugh

**Certificate of Service**

I certify that on June 7, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ Matthew D. Cavenaugh
Matthew D. Cavenaugh