## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| KATERRA INC., *et al.*,[1] | ) ) | Case No. 21-31861 (DRJ) |
| Debtors. | ) ) ) | (Joint Administration Requested) |
|  | ) ) | **Re: Docket No. __** |

**INTERIM ORDER (I) AUTHORIZING
DEBTORS TO PAY PREPETITION CLAIMS OF
CERTAIN CRITICAL VENDORS AND LIEN CLAIMANTS, (II) GRANTING
ADMINISTRATIVE EXPENSE PRIORITY TO ALL UNDISPUTED OBLIGATIONS ON
ACCOUNT OF OUTSTANDING ORDERS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order") (a) authorizing, but not directing, the Debtors to pay, in the ordinary course of business, prepetition amounts owing on account of (i) Critical Vendor Claims in an aggregate amount of up to $500,000 on an interim basis and (ii) Lien Claims in an aggregate amount up to $1.0 million on an interim basis, (b) granting administrative expense priority to all undisputed obligations on account of goods ordered by the Debtors prior to the Petition Date that will not be delivered until after the Petition Date and authorizing the Debtors to satisfy such obligations in the ordinary course of business, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §1334; and

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.primeclerk.com/katerra. The location of Debtor Katerra Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 9305 East Via de Ventura, Scottsdale, Arizona 85258..

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the Motion.

this Court having found that this is a core proceeding pursuant to 28 U.S.C. §157(b); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2021, at __:__ _.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Central Time, on _____, 2021. In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

2. The Debtors are authorized in the reasonable exercise of their business judgment, to pay all or part of, and discharge, on a case-by-case basis, the Critical Vendor Claims in an aggregate amount not to exceed $500,000 on an interim basis, absent further order of the Court. In the event the Debtors will exceed the aggregate amount of interim relief, as detailed in the Motion, the Debtors shall file a notice with the Court describing the category and overage amount.

3. The Debtors are authorized, but not directed, in the reasonable exercise of their business judgment, to pay all or part of, and discharge, on a case-by-case basis, the Lien Claims in

an aggregate amount not to exceed $1.0 million on an interim basis, absent further order of the Court. In the event the Debtors will exceed the aggregate amount of interim relief, as detailed in the Motion, the Debtors shall file a notice with the Court describing the category and overage amount.

4. All undisputed obligations related to the Outstanding Orders are granted administrative expense priority in accordance with section 503(b)(1)(A) of the Bankruptcy Code.

5. The Debtors are authorized, but not directed, to pay all undisputed amounts relating to the Outstanding Orders in the ordinary course of business consistent with the parties' customary practices in effect prior to the Petition Date.

6. As a condition to receiving payment hereunder, the Debtors at their discretion may require, by written agreement, such parties to continue supplying goods or services to the Debtors in accordance with trade terms at least as favorable to the Debtors as those practices and programs (including credit limits, pricing, cash discounts, timing of payments, allowances, product mix, availability, and other programs) consistent with the parties' ordinary course practice (collectively, the "Customary Trade Terms"). The Debtors reserve the right to require more favorable trade terms with any party as a condition to payment of any prepetition claim. The form of Trade Agreement, substantially in the form attached to the Motion as **Exhibit A**, is approved in its entirety. The Debtors are authorized to enter into any such Trade Agreements on an interim basis.

7. If any party accepts payment hereunder for a prepetition obligation of the Debtors premised on compliance with the above, and thereafter fails to comply with the Customary Trade Terms, or other such terms as agreed to by the Debtors, then, subject to entry of a final order on the Motion from this Court: (a) any payment on account of a prepetition claim received by such party shall be deemed, in the Debtors' sole discretion, an improper postpetition transfer and,

therefore, immediately recoverable by the Debtors in cash upon written request by the Debtors; (b) upon recovery by the Debtors, any prepetition claim of such party shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtors to such party, the Debtors may elect to re-characterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance and such supplier or vendor will be required to repay to the Debtors such paid amounts that exceed the postpetition obligations then outstanding, without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.

8. Any Critical Vendor or Lien Claimant that accepts payment from the Debtors on account of all or a portion of such party's claim pursuant to this Interim Order shall be deemed to (a) agree to the terms and provisions of this Interim Order and (b) have waived, to the extent so paid, Critical Vendor Claims or Lien Claims of any type, kind, or priority (including any reclamation claim), against the Debtors, their assets, and properties.

9. The Debtors shall maintain a matrix or schedule of amounts paid to the Critical Vendor Claimants subject to the terms and conditions of this Interim Order, including the following information: (a) the amount, category, and type of payment, as further described and classified in the Motion; and (b) the Debtor or Debtors that made the payment. The Debtors shall provide a copy of such matrix or schedule to the U.S. Trustee, any statutory committee appointed in these chapter 11 cases, and counsel to the DIP Lender every 30 days beginning upon entry of this Interim Order or upon request by any of the foregoing parties.

10. Nothing herein shall impair or prejudice the Debtors' ability to contest, in their sole discretion, the extent, perfection, priority, validity, or amounts of any claims held by any Critical Vendor or Lien Claimant. The Debtors do not concede that any claims satisfied pursuant

to this Interim Order are valid, and the Debtors expressly reserve all rights to contest the extent, validity, or perfection, or to seek the avoidance of all such liens or the priority, of such claims.

11. Notwithstanding the foregoing, prior to entry of an order granting the relief requested in the Motion on a final basis, the Debtors are not authorized to pay any prepetition amounts on account of Lien Claims before the applicable due dates of such claims.

12. This Interim Order permits the use of cash only to the extent authorized under this Court's applicable orders authorizing debtor-in-possession financing, including the Budget (as defined therein) (the "DIP Orders").  In the event of any inconsistency between this Interim Order and the DIP Orders, the DIP Orders shall control.

13. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party-in-interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights or the rights of any other party-in-interest under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party in interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors or any other party-in-interest expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Interim Order should not be construed as an

admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

14. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order without any duty of further inquiry and without liability for following the Debtors' instructions.

15. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Critical Vendor Claims and Lien Claims.

16. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

17. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

18. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

19. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

20. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Houston, Texas
Dated: _____, 2021

_____
UNITED STATES BANKRUPTCY JUDGE