UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| KATERRA INC., *et al.*,[1] | ) | Case No. 21-31861 (DRJ) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | (Emergency Hearing Requested) |

**DEBTORS' EMERGENCY MOTION FOR ENTRY
OF AN ORDER (I) APPROVING THE DEBTORS'
PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR
FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY
PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING
SERVICES, AND (III) APPROVING THE DEBTORS' PROPOSED
PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS**

> **Emergency relief has been requested. A hearing will be conducted on this matter on June 7, 2021 at 3:30 pm (prevailing Central Time) in Courtroom 400, 4th floor, 515 Rusk, Houston, Texas 77002. You may participate in the hearing either in person or by audio/video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. You will be responsible for your own long distance charges. Once connected, you will be asked to enter the conference room number. Judge Jones's conference room number is 205691.**
>
> **You may view video via GoToMeeting. To use GoToMeeting, the Court recommends that you download the free GoToMeeting application. To connect, you should enter the meeting code "JudgeJones" in the GoToMeeting app or click the link on Judge Jones's home page on the Southern District of Texas website. Once connected, click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of the hearing. To make your electronic appearance, go to the Southern District of Texas website and select "Bankruptcy Court" from the top menu. Select "Judges' Procedures," then "View Home Page" for Judge Jones. Under "Electronic Appearance" select "Click here to submit Electronic Appearance". Select the case name, complete the required fields and click "Submit" to complete your appearance.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must either appear at the hearing or file a written response prior to the**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.primeclerk.com/katerra. The location of Debtor Katerra Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 9305 East Via de Ventura, Scottsdale, Arizona 85258.

> **hearing. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **Relief is requested not later than June 7, 2021.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):

## Relief Requested

1. The Debtors seek entry of an order (the "Order"), substantially in the attached form, (a) determining that the Proposed Adequate Assurance provides the Utility Providers with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code (each as defined herein), (b) prohibiting the Utility Providers from altering, refusing, or discontinuing services, and (c) approving procedures for resolving any dispute concerning adequate assurance in the event that a Utility Provider is not satisfied with the Proposed Adequate Assurance.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a) and 366 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 6003 and 6004, and rules 1075-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

**Background**

5. Katerra Inc., together with its Debtor and non-Debtor subsidiaries ("Katerra"), is a technology-driven construction company that develops, manufactures, and markets products and services in the commercial and residential construction spaces. Katerra delivers a comprehensive suite of products and services for its clients through a distinct model that combines end-to-end integration with significant investment in technological and design innovation. Katerra offers services to its clients through three distinct offerings: (a) end-to-end new build; (b) construction services; and (c) renovations. Katerra has approximately 6,400 employees who are primarily located in nine countries. In the year ending 2020, Katerra's operations generated revenue of approximately $1.75 billion.

6. On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description surrounding the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Marc Liebman in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration")[2] and in the *Declaration of Matthew R. Niemann in Support of (A) DIP Financing and (B) All First Day Relief* filed contemporaneously with this Motion and incorporated by reference herein. As described in more detail in the First Day Declaration, the Debtors commenced these chapter 11 cases in the face of a liquidity crisis and with the goal of facilitating a marketing and sale process for their assets to maximize value and creditor recoveries.

7. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2] Capitalized terms used but not otherwise defined in this Motion shall have the meanings given to them in this Motion or the First Day Declaration, as applicable.

Concurrently with the filing of this Motion, the Debtors have requested procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

**Utility Services and Proposed Adequate Assurance**

**I.      Utility Services and Utility Providers.**

8.      In connection with the operation of their businesses, the Debtors obtain electricity, natural gas, water and sewage, telephone, internet, garbage, recycling, cable, and other similar services (collectively, the "Utility Services") from a number of utility companies or brokers (collectively, the "Utility Providers"). A non-exclusive list of the Utility Providers and their affiliates that provide Utility Services to the Debtors as of the Petition Date (the "Utility Service List") is attached as **Exhibit A**.[3]

9.      Uninterrupted Utility Services are essential to the Debtors' ongoing business operations, and hence the overall success of these chapter 11 cases. Should any Utility Provider refuse or discontinue service, even for a brief period, the Debtors' business operations and safety procedures could be severely disrupted, and such disruption would jeopardize the Debtors' business. Accordingly, it is essential that the Utility Services continue uninterrupted during these chapter 11 cases.

