**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| KATERRA INC., *et al.*,[1] | ) Case No. 21-31861 (DRJ) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |
| | ) **Re: Docket No. __** |

**INTERIM ORDER APPROVING NOTIFICATION**
**AND HEARING PROCEDURES FOR CERTAIN TRANSFERS OF**
**AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT**
**TO COMMON STOCK AND PREFERRED STOCK**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Interim Order") (a) approving the Procedures related to transfers of Beneficial Ownership of Common Stock or Preferred Stock and (b) directing that any purchase, sale, other transfer of, or declaration of worthlessness with respect to, Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures shall be null and void *ab initio*; and (c) scheduling a final hearing to consider approval of the Motion on a final basis, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests

---

1    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.primeclerk.com/katerra.  The location of Debtor Katerra Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 9305 East Via de Ventura, Scottsdale, Arizona 85258.

2    Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2021, at__:__ _.m., prevailing Central Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Central Time, on _____, 2021. In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

2.      The Procedures, as set forth in **Exhibit 1** attached hereto, are hereby approved; *provided*, *however*, any party in interest may file a motion and seek emergency relief from the Procedures based upon a showing of sufficient cause.

3.      Any transfer of or declaration of worthlessness with respect to Beneficial Ownership of Common Stock  in violation of the Procedures, including but not limited to the notice requirements, shall be null and void *ab initio*.

4.      In the case of any such transfer of Beneficial Ownership of Common Stock in violation of the Procedures, including but not limited to the notice requirements, the person or entity making such transfer shall be required to take remedial actions specified by the Debtors,

which may include the actions specified in Private Letter Ruling 201010009 (Dec. 4, 2009), to appropriately reflect that such transfer is null and void *ab initio*.

5.     In the case of any such declaration of worthlessness with respect to Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures, including the notice requirements, the person or entity making such declaration shall be required to file an amended tax return revoking such declaration and any related deduction to appropriately reflect that such declaration is void *ab initio*.

6.     The Debtors may retroactively or prospectively waive any and all restrictions, stays, and notification procedures set forth in the Procedures.

7.     To the extent that this Interim Order is inconsistent with any prior order or pleading with respect to the Motion in these chapter 11 cases, the terms of this Interim Order shall govern.

8.     To the extent that this Interim Order is inconsistent with this Court's applicable orders authorizing debtor-in-possession financing, including the Budget (as defined therein) (the "DIP Orders"), the DIP Orders shall control.

9.     As soon as is practicable following entry of the Order, the Debtors shall (i) submit a copy of the Notice of Interim Order (modified for publication) for publication in *The New York Times* (national edition); and (ii) submit a copy of the Notice of Interim Order (modified for publication) to Bloomberg Professional Service for potential publication by Bloomberg.

10.     The Debtors shall post the Procedures to the website established by Prime Clerk, LLC for these chapter 11 cases (https://cases.primeclerk.com/katerra), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown.

11.     The requirements set forth in this Order are in addition to the requirements of all applicable law and do not excuse compliance therewith.

12.     Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed:  (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief authorized in this Interim Order are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

13.     Nothing herein shall preclude any person desirous of acquiring any Common Stock or Preferred Stock from requesting relief from this Order from this Court, subject to the Debtors' rights to oppose such relief.

14.     Other than to the extent that this Order expressly conditions or restricts trading in Common Stock or Preferred Stock, nothing in this Order or in the Motion shall, or shall be deemed

to, prejudice, impair, or otherwise alter or affect the rights of any holders of Common Stock or Preferred Stock, including in connection with the treatment of any such stock under any chapter 11 plan or any applicable bankruptcy court order.

15.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

16.     Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

17.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

18.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

19.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Houston, Texas
Dated: _____, 2021

_____
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT 1**

**Procedures for Transfers of and Declarations of Worthlessness
with Respect to Beneficial Ownership of Common Stock or Preferred Stock**

**PROCEDURES FOR TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS
WITH RESPECT TO COMMON STOCK OR PREFERRED STOCK**

