# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| KATERRA INC., *et al.*,[1] | ) Case No. 21-31861 (DRJ) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |

### DEBTORS' FIFTH OMNIBUS MOTION FOR ENTRY
### OF AN ORDER AUTHORIZING (I) THE REJECTION
### OF CERTAIN UNEXPIRED LEASES AND (II) THE REJECTION
### OF CERTAIN EXECUTORY CONTRACTS, EACH EFFECTIVE AS
### OF THE PETITION DATE, AND (III) GRANTING RELATED RELIEF

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the application should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the application and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
>
> **Represented parties should act through their attorney.**

> **COUNTERPARTIES RECEIVING THIS OMNIBUS REJECTION MOTION SHOULD LOCATE THEIR NAMES AND CONTRACTS OR LEASES, AS APPLICABLE, IN THE SCHEDULES OF CONTRACTS AND LEASES ATTACHED HERETO AS SCHEDULE 1 AND SCHEDULE 2**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion (this "Motion"):

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.primeclerk.com/katerra. The location of Debtor Katerra Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 9305 East Via de Ventura, Scottsdale, Arizona 85258.

**Relief Requested**

1.	The Debtors seek entry of an order, substantially in the form attached hereto (the "Order"):  (a) authorizing the Debtors to (i) reject certain unexpired leases, including any guaranties thereof and any amendments, modifications, or subleases thereto (each, a "Lease," and collectively, the "Leases") identified on Schedule 1 to the Order; and (ii) reject certain executory contracts (collectively, the "Contracts") identified on Schedule 2 to the Order, each effective as of the Petition Date; and (b) granting related relief.

**Jurisdiction and Venue**

2.	The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

3.	Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.	The bases for the relief requested herein are sections 105(a), 365(a), and 554(a) of the Bankruptcy Code, Bankruptcy Rules 6004, 6006, and 6007, and rule 9013-1(b) of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

**Background**

5.	 Katerra Inc., together with its Debtor and non-Debtor subsidiaries ("Katerra"), is a technology-driven construction company that develops, manufactures, and markets products and services in the commercial and residential construction spaces.  Katerra delivers a comprehensive suite of products and services for its clients through a distinct model that combines end-to-end integration with significant investment in technological and design innovation.  Katerra offers services to its clients through three distinct offerings:  (a) end-to-end new build; (b) construction

services; and (c) renovations. Katerra has approximately 6,400 employees who are primarily located in nine countries. In the year ending 2020, Katerra's operations generated revenue of approximately $1.75 billion.

6. On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description surrounding the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Marc Liebman in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration")[2] and in the *Declaration of Matthew R. Niemann in Support of (A) DIP Financing and (B) All First Day Relief* filed contemporaneously with this Motion and incorporated by reference herein. As described in more detail in the First Day Declaration, the Debtors commenced these chapter 11 cases in the face of a liquidity crisis and with the goal of facilitating a marketing and sale process for their assets to maximize value and creditor recoveries.

7. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this Motion, the Debtors have requested procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

## Contracts and Leases to Be Rejected

8. In the lead up to these chapter 11 cases, the Debtors, with the assistance of their advisors, undertook a comprehensive review of their executory contracts and unexpired leases to

---

[2] Capitalized terms used but not otherwise defined in this Motion shall have the meanings given to them in this Motion or the First Day Declaration, as applicable.

3

determine which contracts and leases should be rejected on the Petition Date to limit administrative costs and preserve value in light of the circumstances of these chapter 11 cases.

