**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| KATERRA, INC., *et al.*[1] | Case No. 21-31861 (DRJ) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION TO DEBTORS' EMERGENCY MOTION FOR ENTRY**
**OF AN ORDER APPROVING CONTINUATION OF THE SURETY BOND PROGRAM**

Creditors Zurich American Insurance Company ("Zurich Surety"), Fidelity and Deposit Company of Maryland ("F&D Surety"), and Colonial American Casualty and Surety Company ("CACS Surety"), hereinafter ("Sureties"), by their undersigned attorneys, file this *Objection* (the "Objection") to the *Debtors' Emergency Motion for Entry of an Order Approving Continuation of the Surety Bond Program* [D.I. 20] (the "Motion"), and state as follows:

1. The Sureties do not object to the relief sought by the Debtors in the Motion. The Motion and attendant proposed order (the "Proposed Order"), however, mischaracterize the surety bond program between the Sureties and the Debtors. The Motion and Proposed Order also do not address the fact that the Sureties issued, among other types of bonds, performance bonds (the "Performance Bonds") and payment bonds (the "Payment Bonds") on behalf of the Debtors for various construction projects.

2. Specifically, the Motion and Proposed Order incorrectly describe the Sureties' obligations under the Performance Bonds and the Payment Bonds as flowing only to the Debtors,

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.primeclerk.com/katerra. The location of Debtor Katerra, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 2700 Post Oak Boulevard, Suite 2450, Houston, Texas 77056.

as the principals under the bonds.  This is incorrect.  The Sureties also owe obligations to third-party obligees under the Performance Bonds and Payment Bonds, not just the bond principals alone.  The Sureties may also have obligations to subcontractors and materialmen that make a claim under a Payment Bond.

3.      The Sureties, therefore, object to the Motion and the Proposed Order to the extent that they abridge the Sureties' rights under the Performance Bonds, the Payment Bonds, any other bonds issued by the Sureties, and the indemnity agreements between the Sureties and the Debtors, including but not limited to the Sureties' rights to investigate bonded projects, investigate and examine the accounts, books, and records for a project, and investigate bond claims.

### RELIEF REQUESTED AND PROPOSED LANGUAGE FOR ORDER

4.      The Sureties' Objection to the Motion would be resolved by including the following language in any interim order granting the Motion:

> The surety bond program (the "Zurich Surety Bond Program") established with Zurich American Insurance Company and Fidelity and Deposit Company of Maryland and their subsidiaries, affiliates, and associated companies (collectively, "Zurich") includes performance bonds and payments bonds naming one or more of the Debtors as principals, and various third-parties as obligees (the "Obligees"), including but not limited to the bonds listed on Exhibit 1 to this Order (the "Zurich Bonds").  Zurich has obligations to both the Obligees and the principals named on the Zurich Bonds. Therefore, for avoidance of doubt and regardless of whether or not a claim has been made under a Zurich Bond or a project has been terminated, nothing in this Order shall limit or abridge the rights of the parties under the Zurich Bonds or the rights of the parties to any general indemnity agreement, including, but not limited to, Zurich's right to investigate projects, examine and evaluate books, records, and accounts of the projects bonded by Zurich, and investigate and evaluate formal and informal claims under the performance bonds and payment bonds.

## <u>RESERVATION OF RIGHTS</u>

5.      The Sureties reserve expressly reserve and do not waive any and all rights to supplement this Objection and to present further grounds for their Objection to the Motion.

Dated: June 7, 2021                    **WATT, TIEDER, HOFFAR & FITZGERALD, LLP**

                                                    */s/  Jennifer L. Kneeland*
                                                    Jennifer L. Kneeland (Admitted Pro Hac Vice)
                                                    Marguerite Lee DeVoll (Admitted Pro Hac Vice)
                                                    1765 Greensboro Station Place, Suite 1000
                                                    McLean, Virginia 22102
                                                    Telephone: (703) 749-1026
                                                    Facsimile: (703) 893-8029
                                                    Email: jkneeland@watttieder.com
                                                                 Mdevoll@watttieder.com

                                                    *Counsel to Fidelity and Deposit Company of Maryland Zurich American Insurance Company, Fidelity and Deposit Company of Maryland, and Colonial American Casualty and Surety Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 7th day of June 2021, I caused a true and correct copy of the foregoing document to be filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF.


_/s/ Jennifer L. Kneeland_
Jennifer L. Kneeland