# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

ENTERED
06/08/2021

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| KATERRA INC., *et al.*,[1] | ) Case No. 21-31861 (DRJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 23** |

## INTERIM ORDER AUTHORIZING AND APPROVING PROCEDURES TO REJECT, ASSUME, OR ASSUME AND ASSIGN EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order") authorizing and approving the Contract Procedures for rejecting, assuming, or assuming and assigning executory contracts and unexpired leases, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.primeclerk.com/katerra.  The location of Debtor Katerra Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 9305 East Via de Ventura, Scottsdale, Arizona 85258.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  The final hearing (the "Final Hearing") on the Motion shall be held on July 12, 2021, at 2:00 p.m., prevailing Central Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Central Time, on July 7, 2021. In the event no objections to entry of the final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

2.  The following Rejection Procedures are approved in connection with rejecting Contracts:

    a.  ***Rejection Notice***.  The Debtors shall file a notice substantially in the form annexed as Annex 1 to the Order (the "Rejection Notice") to reject a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things:  (i) the Contract or Contracts to be rejected; (ii) the Debtor or Debtors party to such Contract; (iii) the names and addresses of the counterparties to such Contracts (each a "Rejection Counterparty"); (iv) the proposed effective date of rejection for such Contracts, which, for non-residential real property leases, shall be the later of (A) the proposed effective date of the rejection for such Contract, or (B) if applicable, the date upon which the Debtors in writing (email sufficient) surrender the premises to the landlord and return the keys, key codes, or security codes, as applicable (the "Rejection Date"); (v) if any such Contract is a lease, the personal property to be abandoned (the "Abandoned Property"), if any, and an estimate of the book value of such property, if practicable; and (vi) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).  The Rejection Notice may list multiple Contracts, *provided* that the number of counterparties to Contracts listed on each Rejection Notice shall be limited to no more than 100.

    b.  ***Service of the Rejection Notice***.  The Debtors will cause the Rejection Notice to be served by:  (i) overnight delivery service upon the Rejection Counterparties affected by the Rejection Notice at the notice

address provided in the applicable Contract (and upon such Rejection Counterparty's counsel, if known); and (ii) first class mail, email, or fax, upon (A) the United States Trustee for the Southern District of Texas; (B) counsel to the DIP Lender; (C) the holders of the 40 largest unsecured claims against the Debtors (on a consolidated basis); (D) the United States Attorney's Office for the Southern District of Texas; (E) the Internal Revenue Service; (F) the state attorneys general for all states in which the Debtors conduct business; and (G) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Master Notice Parties").

c.   ***Objection Procedures***.  Parties objecting to a proposed rejection must file and serve a written objection[3] so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and is ***actually received*** by the following parties (collectively, the "Objection Service Parties") no later than twenty-one (21) days after the date the Debtors file and serve the relevant Rejection Notice (the "Rejection Objection Deadline"):  (i) the Debtors, 9305 E. Via Ventura, Scottsdale, Arizona 85258, Attn: Marc Liebman; (ii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. and Christine A. Okike, P.C., and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Dan Latona; (iii) proposed co-counsel to the Debtors, Jackson Walker LLP, Attn: Matthew D. Cavenaugh, Jennifer F. Wertz, and J. Machir Stull; (iv) the United States Trustee, 515 Rusk, Suite 3516, Houston, Texas 77002; (v) counsel to the DIP Lender, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Gary Holtzer, Jessica Liou, David J. Cohen, and Scott Bowling, and 700 Louisiana Street, Houston, Texas 77002-275, Attn: Alfredo Pérez.

d.   ***No Objection Timely Filed***.  If no objection to the rejection of any Contract is timely filed, each Contract listed in the applicable Rejection Notice shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date on which the Debtors and the applicable Rejection Counterparty agree; *provided* that the Rejection Date for a rejection of a lease of non-residential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (A) turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available but the landlord may rekey the leased premises; *provided* that the Rejection Date for a lease of

---

3   An objection to the rejection of a particular Contract listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract listed on such Rejection Notice.

