

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
06/09/2021

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| KATERRA INC., *et al.*,[1] | ) Case No. 21-31861 (DRJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. __18** |

**INTERIM ORDER (I) AUTHORIZING**
**THE DEBTORS TO (A) CONTINUE TO OPERATE**
**THEIR CASH MANAGEMENT SYSTEM AND MAINTAIN**
**EXISTING BANK ACCOUNTS, (B) MAINTAIN EXISTING BUSINESS**
**FORMS AND BOOKS AND RECORDS, AND (C) CONTINUE TO PERFORM**
**INTERCOMPANY TRANSACTIONS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for the entry of an interim order (this "Interim Order") authorizing

the Debtors to (a) continue to operate their cash management system and maintain their existing

bank accounts, including honoring certain prepetition obligations related thereto and (b) continue

intercompany transactions and funding consistent with historical practice, as modified herein, all

as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having

jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is

a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a

final order consistent with Article III of the United States Constitution; and this Court having found

that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.primeclerk.com/katerra. The location of Debtor Katerra Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 9305 East Via de Ventura, Scottsdale, Arizona 85258.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1408 and 1409; and this Court having found that the relief requested in the Motion is in the best

interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having

found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were

appropriate under the circumstances and no other notice need be provided; and this Court having

reviewed the Motion and having heard the statements in support of the relief requested therein at

a hearing before this Court (the "Hearing"); and this Court having determined that the legal and

factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted

herein; and upon all of the proceedings had before this Court; and after due deliberation and

sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The final hearing (the "Final Hearing") on the Motion shall be held on July 12,

2021, at 2:00 p.m., prevailing Central Time.  Any objections or responses to entry of a final order

on the Motion shall be filed on or before 4:00 p.m., prevailing Central Time, on July 7, 2021.  In

the event no objections to entry of the final order on the Motion are timely received, this Court

may enter such final order without need for the Final Hearing.

2.      Subject to the limitations of this Interim Order, the Debtors are authorized, but not

directed, to:  (a) continue using the Cash Management System in the ordinary course of business

and honor any prepetition obligations related to the use thereof; (b) designate, maintain, close, and

continue to use on an interim basis any or all of their existing Bank Accounts, including, but not

limited to, the Bank Accounts identified on Exhibit B attached to the Motion, in the names and

with the account numbers existing immediately before the Petition Date; (c) deposit funds in and

withdraw funds from the Bank Accounts by all usual means, including checks, electronic fund

transfers, ACH transfers, and other debits or electronic means; (d) treat their prepetition Bank

Accounts for all purposes as debtor in possession accounts; and (e) open new debtor-in-possession

Bank Accounts; *provided* that in the case of each of (a) through (e), such action is taken in the ordinary course of business and consistent with prepetition practices; *provided, further*, that, up and until the obligations under the DIP Facility[3] are indefeasibly paid in full, the Debtors may open or close a Bank Account during these chapter 11 cases only with the prior written consent of SB Investment Advisors (UK) Limited (the "DIP Lender"), which consent shall not be unreasonably withheld, conditioned, or delayed.

3.     The Debtors are authorized to continue using, in their present form, the Business Forms, as well as checks and other documents related to the Bank Accounts existing immediately before the Petition Date, and maintain and continue using, in their present form, the Books and Records; *provided* that once the Debtors have exhausted their existing stock of Business Forms, they shall ensure that any new Business Forms are clearly labeled "Debtor in Possession" as soon as it is reasonably practicable to do so.  To the extent the Debtors print any new checks or use any electronic Business Forms, they will include the designation "Debtor in Possession" and the corresponding bankruptcy number on all such checks within ten (10) days.

