**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| KATERRA INC., *et al.*,[1] | ) ) | Case No. 21-31861 (DRJ) |
| Debtors. | ) ) ) | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN
PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the application should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the application and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the application at the hearing.**
>
> **Represented parties should act through their attorney.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>" or "<u>Katerra</u>") respectfully state the following in support of this motion (this "<u>Motion</u>").

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "<u>Order</u>"), authorizing, but not directing, the Debtors to retain and compensate certain law firms, accountants, tax professionals, and other non-attorney professionals utilized in the ordinary

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.primeclerk/katerra. The location of Debtor Katerra Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 9305 East Via de Ventura, Scottsdale, Arizona 85258.

course of business (each, an "OCP," collectively, the "OCPs"), pursuant to the compensation procedures set forth in the proposed Order (the "Compensation Procedures").

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a), 327, 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 2014, and rule 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## Background

5. Katerra Inc., together with its Debtor and non-Debtor subsidiaries ("Katerra"), is a technology-driven construction company that develops, manufactures, and markets products and services in the commercial and residential construction spaces. Katerra delivers a comprehensive suite of products and services for its clients through a distinct model that combines end-to-end integration with significant investment in technological and design innovation. Katerra offers services to its clients through three distinct offerings: (a) end-to-end new build; (b) construction services; and (c) renovations. Katerra has approximately 6,400 employees who are primarily located in nine countries. In the year ending 2020, Katerra's operations generated revenue of approximately $1.75 billion.

6. On June 6, 2021 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description surrounding the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Marc Liebman in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 37] and in the *Declaration of Matthew R. Niemann in Support of (A) DIP Financing and (B) All First Day Relief* [Docket No. 40] (the "First Day Declarations")[2] filed on the Petition Date and incorporated by reference herein. As described in more detail in the First Day Declarations, the Debtors commenced these chapter 11 cases in the face of a liquidity crisis and with the goal of facilitating a marketing and sale process for their assets to maximize value and creditor recoveries.

7. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

## The Ordinary Course Professionals

8. The Debtors employ over 33 OCPs, consisting of certain law firms, accountants, tax professionals, and other non-attorney professionals used in the ordinary course of their business. The OCPs provide services to the Debtors in a variety of matters unrelated to these chapter 11 cases, including specialized legal advice, litigation services, and business advisory services relating to, among other things, corporate, litigation, financial, tax, and regulatory, matters.

---

[2] Capitalized terms used but not otherwise defined in this Motion shall have the meanings given to them in this Motion or the First Day Declarations, as applicable.

9. The OCPs have a great deal of knowledge, expertise, and familiarity with the Debtors and their operations. Although the Debtors anticipate that the OCPs will want to continue to represent the Debtors on an ongoing basis, some may not do so if the Debtors cannot meet their payment obligations on a regular basis. The Debtors are not requesting authority to pay any prepetition amounts owed to the OCPs. The Debtors submit that the continued employment and compensation of the OCPs is in the best interests of their estates, creditors, and other parties in interest.

10. Nonexclusive lists of the Debtors' current OCPs are attached hereto as **Exhibit A-1** and **Exhibit A-2** (collectively, the "OCP Lists") and are incorporated herein by reference. The Debtors may also seek to employ additional OCPs as necessary in the course of these chapter 11 cases, subject to the procedures set forth herein.

## The Compensation Procedures

11. The Debtors request that the Court approve the Compensation Procedures set forth in the Order. The Compensation Procedures establish a streamlined process for the postpetition retention and compensation of the OCPs. The Compensation Procedures will permit the Debtors to employ the OCPs upon the filing of a declaration of disinterestedness, substantially in the form attached hereto as **Exhibit B** (the "Declaration of Disinterestedness"), and upon the expiration of a reasonable objection period for parties in interest, including the U.S. Trustee for the Southern District of Texas (the "U.S. Trustee"). Among other things, each Declaration of Disinterestedness will state that the respective OCP does not have any material interest adverse to the Debtors or their estates with respect to the matter on which such OCP is proposed to be employed.

