# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| KATERRA INC., *et al.*,[1] | ) ) | Case No. 21-31861 (DRJ) |
| Debtors. | ) ) ) | (Jointly Administered) |
|  | ) | **Re: Docket No. __** |

## ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), authorizing, but not directing, the Debtors to retain and compensate certain professionals utilized in the ordinary course of business (each, an "OCP," collectively, the "OCPs") identified on the lists attached hereto as **Exhibit A-1** and **Exhibit A-2** (as may be amended or supplemented by the Debtors from time to time in accordance with this Order) pursuant to the Compensation Procedures, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.primeclerk/katerra. The location of Debtor Katerra Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 9305 East Via de Ventura, Scottsdale, Arizona 85258.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Debtors are authorized to retain and compensate the OCPs identified on the lists attached hereto as **Exhibit A-1** and **Exhibit A-2** (as may be amended or supplemented by the Debtors from time to time in accordance with this Order, the "OCP Lists"), in the ordinary course of business, in accordance with the following compensation procedures (collectively, the "Compensation Procedures"):

> (a) Each OCP identified on the OCP Lists shall file with the Court a declaration of disinterestedness (each a "Declaration of Disinterestedness"), substantially in the form attached hereto as **Exhibit B**, within 28 days after the later of (i) the date of entry of this Order, (ii) the date on which such OCP commences services for the Debtors, and (iii) the date on which such OCP is added to the OCP Lists. Each OCP shall serve the Declaration of Disinterestedness upon: (a) the Debtors, 9305 East Via de Ventura, Scottsdale, Arizona 85258, Attn: Marc Liebman; (b) proposed co-counsel to the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Joshua A. Sussberg, P.C. and Christine A. Okike, P.C., and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Josh Altman and Dan Latona; (b) co-counsel to the Debtors, Jackson Walker L.L.P., 1401 McKinney Street, Suite 1900, Attn: Matthew D. Cavenaugh, Jennifer F. Wertz, and J. Machir Stull; (c) counsel to the DIP Lender, Weil, Gotshal & Manges LLP, 767 5th Ave, New York, NY 10153, Attn: Gary T. Holtzer, Jessica Liou, Scott R. Bowling, and David J. Cohen; and (d) the Office of the U.S. Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, Texas 77002 (each a "Notice Party," collectively, the "Notice Parties").

(b) The Notice Parties and any other party in interest shall have 14 days after the service of each OCP's Declaration of Disinterestedness to object to the retention of such OCP (the "Objection Deadline"). The objecting party shall serve any such objection upon the Notice Parties and the respective OCP on or before the Objection Deadline. If any such objection cannot be resolved within 14 days of its receipt, the matter shall be scheduled for hearing before this Court at the next regularly scheduled omnibus hearing date that is no less than 14 days from that date or on a date otherwise agreeable to the parties thereto.

(c) If no objection is received by the Objection Deadline with respect to any particular OCP, then retention of the OCP shall be deemed approved by this Court without hearing or further order, and the Debtors shall be authorized to retain and pay each such OCP (to the extent an objection was not filed). The Debtors shall be authorized to retain such OCP as of the date each such OCP commenced providing services to the Debtors and pay such OCP as set forth below.

(d) The Debtors reserve the right to modify the OCP Lists as necessary to add or remove OCPs, from time to time, in their sole discretion. In the event an OCP is added to the OCP Lists, the Debtors will file a notice with this Court listing the additional OCPs that the Debtors intend to employ (each, an "OCP Notice") and will serve each OCP Notice on the Notice Parties. Additionally, each additional OCP listed in the OCP Notice shall serve a Declaration of Disinterestedness on the Notice Parties in accordance with this Order. The Notice Parties and any other party in interest shall have 14 days following the date of service of an OCP Notice to: (i) notify the Debtors' attorneys, in writing, of any objection to the proposed retention of any additional OCP, (ii) file any such objection with this Court, and (iii) serve any such objection upon each of the Notice Parties so as to be actually received within 14 days of service of such OCP Notice.