---

[3] Although the Debtors believe that the Utility Service List includes all of their Utility Providers, the Debtors reserve the right to supplement the list if they inadvertently omitted any Utility Provider. Additionally, the listing of an entity on the Utility Service List is not an admission that such entity is a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve the right to contest any such characterization in the future.

4

10. On average, the Debtors pay approximately $420,000 each month for the Utility Services, calculated based on a historical monthly average of payments to the Utility Providers.

## II. Proposed Adequate Assurance of Payment.

11. The Debtors intend to pay postpetition obligations owed to the Utility Providers in the ordinary course of business and in a timely manner. The Debtors believe that cash held on hand by the Debtors, generated in the ordinary course of business, and cash available to the Debtors under the proposed debtor-in-possession financing facility (the "DIP Facility") will provide sufficient liquidity to pay the Utility Providers for Utility Services in accordance with prepetition practice during the pendency of their chapter 11 cases.

12. To provide additional assurance of payment, the Debtors propose to deposit $209,763 (the "Adequate Assurance Deposit") into a segregated bank account (the "Adequate Assurance Account") within five business days of entry of the Order. The Adequate Assurance Deposit is equal to approximately one-half of the Debtors' average monthly cost of Utility Services, calculated based on a historical monthly average of payments to the Utility Providers. The Debtors request the authority to adjust the amount of the Adequate Assurance Deposit to account for the termination of certain Utility Services by the Debtors on account of any closed business locations or by agreement between the Debtors and the affected Utility Provider without further order of the Court.

13. The Adequate Assurance Deposit will be held in the Adequate Assurance Account for the duration of the Debtors' chapter 11 cases and may be applied to any postpetition defaults in payment to the Utility Providers. The Debtors submit that the Adequate Assurance Deposit, in conjunction with cash on hand from the proposed DIP Facility, demonstrates their ability to pay for future Utility Services in accordance with prepetition practice (collectively, the "Proposed

Adequate Assurance") and constitutes sufficient adequate assurance to the Utility Providers in full satisfaction of section 366 of the Bankruptcy Code.

### III.    Adequate Assurance Procedures.

14.    Any Utility Provider that is not satisfied with the Proposed Adequate Assurance may make a request for additional or different adequate assurance of future payment (each, an "Adequate Assurance Request") pursuant to the adequate assurance procedures set forth in the Order (the "Adequate Assurance Procedures").  The Adequate Assurance Procedures set forth a streamlined process for Utility Providers to address potential concerns with respect to the Proposed Adequate Assurance, while at the same time allowing the Debtors to continue their business operations uninterrupted.  The Adequate Assurance Procedures permit a Utility Provider to object to the Proposed Adequate Assurance by filing and serving an Adequate Assurance Request upon certain Notice Parties (as defined in the Order).  The Debtors, in their discretion, may then resolve any Adequate Assurance Request by mutual agreement with the Utility Provider and without further order of the Court (but with notice to the Notice Parties).  If the Debtors determine that the Adequate Assurance Request cannot be resolved by mutual agreement, the Debtors will seek Court resolution of the Adequate Assurance Request.  Unless and until a Utility Provider files an objection or serves an Adequate Assurance Request, such Utility Provider shall be (a) deemed to have received adequate assurance of payment "satisfactory" to such Utility Provider in compliance with section 366 of the Bankruptcy Code and (b) forbidden to discontinue, alter, or refuse services to, or discriminate against, the Debtors on account of any unpaid prepetition charges, or require additional assurance of payment other than the Proposed Adequate Assurance.

### IV. Modifications to the Utility Service List.

15. The Debtors have made an extensive and good-faith effort to identify all Utility Providers and include them on the Utility Service List. To the extent the Debtors subsequently identify additional Utility Providers or discontinue any Utility Services, the Debtors seek authority, in their sole discretion and with notice to the Notice Parties (as defined in the Order), to amend the Utility Service List to add or remove any Utility Provider. The Debtors further request that the relief requested in this Motion, including the proposed Adequate Assurance Procedures and the Order granting this Motion, shall apply to any subsequently identified Utility Provider, regardless of when such Utility Provider was added to the Utility Service List. The Debtors will serve a copy of this Motion and the Order on any Utility Provider subsequently added to the Utility Service List, and any subsequently added Utility Provider shall have twenty days from the date of service of this Motion and the Order to make a request for adequate assurance of payment. The Debtors shall have the period specified in the proposed Adequate Assurance Procedures to seek to resolve any subsequently added Utility Provider's request for adequate assurance of payment by mutual agreement with the Utility Provider without further order of the Court or the need to schedule a hearing with the Court to determine the adequacy of assurance payment in accordance with the proposed Adequate Assurance Procedures.