The following procedures apply to transfers of Common Stock or Preferred Stock:[1]

a.  Any entity (as defined in section 101(15) of the Bankruptcy Code) that is a Substantial Shareholder (as defined herein) must file with the Court, and serve upon: (i) the Debtors, Katerra Inc., 2494 Sand Hill Road, Building 7, Suite 100, Menlo Park, California, 94025, Attn: Marc Liebman; (ii) proposed co-counsel to the Debtors, (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C., and Christine A. Okike P.C., and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Dan Latona, and (b) Jackson Walker LLP, 1401 McKinney Street, Suite 1900, Houston, Texas 77010, Attn: Matthew D. Cavenaugh, Jennifer F. Wertz, and J. Machir Stull (iii) counsel to any statutory committee appointed in these cases; (iv) the U.S. Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, Texas 77002; and (v) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"), a declaration of such status, substantially in the form attached to the Procedures as **Exhibit 1A** (each, a "Declaration of Status as a Substantial Shareholder"), on or before the later of (A) twenty calendar days after the date of the Notice of Interim Order, or (B) ten calendar days after becoming a Substantial Shareholder; *provided*, *however*, that direct holders of Common Stock and Preferred Stock shall not be required to file the Declaration of Status as a Substantial Shareholder; *provided, further,* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any Substantial Shareholder even if no Declaration of Status as a Substantial Shareholder has been filed.

b.  Prior to effectuating any transfer of Beneficial Ownership of Common Stock or Preferred Stock that would result in an increase in the amount of Common Stock or Preferred Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual becoming a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Common Stock or Preferred Stock, as applicable, substantially in the form attached to the Procedures as **Exhibit 1B** (each, a "Declaration of Intent to Accumulate Common Stock or Preferred Stock").

c.  Prior to effectuating any transfer of Beneficial Ownership of Common Stock or Preferred Stock that would result in a decrease in the amount of Common Stock or Preferred Stock of which a Substantial Shareholder has

---

[1]  Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

Beneficial Ownership or would result in an entity or individual ceasing to be a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Common Stock or Preferred Stock, as applicable, substantially in the form attached to the Procedures as **Exhibit 1C** (each, a "Declaration of Intent to Transfer Common Stock or Preferred Stock," and together with a Declaration of Intent to Accumulate Common Stock or Preferred Stock, each, a "Declaration of Proposed Transfer").

d.   The Debtors shall have twenty calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Common Stock or Preferred Stock, as applicable, described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors file an objection, such transaction will remain ineffective unless such objection is withdrawn by the Debtors, or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors do not object within such twenty-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer.  Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional twenty-day waiting period for each Declaration of Proposed Transfer.  To the extent that the Debtors receive an appropriate Declaration of Proposed Transfer and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to any statutory committee(s) appointed in these chapter 11 cases.

e.   For purposes of these Procedures (including, for the avoidance of doubt, with respect to both transfers and declarations of worthlessness):  (i) a "Substantial Shareholder" is any entity or individual person that has Beneficial Ownership of at least:  (A) 675 shares of Common Stock (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock); or (B) 4.5 percent of any individual class (or series) of Preferred Stock, and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of section 382 of the IRC, and the Treasury Regulations promulgated thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities

2

that such holder has an Option (as defined herein) to acquire). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

The following procedures apply for declarations of worthlessness of Common Stock or Preferred Stock:

a. Any person or entity that currently is or becomes a 50-Percent Shareholder[2] must file with the Court and serve upon the Notice Parties a declaration of such status, substantially in the form attached to the Procedures as **Exhibit 1D** (each, a "Declaration of Status as a 50-Percent Shareholder"), on or before the later of (i) twenty calendar days after the date of the Notice of Interim Order and (ii) ten calendar days after becoming a 50-Percent Shareholder; *provided*, *however*, that holders of Common Stock and Preferred Stock shall not be required to file the Declaration of Status as a 50-Percent Shareholder; *provided, further,* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50-Percent Shareholder even if no Declaration of Status as a 50-Percent Shareholder has been filed.

b. Prior to filing any federal or state tax return, or any amendment to such a return, or taking any other action that claims any deduction for worthlessness of Beneficial Ownership of Common Stock or Preferred Stock for a taxable year ending before the Debtors' emergence from chapter 11 protection, such 50-Percent Shareholder must file with the Court and serve upon the Notice Parties a declaration of intent to claim a worthless stock deduction (a "Declaration of Intent to Claim a Worthless Stock Deduction"), substantially in the form attached to the Procedures as **Exhibit 1E**.

   i. The Debtors shall have twenty calendar days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50-Percent Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

   ii. If the Debtors timely object, the filing of the tax return or amendment thereto with such claim will not be permitted unless

---

[2]  For purposes of the Procedures, a "50-Percent Shareholder" is any person or entity that at any time since December 31, 2017, has owned Beneficial Ownership of 50 percent or more of the Common Stock, the previously-existing Series E Preferred Stock, the previously-existing Series F2A Preferred Stock, or the Series A Preferred Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

approved by a final and non-appealable order of the Court, unless the Debtors withdraw such objection.

iii. If the Debtors do not object within such twenty-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Stock Deduction. Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein, with an additional twenty-day waiting period. To the extent that the Debtors receive an appropriate Declaration of Intent to Claim a Worthless Stock Deduction and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to any statutory committee(s) appointed in these chapter 11 cases.