9. The Debtors have determined in their business judgment that the administrative costs that would be incurred under the Contracts and Leases constitute an unnecessary drain on the Debtors' already limited resources and the rejection of such Contracts and Leases would be in the best interests of the Debtors and their estates. In considering their options prior to the Petition Date, the Debtors, with the assistance of their advisors, evaluated the necessity and cost efficiency of the Contracts and Leases. The Debtors determined that the transactional costs and postpetition carrying costs associated with marketing the Contracts and Leases exceed any potential benefit that may be realized from potential assignments or subleases. Accordingly, in an effort to reduce postpetition administrative costs and in the exercise of the Debtors' business judgment, the Debtors believe that the rejection of the Contracts and Leases, as set forth on Schedule 1 and Schedule 2 to the Order, as applicable, effective as of the Petition Date, is in the best interests of the Debtors, their estates, and all parties in interest.[3]

## Basis for Relief

**I.    The Rejection of the Contracts and Leases Effective as of the Petition Date Is Appropriate and Provides the Debtors with Significant Cost Savings.**

10. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v.*

---

[3] The Debtors filed the *Debtors' Emergency Motion For Entry of an Order Authorizing and Approving Procedures to Reject, Assume, or Assign Executory Contracts and Unexpired Leases* contemporaneously herewith. If granted, such motion would not apply to the Contracts and Leases being rejected under this Motion.

*Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Murexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)); *see also In re Orion Pictures Corp.*, 4 F.3d 1095, 1098 (2d Cir. 1993) (noting that the purpose of rejection of executory contracts is to permit the debtor-in-possession to renounce title to and abandon burdensome property).

11. A debtor's rejection of an executory contract or unexpired lease is ordinarily governed by the "business judgment" standard. *See Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) ("It is well established that 'the question whether a lease should be rejected . . . is one of business judgment.'") (quoting *Grp. of Institutional Inv'rs v. Chi., M., St. P. & P. R. Co.*, 318 U.S. 523, 550 (1943)); *see also In re Tex. Sheet Metals, Inc.*, 90 B.R. 260, 264 (Bankr. S.D. Tex. 1988) ("The traditional business judgment standard governs the rejection of ordinary executory contracts."). The business judgment standard requires a court to approve a debtor's business decision unless that decision is the product of "bad faith, whim, or caprice." *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) (quoting *In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. 845, 849–50 (Bankr. W.D. Pa. 1987)).

12. Rejection of an executory contract or unexpired lease is appropriate where such rejection would benefit the estate. *See In re Pisces Energy, LLC*, No. 09-36591-H5-11, 2009 WL 7227880, at *6 (Bankr. S.D. Tex. Dec. 21, 2009) ("Courts apply the 'business judgment test,' which requires a showing that the proposed course of action will be advantageous to the estate and the decision be based on sound business judgment."); *see also Orion Pictures*, 4 F.3d at 1098–99 (stating that section 365 of the Bankruptcy Code permits a debtor in possession, subject to court approval, to decide which executory contracts would be beneficial to reject). Upon finding that a debtor exercised its sound business judgment in determining that rejection of certain contracts or leases is in the best interests of its creditors and all parties in interest, a court should approve the

rejection under section 365(a) of the Bankruptcy Code. *See In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course ").

13. The Debtors, in the exercise of their sound business judgment, have determined that the Contracts and Leases are neither compatible with the Debtors' ongoing business needs nor a source of potential value for the Debtors' estates. Absent rejection, the Contracts and Leases impose ongoing obligations on the Debtors and their estates that constitute an unnecessary drain on the Debtors' resources. Further, the Debtors have determined that certain of the Contracts and Leases do not have any realizable value given the Debtors' plan to market and sell their remaining assets, following which the Debtors will cease operations. Rejecting the Contracts and Leases will help increase the Debtors' liquidity and otherwise facilitate efficient administration of the Debtors' estates. Accordingly, to avoid incurring additional unnecessary expenses associated with the Contracts and Leases, the Debtors seek to reject the Contracts and Leases effective as of the Petition Date.

## II. This Court Should Deem the Contracts and Leases Rejected effective as of the Petition Date.

14. Section 365 of the Bankruptcy Code does not restrict a bankruptcy court from applying rejection retroactively. *See, e.g.*, *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (finding that "nothing precludes a bankruptcy court, based on the equities of the case, from approving" retroactive rejection); *Pac. Shores Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1065–71 (9th Cir. 2004) (affirming bankruptcy court's approval of retroactive rejection), *cert. denied*, 546 U.S. 814 (2005).