3

non-residential real property rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

e. ***Unresolved Timely Objection***.  If an objection to a Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall  request the Court schedule a hearing on such objection and shall provide at least ten (10) days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Service Parties.  If such objection is overruled or withdrawn, such Contract shall be rejected as of the applicable Rejection Date set forth in the applicable Rejection Notice or such other date to which the Debtors and the applicable Rejection Counterparty have agreed or that is ordered by the Court.  In the case of a rejection of a lease of non-residential real property, such rejection shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice, (ii) the date the Debtors relinquished control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (A) turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises, and (iii) such other date to which the Debtors and the applicable Rejection Counterparty have agreed or that is ordered by the Court; *provided* that the Rejection Date for a lease of non-residential real property rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

f. ***Deposits***.  If the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not set off or recoup or otherwise use such deposit without the prior approval of the Court, unless the Debtors and the applicable Rejection Counterparty otherwise agree.

g. ***Modifications to Rejection Notice***.  The Debtors reserve the right to remove any Contract from a Rejection Notice at any time prior to the Rejection Date.

h. ***Abandoned Property***.  The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that pertain to a rejected Contract.  The Debtors shall generally describe the property in the Rejection Notice and their intent to abandon such property.  Absent a timely objection, any and all property located on the Debtors' leased premises on the Rejection Date of the applicable lease of non-residential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. Landlords may, in their sole discretion and without further notice or order

4

of the Court, utilize and/or dispose of such Abandoned Property without liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.[4]   The rights of the counterparty to each Contract to assert claims for the disposition of the Abandoned Property are reserved, as are all parties' rights to object to such claims.

i.     ***Proofs of Claim***.   Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (ii) thirty (30) days after the later of (A) the Rejection Objection Deadline, if no objection is filed, and (B) the date that all such filed objections have either been overruled or withdrawn.   If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

3.     Approval of the Rejection Procedures and this Interim Order will not prevent the Debtors from seeking to reject a Contract by separate motion or pursuant to a chapter 11 plan.

4.     The following Assumption Procedures are approved in connection with assuming and assuming and assigning Contracts:

a.     ***Assumption Notice***.   The Debtors shall file a notice, substantially in the form annexed as <u>Annex 2</u> to the Order (the "<u>Assumption Notice</u>"), indicating the Debtors' intent to assume or assume and assign a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which shall set forth, among other things:  (i) the Contract or Contracts to be assumed or assumed and assigned; (ii) the Debtor or Debtors party to such Contract; (iii) the names and addresses of the counterparties to such Contracts (each an "<u>Assumption Counterparty</u>"); (iv) the identity of the proposed assignee of such Contracts (the "<u>Assignee</u>"), if applicable; (v) the proposed effective date of the assumption for each such Contract (the "<u>Assumption Date</u>"); (vi) the proposed cure amount, if any, for each such Contract; (vii) a description of any material amendments to the Contract made outside of the ordinary course of business; and (viii) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below). The Assumption Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on each Assumption Notice shall be limited to no more than 100.

---

[4]   If the Rejection Date specified on the Rejection Notice predated the removal of any property not otherwise generally described in the abandonment schedule to the Rejection Notice, the Rejection Date will not become effective until the date such property is removed from the premises.

a.   ***Service of the Assumption Notice and Evidence of Adequate Assurance***.
The Debtors will cause the Assumption Notice to be served by (i) overnight
delivery upon the Assumption Counterparties affected by the Assumption
Notice and each Assignee, if applicable, at the address set forth in the notice
provision of the applicable Contract (and upon the Assumption
Counterparties' counsel, if known) and (ii) first class mail, email, or fax
upon the Objection Service Parties.  To the extent the Debtors seek to
assume and assign a lease of non-residential real property, the Debtors will
cause evidence of adequate assurance of future performance to be served
with the Assumption Notice by overnight delivery upon the Assumption
Counterparties affected by the Assumption Notice at the address set forth in
the notice provision of the applicable Contract (and upon the Assumption
Counterparties' counsel, if known, by electronic mail).[5]

b.   ***Objection Procedures***.  Parties objecting to a proposed assumption or
assumption and assignment (including as to the cure amount), as applicable,
of a Contract must file and serve a written objection[6] so that such objection
is filed with the Court no later than twenty-one (21) days after the date the
Debtors file and serve the relevant Assumption Notice and promptly serve
such objection on the Objection Service Parties.

c.   ***No Objection***.  If no objection to the assumption or assumption and
assignment of any Contract is timely filed, each Contract shall be assumed
or assumed and assigned as of the Assumption Date set forth in the
applicable Assumption Notice or such other date as the Debtors and the
applicable Assumption Counterparties agree, and the proposed cure amount
shall be binding on all counterparties to such Contract, and no amount in
excess thereof shall be paid for cure purposes; *provided* that the Assumption
Date for a lease of non-residential real property shall not occur earlier than
the date the Debtors filed and served the applicable Assumption Notice.