4.     If any Bank Accounts existing as of the Petition Date are not in compliance with section 345(b) of the Bankruptcy Code or any of the U.S. Trustee's requirements or guidelines, the Debtors shall have forty-five (45) days from the Petition Date, without prejudice to seeking an additional extension, to come into compliance with section 345(b) of the Bankruptcy Code and any of the U.S. Trustee's requirements or guidelines; *provided* that nothing herein shall prevent the Debtors or the U.S. Trustee from seeking further relief from the Court to the extent that an

---

[3]    "DIP Facility" means the proposed postpetition financing under the *Debtors' Emergency Motion for Entry of Interim and Final Orders (A) Authorizing the Debtors to Obtain Postpetition Financing, (B) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (C) Modifying the Automatic Stay, (D) Scheduling a Final Hearing, and (E) Granting Related Relief.*

agreement cannot be reached; *provided, further*, that, up and until the obligations under the DIP Facility are indefeasibly paid in full, the Debtors may make changes to the existing Cash Management System under this paragraph only with the prior written consent of the DIP Lender, which consent shall not be unreasonably withheld, conditioned, or delayed.  The Debtors may obtain a further extension of the period referenced above by entering into a written stipulation with the U.S. Trustee and filing such stipulation on the Court's docket without the need for further Court order.

5.      The relief granted in this Interim Order is extended to any new bank account opened by the Debtors subject to the terms of this Interim Order, in the ordinary course of business after the date hereof, which account shall be deemed a "Bank Account," and to the bank at which such account is opened, which bank shall be deemed a "Cash Management Bank."

6.      The Debtors are authorized to open new bank accounts so long as (a) any such new account is with one of the Debtors' existing Cash Management Banks or with a bank that is (i) insured with the FDIC or the Federal Savings and Loan Insurance Corporation, (ii) designated as an authorized depository by the U.S. Trustee, and (iii) with a bank that agrees to be bound by the terms of this Interim Order, (b) the Debtors provide notice to the U.S. Trustee and any statutory committee appointed in these chapter 11 cases; *provided* that all such accounts opened by any of the Debtors on or after the Petition Date at any bank shall, for purposes of this Interim Order, be deemed a Bank Account as if it had been listed on Exhibit B attached to the Motion; *provided, further*, that, up and until the obligations under the DIP Facility are indefeasibly paid in full, the Debtors may open new bank accounts under this paragraph only with the prior written consent of the DIP Lender, which consent shall not be unreasonably withheld, conditioned, or delayed.

7.      Nothing contained herein shall prevent the Debtors from closing, with the prior written consent of the DIP Lender, which consent shall not be unreasonably withheld, conditioned, or delayed, up and until the obligations under the DIP Facility are indefeasibly paid in full, any Bank Accounts as they may deem necessary and appropriate, to the extent consistent with any orders of this Court relating thereto, any relevant bank is authorized to honor the Debtors' requests to close such Bank Accounts, and the Debtors shall provide reasonable prior written notice of the closure of any account to the U.S. Trustee and any statutory committee appointed in these chapter 11 cases.

8.      Those certain prepetition deposit, cash management, and treasury services agreements, if any, existing between the Debtors and the Cash Management Banks shall continue to govern the postpetition cash management relationship between the Debtors and the Cash Management Banks and, subject to applicable bankruptcy or other law, all of the provisions of such agreements, including the termination, fee provisions, rights, benefits, offset rights, and remedies afforded under such agreements shall remain in full force and effect absent further order of the Court or, with respect to any such agreement with any Cash Management Bank (including, for the avoidance of doubt, any rights of a Cash Management Bank to use funds from the Bank Accounts to remedy any overdraft of another Bank Account to the extent permitted under the applicable deposit agreement), unless the Debtors and such Cash Management Bank agree otherwise in the ordinary course of business consistent with prepetition practices (provided that any such changes are in accordance with the terms of this Interim Order, and are made, up and until the obligations under the DIP Facility are indefeasibly paid in full, with the prior written consent of the DIP Lender, which consent shall not be unreasonably withheld, conditioned, or

delayed), and any other legal rights and remedies afforded to the Cash Management Banks under applicable law shall be preserved, subject to applicable bankruptcy law.