12. The Compensation Procedures further provide that the Debtors shall be authorized to pay, without formal application to the Court by any OCP, 100 percent of the fees and reimbursable expenses to each of the OCPs retained pursuant to these procedures (including the

filing of a Declaration of Disinterestedness) upon the OCP's submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses incurred after the Petition Date.  While these chapter 11 cases are pending, the fees of each OCP set forth on Exhibit A-1 to the Order, excluding costs and reimbursable expenses, may not exceed $100,000 per month on average over a rolling three-month period (the "Tier 1 OCP Monthly Cap"), and the fees of each OCP set forth on Exhibit A-2 to the Order, excluding costs and reimbursable expenses, may not exceed $10,000 per month on average over a rolling three-month period (the "Tier 2 OCP Monthly Cap," together with the Tier 1 OCP Monthly Cap, the "OCP Monthly Caps").  In addition, the Debtors seek to reserve the right to retain additional OCPs, as the need arises, by filing a supplement to the OCP Lists that identifies such additional OCPs and serving the same on the Notice Parties (as defined in the Compensation Procedures).

13. To the extent an OCP seeks compensation in excess of the applicable OCP Monthly Cap (the "Excess Fees"), the OCP shall:  (i) file with the Court a Notice of Fees in Excess of the OCP Monthly Cap (the "Notice of Excess Fees") and an invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred; and (ii) serve the Notice of Excess Fees on the Notice Parties.  Parties in interest shall then have 14 days to object to the Notice of Excess Fees.  If no objection is filed within 14 days, the Excess Fees shall be deemed approved, and the OCP may be paid 100 percent of its fees and 100 percent of its expenses without the need to file a fee application.

14. Beginning with the period ending on August 31, 2021, and in three month increments thereafter while these chapter 11 cases are pending (each, a "Quarter"), the Debtors shall file with the Court and serve on the Notice Parties, no later than 30 days after the conclusion

of such Quarter, a statement with respect to each OCP paid during the immediately preceding three-month period. Each OCP's statement shall include the following information: (a) the name of the OCP; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported Quarter; (c) all postpetition payments made to that OCP to date; and (d) a general description of the services rendered by that OCP. The initial OCP statement shall cover the period beginning on the Petition Date and ending August 31, 2021 and shall be filed no later than September 30, 2021.

15. The foregoing Compensation Procedures shall not apply to those professionals for whom the Debtors filed (or will file) separate applications for approval of employment, such as the Debtors' proposed bankruptcy counsel or restructuring advisors.

## Basis for Relief

16. Section 327(a) of the Bankruptcy Code requires court approval for the employment of "professional persons," retained to represent or perform services of the estate. 11 U.S.C. § 327(a). In determining whether an entity is a "professional" within the meaning of section 327, courts generally consider whether such entity is involved in the actual reorganization effort, rather than a debtor's ongoing business operations. *See*, *e.g.*, *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp.* (*In re Johns-Manville Corp.*), 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) ("[T]he phrase 'professional persons,' as used in § 327(a), is a term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate."). The following factors are relevant in making that determination:

>  (a) whether the entity controls, manages, administers, invests, purchases, or sells assets that are significant to the debtor's reorganization;
>
>  (b) whether the entity is involved in negotiating the terms of a plan of reorganization;

(c) whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

(d) whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;

(e) the extent of the entity's involvement in the administration of the debtor's estate; and

(f) whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

*See*, *e.g.*, *In re First Merchs. Acceptance Corp.*, No. 97-1500 (JJF), 1997 WL 873551, at *3 (D. Del. Dec. 15, 1997) (listing factors); *In re Riker Indus., Inc.*, 122 B.R. 964, 973 (Bankr. N.D. Ohio 1990) (not requiring approval under section 327 of the Bankruptcy Code of the fees of a management and consulting firm that performed only "routine administrative functions" and whose "services were not central to [the] bankruptcy case"); *In re Fretheim*, 102 B.R. 298, 299 (Bankr. D. Conn. 1989) (finding that only those professionals involved in the actual reorganization effort or administration of the debtor's estate, rather than the debtor's ongoing business, require approval under section 327 of the Bankruptcy Code).