(e) The Debtors shall be authorized to pay, without formal application to this Court by any OCP, 100 percent of the fees and reimbursable expenses to each of the OCPs retained pursuant to these procedures (including the filing of a Declaration of Disinterestedness) upon the OCP's submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses incurred after the Petition Date; *provided* that while these chapter 11 cases are pending, the fees of each OCP set forth on **Exhibit A-1** attached hereto, excluding costs and reimbursable expenses,

3

may not exceed $100,000 per month on average over a rolling three-month period (the "Tier 1 OCP Monthly Cap"), and the fees of each OCP set forth on **Exhibit A-2** attached hereto, excluding costs and reimbursable expenses, may not exceed $10,000 per month on average over a rolling three-month period (the "Tier 2 OCP Monthly Cap," together with the Tier 1 OCP Monthly Cap, the "OCP Monthly Caps").

(f) To the extent an OCP seeks compensation in excess of the applicable OCP Monthly Cap (the "Excess Fees"), the OCP shall: (i) file with this Court a Notice of Fees in Excess of the OCP Monthly Cap (the "Notice of Excess Fees") and an invoice setting forth, in reasonable detail, the nature of the services rendered and disbursements actually incurred, including all time entries and all fees incurred by the OCP for the relevant month; and (ii) serve the Notice of Excess Fees on the Notice Parties. Interested parties shall then have 14 days to file an objection to the Notice of Excess Fees with this Court. If after 14 days no objection is filed, the Excess Fees shall be deemed approved, and the OCP may be paid 100 percent of its fees and 100 percent of its expenses without the need to file a fee application.

(g) Beginning with the period ending on August 31, 2021 and in three-month increments thereafter while these chapter 11 cases are pending (each, a "Quarter"), the Debtors shall file with this Court and serve on the Notice Parties, no later than 30 days after the conclusion of such Quarter, a statement with respect to each OCP paid during the immediately preceding three-month period. Each OCP's statement shall include the following information: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported Quarter; (iii) all postpetition payments made to that OCP to date; and (iv) a general description of the services rendered by that OCP. The initial OCP statement shall cover the period beginning on the Petition Date and ending August 31, 2021 and shall be filed no later than September 30, 2021.

2. To the extent that any agreement between the Debtors and an OCP provides for the indemnification by the Debtors of such OCP in connection with the services that are the subject of the Motion (each such agreement, an "OCP Agreement"), such indemnification provisions are approved subject to the following modifications, applicable during the pendency of these cases:

4

(a) The OCP shall not be entitled to indemnification, contribution, or reimbursement pursuant to the OCP Agreement for services other than the services provided under the OCP Agreement, unless such services and the indemnification, contribution, or reimbursement are approved by this Court.

(b) Notwithstanding anything to the contrary in the OCP Agreement, the Debtors shall have no obligation to indemnify the OCP, or provide contribution or reimbursement to the OCP, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from the OCP's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of the OCP's contractual obligations if this Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; (iii) of any type for which this Court determines that indemnification, contribution, or reimbursement would not be permissible; or (iv) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which the OCP should not receive indemnity, contribution, or reimbursement under the terms of the OCP Agreement as modified by this Court.

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these chapter 11 cases, the OCP believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the OCP Agreement (as modified by this Order), including the advancement of defense costs, the OCP must file an application therefor in this Court, and the Debtors may not pay any such amounts to the OCP before the entry of an order by this Court approving the payment. All parties in interest shall retain the right to object to any demand by the OCP for indemnification, contribution, or reimbursement. In the event that the OCP seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the OCP Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in the OCP's own applications, both interim and final, but determined by this Court after notice and a hearing.

5

3. Notwithstanding anything herein to the contrary, nothing in this Order shall prevent the U.S. Trustee from seeking a determination from this Court (a) requiring an OCP to file a separate retention application under section 327(a) or 327(e) of the Bankruptcy Code or (b) altering the amount of the OCP Monthly Caps.

4. Notwithstanding anything to the contrary in this Order, the terms of the *Interim Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 111] (the "Interim DIP Order," and together with any final debtor-in-possession financing order that may be entered in these chapter 11 cases, the "DIP Orders"), including the Budget (as defined therein), shall govern with respect to payments made and authority granted pursuant to this Order. To the extent there is any conflict between this Order and the DIP Orders (including the Budget), the DIP Orders shall control.

5. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

6. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

7. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Houston, Texas
Dated: _____, 2021

UNITED STATES BANKRUPTCY JUDGE

**Exhibit A-1**

**Tier 1 Ordinary Course Professional**

| OCP Legal Name | Address | Service |
|---|---|---|
| AlixPartners Holdings LLP | 909 Third Ave Floors 29-30, New York, NY 10022 | Financial Advisors |

**Exhibit A-2**

**Tier 2 Ordinary Course Professionals**

| OCP Legal Name | Address | Service |
|---|---|---|
| Armanino LLP | 12657 Alcosta Blvd Ste 500, San Ramon, CA 94583-4600 | Human Resources Services |
| Avalara, Inc. | 100 Ravine Ln NE Ste 220, Bainbridge Island, WA 98110-2691 | Tax Services |
| BDO USA, LLP | 300 Park Avenue, Suite 900, San Jose, CA 95110 | Tax Services |
| Beijing Han Kun Law Offices | 33/F Hkri Centre Two 288 Shimen Rd., Shanghai, 200041, China | Legal Services |
| Beltzer Bangert Gunnell LLP | 7900 E. Union Ave., Suite 920, Denver, CO 80237 | Legal Services |
| Blake, Cassels & Graydon LLP | 199 Bay Street, Suite 4000, Commerce Toronto, ON M5L 1A9 Canada | Legal Services |
| Bridge US | Attn: Romish Badani, 44 Tehama Street, San Francisco, CA 94105 United States | Immigration Advisors |
| Carney Badley Spellman | 701 5th Ave., Seattle, WA 98104-7097 | Legal Services |
| Clyde & Co LLP Lawyers & Legal | Rolex Tower Sheikh Zayed Rd. Dubai, United Arab Emirates | Legal Services |
| Cole Scott and Kissane | 2873 Remington Green Circle Tallahassee, Florida 32308 | Legal Services |
| Deloitte Tax LLP | 30 Rockefeller Plaza, 41st Floor, New York, NY 10112 | Tax Services |

| OCP Legal Name | Address | Service |
| --- | --- | --- |
| Di Gioia Berger LLC | 657 Orange Center Road, Orange, CT 06477 | Legal Services |
| DLA Piper LLP | 6225 Smith Ave., Baltimore, MD 21209-3626 | Legal Services |
| eShares Inc | 600 Harrison St., Ste 120, San Francisco, CA 94107-1389 | Corporate Governance |
| Griffith Davison PC | 13737 Noel Rd., Ste 850, Dallas, TX 75240-1331 | Legal Services |
| Hopkins & Carley, A Law Corp | 70 S 1st St., San Jose, CA 95113-2406 | Legal Services |
| Husch Blackwell LLP | 190 Carondelet Plaza, Ste 600, Saint Louis, MO 63105-3441 | Legal Services |
| Legal Resources Group LLC | 134 N La Salle St., Ste 800, Chicago, IL 60602-1197 | Legal Services |
| Littler Mendelson PC | 2301 Mcgee St., Ste 800, Kansas City, MO 64108-2662 | Legal Services |
| Lukins & Annis, P.S. | 717 W Sprague Ave., Ste 1600, Spokane, WA 99201-3923 | Legal Services |
| Maples & Calder | 53rd Floor, The Center 99 Queen's Rd., Hong Kong, 999077 | Legal Services |
| Murphy Cordier PLC | 2025 N 3Rd St., Ste 200, Phoenix, AZ 85004-1488 | Legal Services |
| Navex Global Inc. | 6000 Meadows Rd Ste 200, Lake Oswego, OR 97035-3177 | Corporate Governance |
| Owada Law PC | 975 Carpenter Rd. Ne, Ste 204, Lacey, WA 98516-5560 | Legal Services |