16. The Debtors request that all Utility Providers, including subsequently added Utility Providers to the Utility Service List, be prohibited from altering, refusing, or discontinuing any Utility Services to the Debtors absent further order of the Court.

### Basis for Relief

17. Section 366 of the Bankruptcy Code protects a debtor against the immediate termination or alteration of utility services after the Petition Date. *See* 11 U.S.C. § 366. Section 366(c) of the Bankruptcy Code requires the debtor to provide "adequate assurance" of

payment for postpetition services in a form "satisfactory" to the utility company within thirty days of the petition, or the utility company may alter, refuse, or discontinue service. 11 U.S.C. § 366(c)(2). Section 366(c)(1) of the Bankruptcy Code provides a non-exhaustive list of examples for what constitutes "assurance of payment." Although assurance of payment must be "adequate," it need not constitute an absolute guarantee of the debtors' ability to pay. *See In re Great Atl. & Pac. Tea Co.*, No. 11-CV-1338, 2011 WL 5546954, at *5 (S.D.N.Y. Nov. 14, 2011) (finding that "[c]ourts will approve an amount that is adequate enough to insure against unreasonable risk of nonpayment, but are not required to give the equivalent of a guaranty of payment in full"); *In re Tekoil & Gas Corp.*, No. 08-80270G3-11, 2008 WL 2928555, at *2 n.1 (Bankr. S.D. Tex. July 21, 2008) ("[A] debtor may continue to pay a utility, and a utility may continue to provide service, in the absence of an injunction preventing the utility from terminating service.") (citing *In re Viking Offshore (USA) Inc.*, No. 08-31219-H3-11, 2008 WL 782449, at *3 n.3 (Bankr. S.D. Tex. Mar. 20, 2008)).

18. When considering whether a given assurance of payment is "adequate," the Court should examine the totality of the circumstances to make an informed decision as to whether the Utility Provider will be subject to an unreasonable risk of nonpayment. *See In re Keydata Corp.*, 12 B.R. 156, 158 (B.A.P. 1st Cir. 1981) (citing *In re Cunha*, 1 B.R. 330 (Bankr. E.D. Va. 1979)); *In re Adelphia Bus. Sols., Inc.*, 280 B.R. 63, 82–83 (Bankr. S.D.N.Y. 2002). In determining the level of adequate assurance, however, "a bankruptcy court must focus upon the need of the utility for assurance, and . . . require that the debtor supply *no more than that*, since the debtor almost perforce has a conflicting need to conserve scarce financial resources." *Va. Elec. & Power Co.*, 117 F.3d at 650 (internal quotations omitted) (citing *In re Penn Jersey Corp.*, 72 B.R. 981, 985 (Bankr. E.D. Pa. 1987)); *see also In re Penn. Cent. Transp. Co.*, 467 F.2d 100,

103–04 (3d Cir. 1972) (affirming bankruptcy court's ruling that no utility deposits were necessary where such deposits likely would "jeopardize the continuing operation of the [debtor] merely to give further security to suppliers who already are reasonably protected").

19. Termination of the Utility Services could result in the Debtors' inability to operate its business to the detriment of all their stakeholders. *In re Pilgrim's Pride Corp.*, No. 08-45664 (DML), 2009 WL 7313309, at *2 (Bankr. N.D. Tex. Jan. 4, 2009) ("The consequences of an unexpected termination of utility service to [the debtors] could be catastrophic"); *cf. In re Monroe Well Serv., Inc.*, 83 B.R. 317, 321–22 (Bankr. E.D. Pa. 1988) (noting that without utility service the debtors "would have to cease operations" and that section 366 of the Bankruptcy Code "was intended to limit the leverage held by utility companies, not increase it"). The Utility Providers are adequately assured against any risk of nonpayment for future services. The Adequate Assurance Deposit and the Debtors' ongoing ability to meet obligations as they come due in the ordinary course provide assurance that the Debtors will pay their future obligations to the Utility Providers.