## **NOTICE PROCEDURES**

The following notice procedures apply to these Procedures:

a. No later than two business days following entry of the Interim Order, the Debtors shall serve a notice by first class mail, substantially in the form attached to the Procedures as **Exhibit 1F** (the "Notice of Interim Order"), on: (i) the U.S. Trustee for the Southern District of Texas; (ii) the entities listed on the consolidated list of creditors holding the 40 largest unsecured claims; (iii) the U.S. Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) any official committees appointed in these chapter 11 cases; (vi) all registered and nominee holders of Common Stock (with instructions to serve down to the beneficial holders of Common Stock, as applicable); and (vii) all registered and nominee holders of Preferred Stock (with instructions to serve down to the beneficial holders of Preferred Stock, as applicable). Additionally, no later than two business days following entry of the Final Order, the Debtors shall serve a Notice of Interim Order modified to reflect that the Final Order has been entered (as modified, the "Notice of Final Order") on the same entities that received the Notice of Interim Order.

b. All registered and nominee holders of Common Stock and Preferred Stock shall be required to serve the Notice of Interim Order or Notice of Final Order, as applicable, on any holder for whose benefit such registered or nominee holder holds such Common Stock or Preferred Stock, down the chain of ownership for all such holders of Common Stock or Preferred Stock.

c. Any entity or individual, or broker or agent acting on such entity's or individual's behalf who sells Common Stock or Preferred Stock to another entity or individual, shall be required to serve a copy of the Notice of Interim Order or Notice of Final Order, as applicable, on such purchaser of such

Common Stock or Preferred Stock, or any broker or agent acting on such purchaser's behalf.

d.  As soon as is practicable following entry of the Interim Order, the Debtors shall (i) submit a copy of the Notice of Interim Order (modified for publication) for publication in *The New York Times* (national edition); and (ii) submit a copy of the Notice of Interim Order (modified for publication) to Bloomberg Professional Service for potential publication by Bloomberg.

e.  To the extent confidential information is required in any declaration described in the Procedures, such confidential information may be filed and served in redacted form; *provided*, *however*, that any such declarations served on the Debtors ***shall not*** be in redacted form.  The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except:  (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; *provided*, *however*, that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order.  To the extent confidential information is necessary to respond to a petitioner objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.

## __EXHIBIT 1A__

**Declaration of Status as a Substantial Shareholder**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| KATERRA INC., *et al.*,[1] | ) Case No. 21-31861 (DRJ) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

## DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is/has become a Substantial Shareholder with respect to the existing classes of common stock (any such record or Beneficial Ownership of common stock, "Common Stock") or of any existing class or series of preferred stock ("Preferred Stock"), or of any Beneficial Ownership therein. Katerra Inc. is a debtor and debtor in possession in Case No. 21-31861 (DRJ) pending in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.primeclerk.com/katerra. The location of Debtor Katerra Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 9305 East Via de Ventura, Scottsdale, Arizona 85258.

[2]   For purposes of these Procedures: (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least: (i) 658 shares of Common Stock (representing approximately 4.5 percent of issued and outstanding shares of Common Stock) or (ii) 4.5 percent of any individual class (or series) of Preferred Stock; (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, as of _____ \_\_, 2021, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock, and _____ shares of Preferred Stock.  The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock and/or Preferred Stock:

| Number of Shares | Type of Stock (Common/ Preferred) | Date Acquired |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock* [Docket No. \_\_\_] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, at the election of the Substantial Shareholder, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the Substantial Shareholder's taxpayer

identification number and the amount of Common Stock or Preferred Stock that the Substantial Shareholder beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By:

_____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile: _____

Dated: _____ __, 20__
_____, _____

      (City)         (State)

## **EXHIBIT 1B**

**Declaration of Intent to Accumulate Common Stock or Preferred Stock**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| KATERRA INC., *et al.*,[1] | ) | Case No. 21-31861 (DRJ) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**DECLARATION OF INTENT TO**
**ACCUMULATE COMMON STOCK OR PREFERRED STOCK[2]**