15. The balance of the equities favors the relief requested herein. The Debtors, with the assistance of their advisors, have decided to reject the Contracts and Leases after thorough review, analyzing their costs and benefits, and determining that the Contracts and Leases are no longer beneficial to their estates. The Debtors have sought the relief requested herein following their determination that the rejection of the Contracts and Leases was in the best interests of their estates and, in fact, have done so at the earliest possibility opportunity—at the outset of these chapter 11 cases. Without a retroactive date of rejection, the Debtors could be forced to incur unnecessary administrative expenses and contractual obligations in connection with the Contracts and Leases that provide no real benefit to the Debtors' estates. *See* 11 U.S.C. § 365(d)(3).

16. Moreover, the Contract and Lease counterparties will not be unduly prejudiced if the rejection is deemed effective as of the Petition Date. The Debtors will promptly serve notice of this Motion on each of the Contract and Lease counterparties, each of whom will have a sufficient opportunity to respond. Furthermore, service of this Motion is an unequivocal expression of the Debtors' intention to reject the Contracts and Leases, and the Debtors hereby certify that they will not withdraw this Motion as to any of the Contracts or Leases without the consent of the applicable counterparty. The Debtors have sought the relief requested at the earliest possible moment in these chapter 11 cases and do not seek to reject the Contracts or Leases effective as of the Petition Date due to any undue delay on their own part. Based on this factual record, no party can assert that the Debtors seek to write any "revisionist history." *See Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 140 S. Ct. 696, 701 (2020) ("Federal courts may issue *nunc pro tunc* orders, or 'now for then' orders [] to reflect the reality of what has already occurred [but not as a] vehicle for . . . creating 'facts' that never occurred . . .") (internal citations omitted).

17. Accordingly, the Debtors respectfully request that the Court deem the Contracts and Leases identified on <u>Schedule 1</u> and <u>Schedule 2</u> to the Order, as applicable, are rejected effective as of the Petition Date.

**Reservation of Rights**

18. Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

**Notice**

19. The Debtors will provide notice of this Motion to the following parties or their counsel: (a) the United States Trustee for the Southern District of Texas; (b) the holders of the 40 largest unsecured claims against the Debtors (on a consolidated basis); (c) the lender under the Debtors' debtor-in-possession facility and counsel thereto; (d) the Office of the United States Attorney for the Southern District of Texas; (e) the state attorneys general for states in which the Debtors conduct business; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; (h) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (i) Contract and Lease counterparties; (j) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (k) any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d). In light of the nature of the relief requested, no further notice is required.

The Debtors request that the Court enter an Order, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Houston, Texas
June 7, 2021

/s/ *Matthew D. Cavenaugh*

| | |
|---|---|
| **JACKSON WALKER LLP** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Jennifer F. Wertz (TX Bar No. 24072822) | Joshua A. Sussberg, P.C. (*pro hac vice* pending) |
| J. Machir Stull (TX Bar No. 24070697) | Christine A. Okike, P.C. (*pro hac vice* pending) |
| 1401 McKinney Street, Suite 1900 | 601 Lexington Avenue |
| Houston, Texas 77010 | New York, New York 10022 |
| Telephone: (713) 752-4200 | Telephone: (212) 446-4800 |
| Facsimile: (713) 752-4221 | Facsimile: (212) 446-4900 |
| Email: mcavenaugh@jw.com | Email: joshua.sussberg@kirkland.com |
| jwertz@jw.com | christine.okike@kirkland.com |
| mstull@jw.com | |

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**Certificate of Service**

    I certify that on June 7, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                    /s/ *Matthew D. Cavenaugh*
                                                    Matthew D. Cavenaugh