d.   ***Unresolved Timely Objection***.  If an objection to an Assumption Notice is
timely filed and properly served as specified above and not withdrawn or
resolved, the Debtors shall request the Court schedule a hearing on such
objection and shall provide at least ten (10) days' notice of such hearing to
the applicable Assumption Counterparty and the other Objection Service
Parties.  If such objection is overruled or withdrawn, such Contract shall be
assumed or assumed and assigned as of the Assumption Date set forth in

---

[5]   The Debtors shall serve (by electronic mail, if requested) a counterparty to a Contract other than a lease of
non-residential real property to be assumed or assumed and assigned under the Contract Procedures with evidence
of adequate assurance as soon as reasonably practicable upon such counterparty's written request to the Debtors'
proposed counsel.

[6]   An objection to the assumption or assumption and assignment of any particular Contract listed on an Assumption
Notice shall not constitute an objection to the assumption and/or assignment of any other Contract listed on such
Assumption Notice.

the Assumption Notice or such other date to which the Debtors and the counterparty to such Contract have agreed, or as ordered by the Court.

e.  ***Modifications of Assumption Notice***.  The Debtors reserve the right to remove any Contract from an Assumption Notice at any time prior to the Assumption Date (including, without limitation, upon the failure of any proposed assumption and assignment to close).

5.      With regard to Contracts to be assigned, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of any Contract shall:  (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds of such assignment in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guaranties of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims, and encumbrances (A) that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s), or (B) in respect of any taxes; and (b) constitute a legal, valid, and effective transfer of such Contracts and vest the applicable Assignee with all rights, titles, and interests to the applicable Contracts).  For the avoidance of doubt, all provisions of the applicable assigned Contract, including any provision limiting assignment, shall be binding on the applicable Assignee.

6.      Subject to and conditioned upon the occurrence of a closing with respect to the assumption and assignment of any Contract, and subject to the other provisions of this Interim Order (including the aforementioned Assumption Procedures), the Debtors are hereby authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (a) assume and assign to any Assignees the applicable Contracts, with any applicable Assignee being responsible only for the

7

post-closing liabilities under the applicable Contracts except as otherwise provided for in this Interim Order and (b) execute and deliver to any applicable Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer such Contract.  For the avoidance of doubt, the occurrence of a closing with respect to the assumption and assignment of any Contract shall mean the date on which such assumption and assignment is effective.

7.      The Debtors' right to assert that any provisions in the Contract that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of the Contract to an Assignee are unenforceable anti-assignment or *ipso facto* clauses is fully reserved.

8.      The Assignee shall have no liability or obligation with respect to defaults relating to the assigned Contracts arising, accruing, or relating to a period prior to the applicable closing date.

9.      The Debtors are hereby authorized, pursuant to section 363(b) of the Bankruptcy Code, to enter into the consensual amendments as set forth in an Assumption Notice.

10.     Approval of the Contract Procedures and this Interim Order will not prevent the Debtors from seeking to reject, assume, or assume and assign a Contract by separate motion.

11.     The 14-day stay required of any assignment of any Contract pursuant to Bankruptcy Rule 6006(d) is hereby waived.

12.     Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed:  (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion

or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

13.     All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction.  In addition, nothing in this Interim Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is terminated and is no longer an executory contract or unexpired lease.

14.     This Interim Order and any order entered pursuant hereto approving the assumption, rejection, or assumption and assignment of an executory contract or unexpired lease permits the use of cash or other assets only to the extent authorized under this Court's applicable orders authorizing debtor-in-possession financing, including the Budget (as defined therein) (the "DIP Orders").  In the event of any inconsistency between this Interim Order (or any order entered pursuant hereto approving the assumption, rejection, or assumption and assignment of an executory contract or unexpired lease) and the DIP Orders, the DIP Orders shall control.

15.     Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

16.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

17.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion, the Rejection Notice, and the Assumption Notice, as applicable.

18.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.[**]

**Signed:  June 08, 2021.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

[**]  Nothing herein prevents a counter-party from filing its own motion seeking to compel assumption or rejection under 11 U.S.C. § 365.