9.      Except as otherwise expressly provided in this Interim Order and only to the extent sufficient funds are available in each applicable Bank Account, all Cash Management Banks at which the Bank Accounts are maintained are authorized to continue to administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course of business consistent with prepetition practices, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wire transfers, and ACH and other transfers issued, whether before or after the Petition Date, including any transfers drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be; *provided* that the Debtors will instruct the Cash Management Banks as to which checks, drafts, wire, or other transfers (excluding any wire transfers or ACH transactions that the Cash Management Banks are obligated to settle), or other items presented, issued, or drawn, shall not be honored.  Except for those checks, drafts, wires, or other ACH transfers that are authorized or required to be honored under an order of the Court, no Debtor shall instruct or request any Cash Management Bank to pay or honor any check, draft, or other payment item issued on a Bank Account prior to the Petition Date but presented to such Cash Management Bank for payment after the Petition Date.  All such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

10.      The Cash Management Banks are authorized to debit the Debtors' accounts in the ordinary course of business without the need for further order of this Court for:  (a) all checks drawn on the Debtors' accounts that are cashed at such Cash Management Bank's counters or

exchanged for cashier's checks by the payees thereof prior to the Petition Date; (b) all checks or other items deposited in one of the Debtors' accounts with such Cash Management Bank prior to the Petition Date that have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the Petition Date; and (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Cash Management Bank as service charges for the maintenance of the Cash Management System.

11.     Subject to the terms set forth herein, any bank, including the Cash Management Banks, may rely upon the representations of the Debtors with respect to whether any check, draft, wire payment or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to any order of this Court, and no bank that honors any such prepetition payment drawn on any account that is the subject of this Interim Order (a) at the direction of the Debtors, (b) in a good-faith belief that this Court has authorized such prepetition check or item to be honored, or (c) as a result of a mistake made despite implementation of reasonable customary handling procedures, shall be deemed to be nor shall be liable to the Debtors, their estates, or any other party on account of such prepetition check or other item being honored postpetition, or otherwise deemed to be in violation of this Interim Order.

12.     All banks maintaining any of the Bank Accounts that are provided with notice of this Interim Order shall not honor or pay any bank payments drawn on the Bank Accounts or otherwise issued before the Petition Date for which the Debtors specifically issue stop payment orders in accordance with the documents governing such Bank Accounts.  The Cash Management Banks may rely, without a duty of inquiry, upon the failure of the Debtors to issue a stop payment

order with respect to any item, whether such item is issued prepetition or postpetition, as a direction by the Debtors that such item be paid.

13.     Subject to compliance with the DIP Order, the Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts that are authorized to be paid under an order of the Court.

14.     Any banks, including the Cash Management Banks, are further authorized to honor the Debtors' directions with respect to the opening and closing of any Bank Account and accept and hold, or invest, the Debtors' funds in accordance with the Debtors' instructions; *provided* that the Cash Management Banks shall not have any liability to any party for relying on such representations to the extent such reliance otherwise complies with applicable law.

15.     Except as otherwise provided in this Interim Order, the Cash Management Banks are authorized to charge, and the Debtors are authorized, but not directed, to pay, honor, or allow prepetition and postpetition Bank Fees, whether such items were deposited prepetition or postpetition, to the Bank Accounts in the ordinary course of business consistent with prepetition practices.  Any such postpetition Bank Fees that are not so paid shall be entitled to priority as administrative expenses pursuant to section 503(b)(1) of the Bankruptcy Code.

16.     The Debtors are authorized, but not directed, to continue the Fuel Cards in the ordinary course of business consistent with prepetition practices and pay any postpetition amounts due on account of the Fuel Cards.

17.     The Debtors are authorized, but not directed, to honor prepetition and postpetition Subcontractor Payments in the ordinary course of business consistent with historical practice.

18. The Debtors are authorized, but not directed, to continue operating the Joint Checking Agreements in the ordinary course of business consistent with historical practice.