17.   The foregoing factors must be considered as a whole when determining if an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code. No factor alone is dispositive. *See First Merchs.*, 1997 WL 873551 at *3 ("In applying these factors, the Court stresses that no one factor is dispositive and that the factors should be weighed against each other and considered in total.").

18.   Section 327(e) of the Bankruptcy Code provides that "[t]he trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate,

and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

19. Upon consideration of the above-listed factors, and because the OCPs will not be involved in the administration of these chapter 11 cases, the Debtors do not believe that the OCPs are "professionals" requiring formal retention proceedings under section 327(a) of the Bankruptcy Code. Instead, the OCPs will provide services in connection with the Debtors' ongoing business operations, which services are ordinarily provided by non-bankruptcy professionals. Nevertheless, to provide clarity and an opportunity for oversight, the Debtors seek the relief requested herein to establish definitive mechanisms for retention and payment of the OCPs pursuant to the Compensation Procedures and thereby avoid any subsequent controversy with respect thereto.

20. The Debtors and their estates will be well-served by the continued retention of the OCPs because of their established relationships with the Debtors and understanding of the Debtors and their operations and legal issues. The retention of the OCPs as provided herein is reasonably necessary and the expenses for the OCPs will be closely monitored by the Debtors. Moreover, in light of the large number of OCPs and the significant costs associated with the preparation of retention applications under sections 327, 328, and 330 of the Bankruptcy Code for OCPs who will receive relatively modest fees, it would be impractical and inefficient for the Debtors and their legal advisors to prepare and submit individual applications and proposed retention orders for each OCP. Therefore, it is in the best interests of all creditors and parties in interest to retain and compensate the OCPs in accordance with the Compensation Procedures and, thereby, avoid any disruption in the professional services that are required for the day-to-day operation of the Debtors' business.

21. The Debtors do not believe that any of the OCPs hold interests materially adverse to the Debtors, their creditors, or other parties in interest. In any event, the Compensation Procedures include a requirement that each OCP file a Declaration of Disinterestedness and be subject to a reasonable objection period before an OCP can be compensated.

## Notice

22. The Debtors will provide notice of this Motion to the following parties or their counsel: (a) the United States Trustee for the Southern District of Texas; (b) the holders of the 40 largest unsecured claims against the Debtors (on a consolidated basis); (c) Weil, Gotshal & Manges LLP as counsel to the DIP Lender; (d) the Office of the United States Attorney for the Southern District of Texas; (e) the state attorneys general for states in which the Debtors conduct business; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; (h) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (i) the OCPs; (j) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (k) any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d). In light of the nature of the relief requested, no further notice is required.

The Debtors request that the Court enter an order, granting the relief requested in this Motion and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
June 21, 2021

/s/ *Matthew D. Cavenaugh*

| | |
|---|---|
| **JACKSON WALKER LLP** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Jennifer F. Wertz (TX Bar No. 24072822) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| J. Machir Stull (TX Bar No. 24070697) | Christine A. Okike, P.C. (admitted *pro hac vice*) |
| 1401 McKinney Street, Suite 1900 | 601 Lexington Avenue |
| Houston, Texas 77010 | New York, New York 10022 |
| Telephone: (713) 752-4200 | Telephone: (212) 446-4800 |
| Facsimile: (713) 752-4221 | Facsimile: (212) 446-4900 |
| Email: mcavenaugh@jw.com | Email: joshua.sussberg@kirkland.com |
| jwertz@jw.com | christine.okike@kirkland.com |
| mstull@jw.com | |

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**Certificate of Service**

      I certify that on June 21, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

      */s/ Matthew D. Cavenaugh*
      Matthew D. Cavenaugh