| OCP Legal Name | Address | Service |
|---|---|---|
| Perkins Coie LLP | 1201 3rd Ave., Ste 4900, Seattle, WA 98101-3095 | Legal Services |
| Raymond V Haws Inc | 901 Campisi Way, Ste 222 Campbell, CA 95008-2348 | Tax Services |
| Reicker, Pfau, Pyle & McRoy LLP | 1421 State St., Ste B, Santa Barbara, CA 93101-2507 | Legal Services |
| Steele Compliance Solutions Inc | 2638 Highway 109, Ste 200 Wildwood, MO 63040-1161 | Legal Services |
| West Publishing Corporation | 610 Opperman Dr., Eagan, MN 55123-1340 | Corporate Governance |
| Tricor Group, LLC | 5994 S. Prince Street, Suite 100 Littleton, CO 80120 | Legal Services |
| Wolf Theiss Rechtsanwaelte GmbH & Co KG | Schubertring 6, Vienna 1010 Austria | Legal Services |

**Exhibit B**

**Form of Declaration of Disinterestedness**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| KATERRA INC., *et al*.,[1] | ) ) | Case No. 21-31861 (DRJ) |
| Debtors. | ) ) ) | (Jointly Administered) |

**DECLARATION OF DISINTERESTEDNESS OF [COMPANY] PURSUANT TO THE ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, [Name], make this declaration (this "Declaration") under penalty of perjury:

1. I am a [Position] of [Company], located at [Street, City, State, Zip Code] (the "Company").

2. Katerra Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), have requested that the Company provide [specific description] services to the Debtors, namely [specific Debtor(s) for which services are being provided], and the Company has consented to provide such services.

3. The Company may have performed services in the past, may currently perform services, and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in these chapter 11 cases. The Company, however, does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.primeclerk/katerra. The location of Debtor Katerra Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 9305 East Via de Ventura, Scottsdale, Arizona 85258.

Debtors or their estates with respect to the matter(s) on which the Company is proposed to be employed.

4. As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5. Neither I nor any principal, partner, director, officer of, or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Company.

6. Neither I nor any principal, partner, director, officer of, or professional employed by, the Company, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Company is proposed to be employed.

7. The Debtors owe the Company $_____ for prepetition services, the payment of which is subject to limitations contained in the Bankruptcy Code.

8. I understand that the amount owed by any of the Debtors to the Company for prepetition services will be treated as a general unsecured claim, and as such, the Company may file a proof of claim.

9. I further understand that this declaration will not suffice as the Company's proof of claim.

10. As of June 6, 2021, the date on which the Debtors commenced these chapter 11 cases, the Company [was/was not] party to an agreement for indemnification with certain of the Debtors. [A copy of such agreement is attached as **Annex 1**.]

11. **[If there is an indemnification agreement]:** Such agreement for indemnification (the "OCP Agreement") is subject to the following modifications, applicable during the pendency of these chapter 11 cases:

    (a) The OCP shall not be entitled to indemnification, contribution, or reimbursement pursuant to the OCP Agreement for services other than the services provided under the OCP Agreement, unless such services and the indemnification, contribution, or reimbursement are approved by the Court.

    (b) Notwithstanding anything to the contrary in the OCP Agreement, the Debtors shall have no obligation to indemnify the OCP, or provide contribution or reimbursement to the OCP, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from the OCP's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of the OCP's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; (iii) of any type for which the Court determines that indemnification, contribution, or reimbursement would not be permissible; or (iv) settled prior to a judicial determination under (i) or (ii), but determined by the Court, after notice and a hearing, to be a claim or expense for which the OCP should not receive indemnity, contribution, or reimbursement under the terms of the OCP Agreement as modified by the Court.

    (c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), or (ii) the entry of an order closing these chapter 11 cases, the OCP believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the OCP Agreement (as modified by the Order), including the advancement of defense costs, the OCP must file an application therefor in the Court, and the Debtors may not pay any such amounts to the OCP before the entry of an order by the Court approving the payment. All parties in interest shall retain the right to object to any demand by the OCP for indemnification, contribution, or reimbursement. In the event that the OCP seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the OCP Agreement, the invoices and supporting time records for the attorneys' fees and

> expenses shall be included in the OCP's own applications, both interim and final, but determined by the Court after notice and a hearing.

12. The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: _____, 2021

_____
**[DECLARANT]**