20. Courts are permitted to fashion reasonable procedures, such as the Adequate Assurance Procedures proposed in the Order, to implement the protections afforded under section 366 of the Bankruptcy Code. *See, e.g.*, *In re Circuit City Stores, Inc.*, No. 08-35653, 2009 WL 484553, at *5 (Bankr. E.D. Va. Jan. 14, 2009) (stating that "the plain language of § 366 of the Bankruptcy Code allows the Court to adopt the Procedures set forth in the [u]tility [o]rder"). Such procedures are important because, without them, the Debtors "could be forced to address numerous requests by utility companies in an unorganized manner at a critical period in their efforts to reorganize." *Id.* Notwithstanding a determination that the Proposed Adequate Assurance constitutes sufficient adequate assurance, any rights the Utility Providers believe they have under

sections 366(b) and (c)(2) of the Bankruptcy Code are wholly preserved under the Adequate Assurance Procedures. *See id.* at *5–6. The Utility Providers still may choose, in accordance with the Adequate Assurance Procedures, to request modification of the Proposed Adequate Assurance. *See id.* at *6. The Adequate Assurance Procedures, however, avoid a haphazard and chaotic process whereby each Utility Provider could make an extortionate, last-minute demand for adequate assurance that would force the Debtors to pay under the threat of losing critical Utility Services. *See id.* at *5.

21. The Adequate Assurance Procedures are reasonable and in accord with the purposes of section 366 of the Bankruptcy Code, and the Debtors respectfully request that the Court grant the relief requested herein.

22. Further, the Court possesses the power, under section 105(a) of the Bankruptcy Code, to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Adequate Assurance Procedures and the Proposed Adequate Assurance are necessary and appropriate to carry out the provisions of the Bankruptcy Code, particularly section 366 thereof. The Court should exercise its powers under sections 366 and 105(a) of the Bankruptcy Code and approve both the Adequate Assurance Procedures and the Proposed Adequate Assurance.

## Emergency Consideration

23. Pursuant to Bankruptcy Local Rule 9013-1(i), the Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first twenty-one days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." As set forth in this Motion, the Debtors believe an immediate and orderly transition into chapter 11 is critical to

the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm. Furthermore, the failure to receive the requested relief during the first twenty-one days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture and imperil the Debtors' restructuring. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## Waiver of Bankruptcy Rule 6004(a) and 6004(h)

24. To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the fourteen-day stay period under Bankruptcy Rule 6004(h).

## Reservation of Rights

25. Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any

other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

## Notice

26.     The Debtors will provide notice of this Motion to the following parties or their counsel:  (a) the United States Trustee for the Southern District of Texas; (b) the holders of the 40 largest unsecured claims against the Debtors (on a consolidated basis); (c) Weil, Gotshal & Manges LLP as counsel to the DIP Lender; (d) the Office of the United States Attorney for the Southern District of Texas; (e) the state attorneys general for states in which the Debtors conduct business; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; (h) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (i) the Utility Providers; (j) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (k) any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).  In light of the nature of the relief requested, no further notice is required.

The Debtors request that the Court enter an order, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Houston, Texas
June 7, 2021

/s/ Christine A. Okike, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:    (212) 446-4900
Email:          joshua.sussberg@kirkland.com
                    christine.okike@kirkland.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Local Rule 9013-1(i).

                                                */s/ Christine A. Okike, P.C.*
                                                Christine A. Okike, P.C.

**Certificate of Service**

I certify that on June 7, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                */s/ Christine A. Okike, P.C.*
                                                Christine A. Okike, P.C.