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to purchase, acquire, or otherwise accumulate (the "Proposed Transfer") one or more shares of the existing classes of common stock (any such record or Beneficial Ownership of common stock, "Common Stock") or of any existing class or series of preferred stock ("Preferred Stock"), of Katerra Inc. (Cayman), or of any Beneficial Ownership therein. Katerra Inc. (Cayman) is a debtor and debtor in possession in Case No. 21-31861 (DRJ) pending in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.primeclerk.com/katerra. The location of Debtor Katerra Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 9305 East Via de Ventura, Scottsdale, Arizona 85258.

[2] For purposes of these Procedures: (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least: (i) 658 shares of Common Stock (representing approximately 4.5 percent of the issued and outstanding shares of Common Stock), or (ii) 4.5 percent of any individual class (or series) of Preferred Stock; (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, 2021, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock; and _____ shares of Preferred Stock or an Option with respect to _____ shares of Preferred Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock* [Docket No. ____] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice

Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock or Preferred Stock that the undersigned party beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have twenty calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn by the Debtors or such transaction is approved by a final and non-appealable order of the Court. If the Debtors do not object within such twenty-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of Common Stock or Preferred Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:
_____

Name:  _____
Address:  _____
_____
Telephone:  _____
Facsimile:  _____

Dated: _____ __, 20__
_____, _____

     (City)        (State)

## EXHIBIT 1C

**Declaration of Intent to Transfer Common Stock or Preferred Stock**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| KATERRA INC., *et al.*,[1] | ) Case No. 21-31861 (DRJ) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

**DECLARATION OF INTENT TO TRANSFER**
**COMMON STOCK OR PREFERRED STOCK[2]**

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to sell, trade, or otherwise transfer (the "Proposed Transfer") one or more shares of the existing classes of common stock (any such record or Beneficial Ownership of common stock, "Common Stock") or of any existing class or series of preferred stock ("Preferred Stock"), of Katerra Inc. (Cayman), or of any Beneficial Ownership therein. Katerra Inc. (Cayman) is a debtor and debtor in possession in Case No. 21-31861 (DRJ) pending in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.primeclerk.com/katerra. The location of Debtor Katerra Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 9305 East Via de Ventura, Scottsdale, Arizona 85258.

[2]   For purposes of these Procedures: (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least: (i) 658 shares of Common Stock (representing approximately 4.5 percent of the issued and outstanding shares of Common Stock), or (ii) 4.5 percent of any individual class (or series) of Preferred Stock; (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, 2021, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock; and_____ shares of Preferred Stock or an Option with respect to _____ shares of Preferred Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of_____ shares of Common Stock and _____ shares of Preferred Stock after such transfer becomes effective.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock* [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice

Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock or Preferred Stock that the undersigned party beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have twenty calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn by the Debtors or such transaction is approved by a final and non-appealable order of the Court. If the Debtors do not object within such twenty-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of additional shares of Common Stock or Preferred Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____
Name:  _____
Address:  _____
_____
Telephone:  _____
Facsimile:  _____

Dated: _____ __, 20__
_____, _____

     (City)         (State)

## **EXHIBIT 1D**

**Declaration of Status as a 50-Percent Shareholder**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| KATERRA INC., *et al.*,[1] | ) | Case No. 21-31861 (DRJ) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

### DECLARATION OF STATUS AS A 50-PERCENT SHAREHOLDER

**PLEASE TAKE NOTICE** that the undersigned party is/has become a 50-Percent Shareholder[2] with respect to one or more shares of the existing classes common stock (any such record or Beneficial Ownership of common stock, "Common Stock") or of any existing class or series of preferred stock ("Preferred Stock"), of Katerra Inc. (Cayman), or of any Beneficial Ownership therein.  Katerra Inc. (Cayman) is a debtor and debtor in possession in Case No. 21-31861 (DRJ) pending in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.primeclerk.com/katerra.  The location of Debtor Katerra Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 9305 East Via de Ventura, Scottsdale, Arizona 85258.