## <u>Annex 1</u>

**Proposed Rejection Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| KATERRA INC., *et al.*,[1] | ) |
| | ) Case No. 21-31861 (DRJ) |
| Debtors. | ) |
| | ) (Joint Administration Requested) |
| | ) |
| | ) **Re: Docket No. __** |

**[NUMBER] NOTICE OF REJECTION OF [A] CERTAIN**
**EXECUTORY CONTRACT[S] [AND/OR UNEXPIRED LEASES]**

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON SCHEDULE 2 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

    **PLEASE TAKE NOTICE** that on [_____], 2021, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order on the motion (the "Motion")[2] of debtors and debtors in possession (the "Debtors") (i) authorizing and approving procedures to reject, assume, or assume and assign executory contracts and unexpired leases and (ii) granting related relief [Docket No. _____] (the "Procedures Order"), attached hereto as **Schedule 1**.

    **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Rejection Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 2** attached hereto is

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.primeclerk.com/katerra.  The location of Debtor Katerra Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 9305 East Via de Ventura, Scottsdale, Arizona 85258.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

hereby rejected effective as of the date (the "Rejection Date") set forth in **Schedule 2**, or such other date to which the Debtors and the counterparty or counterparties to any such Contract agree.

> **PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed rejection of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and is ***actually received*** by the following parties no later than 14 days after the date that the Debtors served this Notice:  (i) the Debtors, 9305 E. Via Ventura, Scottsdale, Arizona 85258, Attn: Marc Liebman; (ii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. and Christine A. Okike, P.C., and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Dan Latona; (iii) proposed co-counsel to the Debtors, Jackson Walker LLP, Attn: Matthew D. Cavenaugh, Jennifer F. Wertz, and J. Machir Stull; (iv) the United States Trustee, 515 Rusk, Suite 3516, Houston, Texas 77002; (v) counsel to the DIP Lender, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Gary Holtzer, Jessica Liou, David J. Cohen, and Scott Bowling, and 700 Louisiana Street, Houston, Texas 77002-275, Attn: Alfredo Pérez.

> **PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the rejection of each Contract shall become effective on the applicable Rejection Date set forth in **Schedule 2** or such other date to which the Debtors and the counterparty or counterparties to such Contract agree.[3]

---

[3]   An objection to the rejection of any particular Contract listed in this Rejection Notice shall not constitute an objection to the rejection of any other contract or lease listed in this Rejection Notice.  Any objection to the rejection of any particular Contract listed in this Rejection must state with specificity the Contract to which it is directed.  For each particular Contract whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Order.

**PLEASE TAKE FURTHER NOTICE** that, if an objection to the rejection of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates.  If such objection is overruled or withdrawn, such Contract or Contracts shall be rejected as of the applicable Rejection Date set forth in **Schedule 2** or such other date to which the Debtors and the counterparty or counterparties to any such Contract agree.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if the Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, the Contract counterparty may not set off or recoup or otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Contracts otherwise agree.

**PLEASE TAKE FURTHER NOTICE** that, absent timely objection, any personal property of the Debtors that is listed and described in **Schedule 2** shall be deemed abandoned as of the Rejection Date.

**PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to assert a claim with respect to rejection of your Contract or Contracts, you must do so by the later of (a) the claims bar date established in these chapter 11 cases, if any, and (b) thirty (30) days after the later of (A) the Rejection Objection Deadline, if no objection is filed and (B) the date that all such filed objections have either been overruled or withdrawn.  IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN OF REORGANIZATION FILED IN THESE CASES ON ACCOUNT

OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS'

CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

Houston, Texas
[●], 2021

/s/ *Draft*

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
J. Machir Stull (TX Bar No. 24070697)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:    (713) 752-4200
Facsimile:    (713) 752-4221
Email:        mcavenaugh@jw.com
              jwertz@jw.com
              mstull@jw.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        joshua.sussberg@kirkland.com
              christine.okike@kirkland.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

## Schedule 1

**Procedures Order**

## Schedule 2

**Rejected Contracts**

## <u>Annex 2</u>

**Proposed Assumption Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| KATERRA INC., *et al.*,[1] | ) Case No. 21-31861 (DRJ) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

**[NUMBER] NOTICE OF ASSUMPTION**
**OR ASSUMPTION AND ASSIGNMENT OF [A]**
**CERTAIN EXECUTORY CONTRACT[S] [AND/OR UNEXPIRED LEASES]**

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON <u>SCHEDULE 2</u> ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