19. The Debtors are authorized, but not directed, to continue Intercompany Transactions, pay Intercompany Claims, and to take any actions related thereto so long as such Intercompany Transactions, the payment of such Intercompany Claims and such other related actions are on the same terms as, and materially consistent with, the Debtors' operation of the business in the ordinary course during the prepetition period.  The Debtors shall maintain accurate, current, and detailed records of all transfers, including Intercompany Transactions and the payment of Intercompany Claims, so that all transactions may be readily ascertained, traced, recorded properly on applicable intercompany accounts, and distinguished between prepetition and postpetition transactions.  The Debtors shall make such records available upon request by the U.S. Trustee, the DIP Lender, or any statutory committee appointed in these chapter 11 cases.

20. The Debtors shall provide reasonable notice to the U.S. Trustee, counsel to the DIP Lender, and any statutory committee appointed in the chapter 11 cases of material changes to the Cash Management System and procedures.

21. Pursuant to section 503(b)(1) of the Bankruptcy Code, all postpetition payments on account of an Intercompany Transaction made by a Debtor to another Debtor, shall, in each case, be accorded administrative expense status subject and junior to the carve out and the claims in connection with the debtor-in-possession financing facility and in accordance with the DIP Orders (as defined below).

22. Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due prior to the date of the Final Hearing.

23.     This Interim Order permits the use of cash only to the extent authorized under this Court's applicable orders authorizing debtor-in-possession financing, including the Budget (as defined therein) (the "DIP Orders").  In the event of any inconsistency between this Interim Order and the DIP Orders, the DIP Orders shall control.

24.     Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed:  (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

25.     Nothing contained in the Motion or this Interim Order, nor any action taken by the Debtors pursuant to this Interim Order, shall be (a) deemed a waiver of the rights of any Debtor or other party-in-interest to dispute the amount of, basis for, validity, or treatment of any Intercompany Claim or the allocation of expenses or other costs between Debtor entities or (b) construed to (i) create or perfect, in favor of any person or entity, any interest in cash of a

Debtor that did not exist as of the Petition Date or (ii) alter or impair the validity, priority, enforceability, or perfection of any security interest or lien, in favor of any person or entity, that existed as of the Petition Date.

26.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

27.     As soon as practicable after entry of this Interim Order, the Debtors shall serve a copy of this Interim Order on each Cash Management Bank.

28.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

29.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

30.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Signed:  June 08, 2021.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

United States Bankruptcy Court

Southern District of Texas

In re:                                                                                              Case No. 21-31861-drj

Katerra, Inc.                                                                                      Chapter 11

      Debtor

# CERTIFICATE OF NOTICE

| District/off: 0541-4 | User: aalo | Page 1 of 4 |
|---|---|---|
| Date Rcvd: Jun 09, 2021 | Form ID: pdf002 | Total Noticed: 11 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 11, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Katerra, Inc., 9305 East Via de Ventura, Scottsdale, AZ 85258-3597 |
| cr | + | American Guarantee and Liability Insurance Company, c/o Watt, Tieder, Hoffar & Fitzgerald LL, 1765 Greensboro Station Place, Suite 1000, McLean, VA 22102-3468 |
| cr | + | Colonial American Casualty and Surety Company, c/o Watt, Tieder, Hoffar & Fitzgerlad LL, 1765 Greensboro Station Place, Suite 1000, McLean, VA 22102-3468 |
| cr | + | Dallas County, c/o Elizabeth Weller, 2777 N. Stemmons Freeway, Suite 1000, Dallas, TX 75207 UNITED STATES 75207-2328 |
| cr | + | Fidelity and Deposit Company of Maryland, c/o Watt, Tieder, Hoffar & Fitzgerald LL, 1765 Greensboro Station Place, Suite 1000, McLean, VA 22102-3468 |
| cr | | Mark Alan Rogers, Sr, 12504 Ann Lane, Houston, TX 77064 |
| op | + | Prime Clerk LLC, Prime Clerk LLC, One Grand Central Place, 60 E 42nd St, Suite 1440 New York, NY 10165-1446 |
| cr | + | Zurich American Insurance Company, c/o Watt, Tieder, Hoffar & Fiztgerald, 1765 GREENSBORO STATION PLACE, Suite 1000, MCLEAN, VA 22102-3468 |
| cr | + | Zurich Insurance Company Ltd., c/o Watt, Tieder, Hoffar & Fitzgerald LL, 1765 Greensboro Station Place, Suite 1000, McLean, VA 22102-3468 |
| cr | + | Zurich Insurance Group Ltd., c/o Watt, Tieder, Hoffar & Fitzgerald LL, 1765 Greensboro Station Place, Suite 1000, McLean, VA 22102-3468 |