# **EXHIBIT A**

**Utility Service List**

**Utilities Exhibit**

| Provider | Address | Account Number(s) (if known) | Service(s) | Adequate Assurance Deposit (in $) |
|---|---|---|---|---|
| Alderwood Water & Wastewater Distri | 3626 156TH ST SW<br>LYNNWOOD, WA 98087-5021 | 35012214-00 \ 35012213-00 | Water | $1,960 |
| AT&T | 208 S. AKARD ST<br>DALLAS, TX 75202 | TBD | Telecom | $33 |
| AT&T Corp | 208 SOUTH AKARD STREET<br>DALLAS, TX 75202 | 1225719 | Telecom | $2,526 |
| AT&T Mobility | 1025 LENOX PARK BLVD NE<br>ATLANTA, GA 30319 | 831-000-8330 \ 831-000-7666 \ 287-281-3810 \ 256636220 \ 209-832-7916 \ 209-333-0008 \ 209-333-0120 \ 209-333-0109 | Telecom | $1,625 |
| Avista Corp | 1411 E MISSION AVE<br>SPOKANE, WA 99252-0001 | 0406524200 | Gas & Electric | $28,954 |
| Burrtec Waste & Recycling Svcs | 41575 ECLECTIC ST<br>PALM DESERT, CA 92260-1968 | 44-PO519786 | Waste | $2,932 |
| California Water Services | 1720 NORTH FIRST STREET<br>SAN JOSE, CA 95112 | 9058033530 \ 7594222665 | Water | $382 |
| CenturyLink | 100 CENTURYLINK DRIVE<br>MONROE, LA 71203 | 719-542-6599 \ 303-295-0721 \ 208-887-7651 \ 509-924-4479 \ 509-327-2936 \ 602-455-9916 519B \ 88366117 \ 469616982 \ 206-367-0855 389 \ 509-928-3799 253 \ 89618715 \ 90306363 \ 88070931 \ 602-272-1957 973 \ 89163321 | Telecom | $3,786 |
| City of Fort Collins | 300 LAPORTE AVE<br>FORT COLLINS, CO 80521 | 668771-54499 \ 668771-54501 | Water | $1,251 |
| City of Henderson Nevada | 240 S WATER ST<br>HENDERSON, NV 89015-7227 | 430765036 \ 430765040 \ 430824592 | Water | $1,345 |
| City of Meridian | 33 E BROADWAY AVE<br>MERIDIAN, ID 83642-2619 | 99011022-01 \ 88000074-12 \ 38980005-01 \ 38980003-01 \ 38980002-01 \ 38980006-01 \ 38980007-01 \ 38980008-01 \ 38900010-01 \ 88000001-10 \ 88000339-02 \ 88000341-02 \ 88000344-06 \ 88000348-10 | Waste | $7,491 |
| City of Scottsdale | 7447 E INDIAN SCHOOL RD STE 110<br>SCOTTSDALE, AZ 85251-3915 | 2012394900 \ 2012405300 | Water | $285 |
| City of Seattle | 600 4TH AVE., 3RD FLOOR<br>SEATTLE, WA 98104 | 8346381025 \ 1416550051 \ 0612111868 \ 0818820000 | Electric | $7,747 |
| City of Tracy | 333 CIVIC CENTER PLZ<br>TRACY, CA 95376-4062 | 1000803 | Water | $434 |
| Coachella Valley Water District | 51501 TYLER ST<br>COACHELLA, CA 92236 | 700203-850176 | Water | $884 |
| Comcast | 1701 JFK BLVD<br>PHILADELPHIA, PA 19103 | 8498390015307157 \ 8498390016254515 \ 708675570 \ 933752072 \ 8497606004492481 \ 8498390016567122 \ 8498330052507560 \ 8498330052507566 \ 8495440015304036 \ 8498320100522493 \ 8498310191695464 \ 8498390052184469 \ 8498390016866383 \ 8498350210597531 \ 8498350210582996 \ 8498360021719661 \ 8497380041932052 \ 8155400572004644 \ 8155600386908308 \ 8498380041932052 \ 8498320030698579 \ 8155400560572248 \ 8155400572004644 \ 8778103052879306 \ 8497606004301120 \ 8498390016874817 \ 9415 \ 8497303264546202 \ 8497303264442380 \ 8155100515711170 \ 8499053360412830 \ 8499053543690800 \ 8499053543699670 \ 8499053120495440 \ 8497303264516379 \ 8497404641552895 \ 8499053543662407 \ 8499053543716609 \ 8499053360419857 \ 8299610050293819 | Telecom | $2,349 |
| Consolidated Irrigation Dist 19 | 120 N GREENACRES RD<br>SPOKANE VALLEY, WA 99016-9714 | 9792.1 | Water | $369 |