[2]   For purposes of this Declaration:  (i) a "50-Percent Shareholder" is any person or entity that at any time since December 31, 2017, has owned Beneficial Ownership of 50 percent or more of the Common Stock, the previously-existing Series E Preferred Stock, the previously-existing Series F2A Preferred Stock, or the Series A Preferred Stock (determined in accordance with section $382(g)(4)(D)$ of the IRC and the applicable Treasury Regulations thereunder); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, as of _____ __, 2021, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.  The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock and/or Preferred Stock:

| Number of Shares | Type of Stock (Common/ Preferred) | Date Acquired |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock* [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of 50-Percent Shareholder)

By:

_____

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

Dated: _____ __, 20__

_____, _____

      (City)         (State)

# **EXHIBIT 1E**

**Declaration of Intent to Claim a Worthless Stock Deduction**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| KATERRA INC., *et al.*,[1] | ) |
| | ) Case No. 21-31861 (DRJ) |
| Debtors. | ) |
| | ) (Joint Administration Requested) |
| | ) |

## DECLARATION OF INTENT TO CLAIM A WORTHLESS[2] STOCK DEDUCTION

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to claim a worthless stock deduction (the "Worthless Stock Deduction") with respect to one or more shares of the existing classes of common stock (any such record or Beneficial Ownership of common stock, "Common Stock") or of any existing class or series of preferred stock ("Preferred Stock"), of Katerra Inc. (Cayman), or of any Beneficial Ownership therein. Katerra Inc. (Cayman) is a debtor and debtor in possession in Case No. 21-31861 (DRJ) pending in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.primeclerk.com/katerra.  The location of Debtor Katerra Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 9305 East Via de Ventura, Scottsdale, Arizona 85258.

[2]   For purposes of this Declaration:  (i) a "50-Percent Shareholder" is any person or entity that at any time since December 31, 2017, has had Beneficial Ownership of 50 percent or more of the Common Stock or the Preferred Stock (determined in accordance with IRC § 382(g)(4)(D) and the applicable Treasury Regulations); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ \_\_, 2021, the undersigned party filed a Declaration of Status as a 50-Percent Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Worthless Stock Deduction, the undersigned party proposes to declare that _____ shares of Common Stock and _____ shares of Preferred Stock became worthless during the tax year ending _____.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock* [Docket No. \_\_\_] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock or Preferred Stock that the undersigned party beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that the Debtors have twenty calendar days after receipt of this Declaration to object to the Worthless Stock Deduction described herein.  If the Debtors file an objection, such

Worthless Stock Deduction will not be effective unless such objection is withdrawn by the Debtors or such action is approved by a final and non-appealable order of the Court. If the Debtors do not object within such twenty-day period, then after expiration of such period the Worthless Stock Deduction may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further claims of worthlessness contemplated by the undersigned party will each require an additional notice filed with the Court to be served in the same manner as this Declaration and are subject to an additional twenty-day waiting period.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____
Name:  _____
Address:  _____
_____
Telephone:  _____
Facsimile:  _____

Dated: _____ __, 20__
_____, _____
      (City)       (State)

## **EXHIBIT 1F**

**Notice of Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| KATERRA INC., *et al.*,[1] | ) Case No. 21-31861 (DRJ) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

**NOTICE OF INTERIM ORDER (I) APPROVING NOTIFICATION AND HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTH WORTHLESSNESS WITH RESPECT TO COMMON STOCK, AND (II) SCHEDULING A FINAL HEARING ON THE APPLICATION THEREOF**

**TO:  ALL ENTITIES (AS DEFINED BY SECTION 101(15) OF THE BANKRUPTCY CODE) THAT MAY HOLD BENEFICIAL OWNERSHIP OF THE EXISTING CLASSES OF COMMON STOCK (THE "COMMON STOCK") OR ANY EXISTING CLASS (OR SERIES) OF PREFERRED STOCK (THE "PREFERRED STOCK"), OF KATERRA INC. (CAYMAN):**

**PLEASE TAKE NOTICE** that on   June 6, 2021 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors"), filed petitions with the United States Bankruptcy Court for the Southern District of Texas (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of or from the Debtors' estates or to exercise control over property of or from the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE** that on the Petition Date, the Debtors filed the *Debtors' Emergency Motion for Entry of Interim and Final Orders Approving Notification and*

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.primeclerk.com/katerra.  The location of Debtor Katerra Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 9305 East Via de Ventura, Scottsdale, Arizona 85258.

*Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock* [Docket No. __] (the "Motion").