**PLEASE TAKE NOTICE** that on [＿＿＿＿＿＿], 2021, the United States Bankruptcy Court for the Southern District of Texas (the "<u>Bankruptcy Court</u>") entered an order on the motion (the "<u>Motion</u>")[2] of debtors and debtors in possession (the "<u>Debtors</u>") (i) authorizing and approving procedures to reject, assume, or assume and assign executory contracts and unexpired leases and (ii) granting related relief [Docket No. ＿＿＿] (the "<u>Procedures Order</u>"), attached hereto as **Schedule 1**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "<u>Assumption Notice</u>"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 2** attached hereto is hereby assumed or assumed and assigned, as applicable, effective as of the date

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.primeclerk.com/katerra.  The location of Debtor Katerra Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 9305 East Via de Ventura, Scottsdale, Arizona 85258.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(the "<u>Assumption Date</u>") set forth in **<u>Schedule 2</u>**, or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.

      **PLEASE TAKE FURTHER NOTICE** that the Debtor or Assignee, as applicable, has the financial wherewithal to meet all future obligations under the Contract, which may be evidenced upon written request by the counterparty to the Contract,[3] thereby demonstrating that the Debtor or Assignee, as applicable, has the ability to comply with the requirements of adequate assurance of future performance.[4]

      **PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed assumption or assumption and assignment of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and is ***actually received*** by the following parties no later than 14 days after the date that the Debtors served this Notice:  (i) the Debtors, 9305 E. Via Ventura, Scottsdale, Arizona 85258, Attn: Marc Liebman; (ii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. and Christine A. Okike, P.C., and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Dan Latona; (iii) proposed co-counsel to the Debtors, Jackson Walker LLP, Attn: Matthew D. Cavenaugh, Jennifer F. Wertz, and J. Machir Stull; (iv) the United States Trustee, 515 Rusk, Suite 3516, Houston, Texas 77002; (v) counsel to the DIP Lender, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Gary Holtzer, Jessica Liou, David J. Cohen, and Scott Bowling, and 700 Louisiana Street, Houston, Texas 77002-275, Attn: Alfredo Pérez.

---

[3]  To the extent the Debtors seek to assume and assign a lease of non-residential real property, the Debtors will cause evidence of adequate assurance of future performance to be served with the Assumption Notice by overnight delivery upon the Assumption Counterparties affected by the Assumption Notice.

[4]  The Debtors shall serve the counterparty to the Contract with evidence of adequate assurance upon such counterparty's written request to Debtors' counsel.

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the assumption or assumption and assignment of each Contract shall become effective on the applicable Assumption Date set forth in **Schedule 2** or such other date to which the Debtors and the counterparty or counterparties to such Contract agree.[5]

**PLEASE TAKE FURTHER NOTICE** that, the proposed cure amount under the Contract is set forth in **Schedule 2**.  If a written objection to the proposed cure amount is not timely filed, then the cure amount shall be binding on all parties and no amount in excess thereof shall be paid for cure purposes.

**PLEASE TAKE FURTHER NOTICE** that if an objection to the assumption or assumption and assignment of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates.  If such objection is overruled or withdrawn, such Contract or Contracts shall be assumed or assumed and assigned as of the Assumption Date set forth in **Schedule 2** or such other date as the Debtors and the counterparty or counterparties to such Contract agree.

---

[5]   An objection to the assumption and/or assignment of any particular Contract or cure amount listed in this Assumption Notice shall not constitute an objection to the assumption and/or assignment of any other contract or lease listed in this Assumption Notice.  Any objection to the assumption and/or assignment of any particular Contract or cure amount listed in this Assumption Notice must state with specificity the Contract to which it is directed.  For each particular Contract whose assumption and/or assignment is not timely or properly objected to, such assumption and/or assignment will be effective in accordance with this Assumption Notice and the Procedures Order.

Houston, Texas
[●], 2021

/s/ [●]

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
J. Machir Stull (TX Bar No. 24070697)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:   (713) 752-4200
Facsimile:   (713) 752-4221
Email:        mcavenaugh@jw.com
              jwertz@jw.com
              mstull@jw.com

*Proposed Co-Counsel to the Debtors
and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Christine A. Okike, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:        joshua.sussberg@kirkland.com
              christine.okike@kirkland.com

*Proposed Co-Counsel to the Debtors
and Debtors in Possession*

## Schedule 1

**Procedures Order**

## Schedule 2

**Assumed Contracts**