TOTAL: 10

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| cr | + Email/PDF: rmscedi@recoverycorp.com | Jun 09 2021 20:36:22 | PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | 2399 Midway LP |
| cr | | BSREP II Wellmont East Urban Renewal, LLC |
| cr | | BSREP II Wellmont Midtown Garage I, LLC |
| cr | | BSREP II Wellmont West Urban Renewal, LLC |
| cr | | Benjamin Harrison Urban Renewal, LLC |
| cr | | Bolos and Associates, L.L.C. |
| cr | | Harrison Building Four Urban Renewal, LLC |
| cr | | Liberty Mutual Insurance Company |
| intp | | SoftBank |
| cr | | The Kind Project Investors, LP |
| cr | | Wells Fargo Bank, N.A. |

TOTAL: 11 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

District/off: 0541-4                          User: aalo                                Page 2 of 4
Date Rcvd: Jun 09, 2021                       Form ID: pdf002                            Total Noticed: 11

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 11, 2021                            Signature:        /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 9, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Alfredo R Perez | on behalf of Interested Party SoftBank alfredo.perez@weil.com alfredo-perez-1218@ecf.pacerpro.com;brenda.funk@weil.com,erin.choi@weil.com;clifford.carlson@weil.com;justin.pitcher@weil.com;rene.olvera@weil.com;christopher.jalomo@weil.com;erin.choi@weil.com;jake.rutherford@ |
| Cameron A. Secord | on behalf of Debtor Skyview Concrete LLC csecord@jw.com  sdueitt@jw.com;kgradney@jw.com;dtrevino@jw.com |
| Cameron A. Secord | on behalf of Debtor Roots Software  LLC csecord@jw.com, sdueitt@jw.com;kgradney@jw.com;dtrevino@jw.com |
| Cameron A. Secord | on behalf of Debtor Valpico Glenbriar Apartments LLC csecord@jw.com  sdueitt@jw.com;kgradney@jw.com;dtrevino@jw.com |
| Cameron A. Secord | on behalf of Debtor WM Aviation  LLC csecord@jw.com, sdueitt@jw.com;kgradney@jw.com;dtrevino@jw.com |
| Cameron A. Secord | on behalf of Debtor Perimeter Building Services LLC csecord@jw.com  sdueitt@jw.com;kgradney@jw.com;dtrevino@jw.com |
| Cameron A. Secord | on behalf of Debtor UEB Builders  Inc. csecord@jw.com, sdueitt@jw.com;kgradney@jw.com;dtrevino@jw.com |
| Charles Bedford Hampton | on behalf of Creditor Wells Fargo Bank  N.A. champton@mcguirewoods.com |
| Genevieve Marie Graham | on behalf of Debtor Katerra Pearson Ranch Investment LLC ggraham@jw.com  dtrevino@jw.com;kgradney@jw.com |
| Genevieve Marie Graham | on behalf of Debtor Katerra Construction LLC ggraham@jw.com  dtrevino@jw.com;kgradney@jw.com |
| Genevieve Marie Graham | on behalf of Debtor Katerra Architecture LLC ggraham@jw.com  dtrevino@jw.com;kgradney@jw.com |
| Genevieve Marie Graham | on behalf of Debtor Katerra RO2 Knipe Village Investment LLC ggraham@jw.com  dtrevino@jw.com;kgradney@jw.com |
| Genevieve Marie Graham | on behalf of Debtor Katerra Pegasus RiNo Investment LLC ggraham@jw.com  dtrevino@jw.com;kgradney@jw.com |
| Genevieve Marie Graham | on behalf of Debtor Katerra Engineering LLC ggraham@jw.com  dtrevino@jw.com;kgradney@jw.com |
| H Elizabeth Weller | on behalf of Creditor Dallas County dallas.bankruptcy@lgbs.com  dora.casiano-perez@lgbs.com |
| Hector Duran, Jr | on behalf of U.S. Trustee US Trustee Hector.Duran.Jr@usdoj.gov |
| Jana Smith Whitworth | on behalf of U.S. Trustee US Trustee jana.whitworth@usdoj.gov |
| Jennifer F Wertz | on behalf of Debtor Construction Assurance Ltd. jwertz@jw.com  kgradney@jw.com |
| Jennifer F Wertz | on behalf of Debtor Bristlecone 28th Ave  LLC jwertz@jw.com, kgradney@jw.com |