1 of 4

Utilities Exhibit

| Provider | Address | Account Number(s) (if known) | Service(s) | Adequate Assurance Deposit (in $) |
|---|---|---|---|---|
| COX | 6205-B PEACHTREE DUNWOODY ROAD NE ATLANTA, GA 30328 | 001 8501 234604201 \ 001 8501 256538401 \ 001 8501 260209501 \ 001 8501 199789802 \ 001 7601 062916201 \ 001 7601 048970202 \ 001 8501 208525901 \ 001 8501 237346301 \ 001 8501 260383601 \ 001 8501 260377901 \ 001 7601 051712403 | Telecom | $1,843 |
| Denver Water | 1600 W. 12TH AVE. DENVER, CO 80204-3412 | 2134468183 | Water | $1,196 |
| DISCOUNT WASTE INC | 3595 ENGINEERING DRIVE NORCROSS, GA 30092 | TBD | Waste | $10,160 |
| Fusion Cloud Company LLC | 320 INTERSTATE NORTH PKWY SE ATLANTA, GA 30339-2221 | 3852995 | Telecom | $1,436 |
| Hayward Water System | 777 B STREET HAYWARD, CA 94541 | 26024-94414 \ 40129-87051 | Water | $372 |
| HIGHLINE WATER DISTRICT | 23828 30TH AVE S KENT, WA 98032 | TBD | Water | $35 |
| HONEY BUCKET | 10412 JOHN BANANOLA WAY E PUYALLUP, WA 98374 | 191376 \ 191376 | Waste | $68 |
| Hughes Network Systems LLC | 11717 EXPLORATION LANE GERMANTOWN, MD 20876 | SME74970 \ SME74087 | Telecom | $232 |
| Idaho Power Company | 1221 WEST IDAHO ST. BOISE, ID 83702 | All accounts | Electric | $152 |
| MILE HIGH ROLL-OFF WASTE SYST | ATTN: RON WILLIAMS 7320 W 118TH PLACE BROOMFIELD, CO 80020 | TBD | Waste | $2,536 |
| Northshore Utility District | 6830 NE 185TH ST. KENMORE, WA 98028 | 327176 | Water | $3,497 |
| NV Energy, Inc | 6226 W. SAHARA AVE. LAS VEGAS, NV 89146 | 3000346621723440999 \ 3000346621723440981 \ 3000346621723660349 \ 3000346621723739721 \ 3000346621723535210 \ 3000346621723535228 \ 1000293351907936118 \ 1000293351907888731 | Electric | $738 |
| Pacific Disposal | 2910 HOGUM BAY RD NE LACEY, WA 98516-3133 | 2183-1078234-001 | Waste | $6,036 |
| Republic Services | 18500 NORTH ALLIED WAY PHOENIX, AZ 85054 | 3-0175-0007771 \ 3-0197-0061353 \ 3-0208-0023364 \ 3-0753-0168803 | Telecom | $9,872 |
| Saddleback Communications | 10190 E MCKELLIPS RD SCOTTSDALE, AZ 85256-5611 | 80010590 | Telecom | $892 |
| SOLID WASTE SYSTEMS DBA SWS | 6515 EAST NIXON SPOKANE VALLEY, WA 99212 | TBD | Waste | $602 |
| Southern California Edison | 2244 WALNUT GROVE AVE ROSEMEAD, CA 91770-3714 | 2-39-193-8016 | Electric | $1,187 |
| SOUTHERN CALIFORNIA GAS COMPANY | 555 WEST 5TH STREET LOS ANGELES, CA 90013 | TBD | Gas | $8,660 |
| Spokane County Environmental Servic | 1026 W BROADWAY AVENUE 4TH FLOOR SPOKANE, WA 99260 | 061848/138179 | Waste | $376 |
| Sprint | 6200 SPRINT PKWY OVERLAND PARK, KS 66251-6117 | 967986641 \ 748130949 | Telecom | $1,409 |
| SUNSHINE DISPOSAL INC | 2405 N UNIVERSITY ROAD SPOKANE VALLEY, WA 99206 | TBD | Waste | $318 |