    **PLEASE TAKE FURTHER NOTICE** that on [_____], 2021, the Court entered the *Interim Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock* [Docket No. __] (the "Interim Order") approving procedures for certain transfers of and declarations of worthlessness with respect to Common Stock and Preferred Stock, set forth in **Exhibit 1** attached to the Interim Order (the "Procedures").[2]

    **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, a Substantial Shareholder may not consummate any purchase, sale, or other transfer of Common Stock or Preferred Stock or Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures, and any such transaction in violation of the Procedures shall be null and void *ab initio*.

    **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, the Procedures shall apply to the holding and transfers of Common Stock or Preferred Stock or any Beneficial Ownership therein by a Substantial Shareholder or someone who may become a Substantial Shareholder.

    **PLEASE TAKE FURTHER NOTICE** that pursuant to the Interim Order, a 50-Percent Shareholder may not claim a worthless stock deduction with respect to Common Stock or Preferred Stock, or Beneficial Ownership of Common Stock or Preferred Stock, in violation of the Procedures, and any such deduction in violation of the Procedures shall be null and void *ab initio*,

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings given to them in the Interim Order or the Motion, as applicable.

and the 50-Percent Shareholder shall be required to file an amended tax return revoking such proposed deduction.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Interim Order, as soon as is practicable following entry of the Interim Order, the Debtors shall (i) submit a copy of the Notice of Interim Order (modified for publication) for publication in *The New York Times* (national edition); and (ii) submit a copy of the Notice of Interim Order (modified for publication) to Bloomberg Professional Service for potential publication by Bloomberg.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Interim Order, upon the request of any entity, the proposed notice, claims, and solicitation agent for the Debtors, Prime Clerk LLC, will provide a copy of the Interim Order and a form of each of the declarations required to be filed by the Procedures in a reasonable period of time.  Such declarations are also available via PACER on the Court's website at https://ecf.txsb.uscourts.gov for a fee, or free of charge by accessing the Debtors' restructuring website at https://cases.primeclerk.com/Katerra.

PLEASE TAKE FURTHER NOTICE that the final hearing (the "Final Hearing") on the Motion shall be held on _____, 2021, at__:___.m., prevailing Central Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Central Time, on _____, 2021, and shall be served on:  (a) the Debtors 9305 East Via de Ventura, Scottsdale, Arizona 85258, Attn:  Marc Liebman; (b) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:  Joshua A. Sussberg, P.C. and Christine A. Okike; (c) proposed co-counsel to the Debtors, Jackson Walker LLP, 1401 McKinney Street, Suite 1900, Houston, Texas 77010, Attn: Matthew D. Cavenaugh Jennifer F. Wertz, and J. Machir Stull; (d) the United States Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston Texas 77002, Attn: Hector Duran and Jana

Whitworth; (e) counsel to any statutory committee appointed in these chapter 11 cases; (f) Weil, Gotshal & Manges LLP as counsel to the DIP Lender; and (g) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 20002.  In the event no objections to entry of the Final Order on the Motion are timely received, the Court may enter such Final Order without need for the Final Hearing.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, failure to follow the procedures set forth in the Interim Order shall constitute a violation of, among other things, the automatic stay provisions of section 362 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that nothing in the Interim Order shall preclude any person desirous of acquiring any Common Stock or Preferred Stock from requesting relief from the Interim Order from this Court, subject to the Debtors' rights to oppose such relief.

**PLEASE TAKE FURTHER NOTICE** that other than to the extent that the Interim Order expressly conditions or restricts trading in Common Stock or Preferred Stock, nothing in the Interim Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of Common Stock or Preferred Stock, including in connection with the treatment of any such stock under any chapter 11 plan or any applicable bankruptcy court order.

**PLEASE TAKE FURTHER NOTICE** that any prohibited purchase, sale, other transfer of, or declaration of worthlessness with respect to Common Stock or Preferred Stock, beneficial ownership thereof, or option with respect thereto in violation of the Interim Order is prohibited and shall be null and void *ab initio* and may be subject to additional sanctions as this court may determine**.**

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in the Interim Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

Houston, Texas
June 7, 2021

/s/  *Matthew D. Cavenaugh*

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
J. Machir Stull (TX Bar No. 24070697)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:   (713) 752-4200
Facsimile:   (713) 752-4221
Email:      mcavenaugh@jw.com
            jwertz@jw.com
            mstull@jw.com

*Proposed Co-Counsel to the Debtors
and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          joshua.sussberg@kirkland.com
                christine.okike@kirkland.com

*Proposed Co-Counsel to the Debtors
and Debtors in Possession*