District/off: 0541-4                     User: aalo                          Page 3 of 4
Date Rcvd: Jun 09, 2021                  Form ID: pdf002                     Total Noticed: 11

Jennifer F Wertz
    on behalf of Debtor AlgoSquare Inc. jwertz@jw.com  kgradney@jw.com

Jennifer F Wertz
    on behalf of Debtor Bristlecone Residential  LLC jwertz@jw.com, kgradney@jw.com

Jennifer F Wertz
    on behalf of Debtor Dangoo Electronics (USA) Co. Ltd. jwertz@jw.com  kgradney@jw.com

Jennifer F Wertz
    on behalf of Debtor Katerra  Inc. jwertz@jw.com, kgradney@jw.com

Jennifer F Wertz
    on behalf of Debtor Apollo Technologies  Inc. jwertz@jw.com, kgradney@jw.com

Jennifer L. Kneeland
    on behalf of Creditor Zurich Insurance Company Ltd. jkneeland@watttieder.com  shope@watttieder.com

Jennifer L. Kneeland
    on behalf of Creditor Zurich Insurance Group Ltd. jkneeland@watttieder.com  shope@watttieder.com

Jennifer L. Kneeland
    on behalf of Creditor Colonial American Casualty and Surety Company jkneeland@watttieder.com  shope@watttieder.com

Jennifer L. Kneeland
    on behalf of Creditor Fidelity and Deposit Company of Maryland jkneeland@watttieder.com  shope@watttieder.com

Jennifer L. Kneeland
    on behalf of Creditor American Guarantee and Liability Insurance Company jkneeland@watttieder.com  shope@watttieder.com

Jennifer L. Kneeland
    on behalf of Creditor Zurich American Insurance Company jkneeland@watttieder.com  shope@watttieder.com

John Machir Stull
    on behalf of Debtor Edge @ LoHi  LLC mstull@jw.com, lwilliams@jw.com;kgradney@jw.com;dtrevino@jw.com

John Machir Stull
    on behalf of Debtor Katerra Affordable Housing LLC mstull@jw.com  lwilliams@jw.com;kgradney@jw.com;dtrevino@jw.com

John Machir Stull
    on behalf of Debtor Hillsboro 2 Project LLC mstull@jw.com  lwilliams@jw.com;kgradney@jw.com;dtrevino@jw.com

John Machir Stull
    on behalf of Debtor Hillsboro 2 Project MM LLC mstull@jw.com  lwilliams@jw.com;kgradney@jw.com;dtrevino@jw.com

John Machir Stull
    on behalf of Debtor Hillsboro 1 Project LLC mstull@jw.com  lwilliams@jw.com;kgradney@jw.com;dtrevino@jw.com

John Machir Stull
    on behalf of Debtor Hillsboro 1 Project MM LLC mstull@jw.com  lwilliams@jw.com;kgradney@jw.com;dtrevino@jw.com

Lawrence J Hilton
    on behalf of Creditor Bolos and Associates  L.L.C. lhilton@onellp.com