**Utilities Exhibit**

| Provider | Address | Account Number(s) (if known) | Service(s) | Adequate Assurance Deposit (in $) |
|---|---|---|---|---|
| Truckee Meadows Water Authority | 1355 CAPITAL BLVD<br>RENO, NV 89502 | 03460383 \ 225189300 \ 225187300 \ 225188300 \ 03460391 | Water | $177 |
| T-MOBILE | 12920 SE 38TH ST<br>BELLEVUE, WA 98006-1350 | TBD | Telecom | $102 |
| VERA WATER & POWER | 601 N EVERGREEN ROAD<br>SPOKANE VALLEY, WA 99216 | TBD | Water | $8 |
| Verizon | 1095 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10036 | 242088043-00001 | Telecom | $33,841 |
| Waste Connections, Inc | PO BOX 7428<br>PASADENA, CA 91109-7428 | 5311-31178792 | Waste | $1,942 |
| Waste Management | 1001 FANNIN STREET<br>HOUSTON, TX 77002 | 18-80607-43003 \ 19-57739-53007 \ 19-60356-23000 \ 20-04544-33007 \ 20-04774-83007 \ 20-15771-33007 \ 21-63107-53005 \ 22-28186-63008 \ 22-70119-23001 \ 18-03858-13007 \ 18-57798-93009 \ 20-34966-83002 \ 20-35039-83002 \ 20-58379-83002 \ 20-65171-13002 \ 20-70321-83006 \ 21-24374-33008 \ 21-27850-43002 \ 21-43998-93001 \ 21-74377-53005 \ 22-04670-13003 \ 22-10355-13002 \ 22-27974-03009 \ 22-30204-03005 \ 22-38935-83007 \ 22-44398-73007 \ 22-46022-73006 \ 22-47056-83001 \ 22-47359-33006 \ 22-47379-13006 \ 22-62430-03004 \ 22-83018-73005 \ 22-39610-73009 \ 23-95837-53000 \ 23-35764-13002 \ 24-55795-13001 \ 22-84611-23005 | Waste | $17,312 |
| WASTE MANAGEMENT OF OREGON | 7227 NE 55TH AVENUE<br>PORTLAND, OR 97218 | TBD | Waste | $6,940 |
| WASTE MANAGEMENT OF AZ, INC | 1001 FANNIN STREET<br>HOUSTON, TX 77002 | TBD | Waste | $19,768 |
| WASTE MANAGEMENT OF COLORADO | 1001 FANNIN STREET<br>HOUSTON, TX 77002 | TBD | Waste | $3,107 |
| WASTE MANAGEMENT OF NEW JERSEY INC | 1298 INDUSTRIAL WAY<br>TOMS RIVER, NJ 08755 | TBD | Waste | $1,336 |
| Waste Management Of Texas, Inc. | 1001 FANNIN STREET<br>SUITE 4000<br>HOUSTON, TX 77002 | TBD | Waste | $2,094 |
| Waste Management Of Oklahoma City | 800 CAPITAL STREET<br>SUITE 3000<br>HOUSTON, TX 77002 | TBD | Waste | $322 |
| WASTE MANAGEMENT OF DENVER | 800 CAPITAL STREET<br>SUITE 3000<br>HOUSTON, TX 77002 | TBD | Waste | $105 |
| WASTE MANAGEMENT OF TAMPA | 800 CAPITAL STREET<br>SUITE 3000<br>HOUSTON, TX 77002 | TBD | Waste | $1,713 |
| Waste Management Of Wi-Mn | 800 CAPITAL STREET<br>SUITE 3000<br>HOUSTON, TX 77002 | TBD | Waste | $1,041 |
| WASTE MANAGEMENT - ORLANDO | 800 CAPITAL STREET<br>SUITE 3000<br>HOUSTON, TX 77002 | TBD | Waste | $149 |

**Utilities Exhibit**

| Provider | Address | Account Number(s) (if known) | Service(s) | Adequate Assurance Deposit (in $) |
|---|---|---|---|---|
| WASTE MANAGEMENT OF ARIZONA | 1001 FANNIN STREET HOUSTON, TX 77002 | TBD | Waste | $1,226 |
| WASTE MANAGEMENT OF VA INC | 3016 YADKIN RD CHESAPEAKE, VA 23323 | TBD | Waste | $806 |
| Waste Management of Washington Inc | 720 4TH AVE STE 400 KIRKLAND, WA 98033-8136 | 23-07566-73008 \ 23-03809-33003 | Waste | $91 |
| Wave Holdco LLC | SUITE 3100 650 COLLEGE ROAD EAST PRINCETON, NJ 08540 | 3201-1028192-01 | Telecom | $245 |
| WEINBERGER WASTE DISPOSAL | 3425 S. 43RD AVE. PHOENIX, AZ 85009 | TBD | Waste | $1,467 |