Lawrence J Hilton
    on behalf of Creditor 2399 Midway LP lhilton@onellp.com

Lawrence J Hilton
    on behalf of Creditor Mark Alan Rogers  Sr lhilton@onellp.com

Marguerite Lee DeVoll
    on behalf of Creditor Zurich Insurance Company Ltd. mdevoll@watttieder.com
    zabrams@watttieder.com;darrell.leonard@zurichna.com

Marguerite Lee DeVoll
    on behalf of Creditor Colonial American Casualty and Surety Company mdevoll@watttieder.com
    zabrams@watttieder.com;darrell.leonard@zurichna.com

Marguerite Lee DeVoll
    on behalf of Creditor Zurich American Insurance Company mdevoll@watttieder.com
    zabrams@watttieder.com;darrell.leonard@zurichna.com

Marguerite Lee DeVoll
    on behalf of Creditor Zurich Insurance Group Ltd. mdevoll@watttieder.com
    zabrams@watttieder.com;darrell.leonard@zurichna.com

Marguerite Lee DeVoll
    on behalf of Creditor Fidelity and Deposit Company of Maryland mdevoll@watttieder.com
    zabrams@watttieder.com;darrell.leonard@zurichna.com

Marguerite Lee DeVoll
    on behalf of Creditor American Guarantee and Liability Insurance Company mdevoll@watttieder.com
    zabrams@watttieder.com;darrell.leonard@zurichna.com

District/off: 0541-4     User: aalo     Page 4 of 4
Date Rcvd: Jun 09, 2021     Form ID: pdf002     Total Noticed: 11

Matthew D Cavenaugh
on behalf of Debtor CAPGro Construction Management  LLC mcavenaugh@jw.com, kgradney@jw.com;dtrevino@jw.com

Matthew D Cavenaugh
on behalf of Debtor Katerra  Inc. mcavenaugh@jw.com, kgradney@jw.com;dtrevino@jw.com

Michael Edward Collins
on behalf of Creditor Liberty Mutual Insurance Company mcollins@manierherod.com  rmiller@manierherod.com

Mike F Pipkin
on behalf of Creditor BSREP II Wellmont East Urban Renewal  LLC mpipkin@weinrad.com, scollins@weinrad.com

Mike F Pipkin
on behalf of Creditor BSREP II Wellmont West Urban Renewal  LLC mpipkin@weinrad.com, scollins@weinrad.com

Mike F Pipkin
on behalf of Creditor Benjamin Harrison Urban Renewal  LLC mpipkin@weinrad.com, scollins@weinrad.com

Mike F Pipkin
on behalf of Creditor Harrison Building Four Urban Renewal  LLC mpipkin@weinrad.com, scollins@weinrad.com

Mike F Pipkin
on behalf of Creditor BSREP II Wellmont Midtown Garage I  LLC mpipkin@weinrad.com, scollins@weinrad.com

Paul Pascuzzi
on behalf of Creditor The Kind Project Investors  LP ppascuzzi@ffwplaw.com, docket@ffwplaw.com

US Trustee
USTPRegion07.HU.ECF@USDOJ.GOV

Vienna Flores Anaya
on behalf of Debtor Katerra XSC Houston Investment LLC vanaya@jw.com  kgradney@jw.com

Vienna Flores Anaya
on behalf of Debtor Kirkland 1 Project LLC vanaya@jw.com  kgradney@jw.com

Vienna Flores Anaya
on behalf of Debtor Lord  Aeck & Sargent, Inc. vanaya@jw.com, kgradney@jw.com

Vienna Flores Anaya
on behalf of Debtor Kirkland 2 Project LLC vanaya@jw.com  kgradney@jw.com

Vienna Flores Anaya
on behalf of Debtor Kirkland 2 Project MM LLC vanaya@jw.com  kgradney@jw.com

Vienna Flores Anaya
on behalf of Debtor Kirkland 1 Project MM LLC vanaya@jw.com  kgradney@jw.com

TOTAL: 61