**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
07/06/2021

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| KATERRA INC., *et al.*,[1] | ) Case No. 21-31861 (DRJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) (Docket No. 288) |

### STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

This Stipulated Confidentiality Agreement and Protective Order ("Order") is entered into by and among: (a) the above-captioned debtors and debtors in possession (collectively, the "Debtors"); (b) certain of the Debtors' creditors and other constituents as specified in the signature pages of this Order; and (c) any other persons or entities who become bound by this Order by signifying their assent through execution of Exhibit A hereto (the "Declaration"). Each of the persons or entities identified in the foregoing clauses (a) through (c) shall be referred to herein individually as a "Party," and, collectively, as the "Parties."

### RECITALS

WHEREAS, there are, or may be, judicial or other proceedings, including but not limited to investigations, contested matters, adversary proceedings and other disputes (each a "Dispute" and, collectively, the "Disputes") arising out of or relating to the Debtors' filing of voluntary petitions under chapter 11 of title 11 of the United States Code, U.S.C. §§ 101-1532 (the "Bankruptcy Code") in this Court (the cases commenced by such petitions, the "Cases");

---

[1]     A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at http://cases.primeclerk.com/SeadrillLimited.  The location of Debtor Seadrill Americas, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 11025 Equity Drive, Suite 150, Houston, Texas 77041.

WHEREAS, the Parties have sought or may seek certain Discovery Material (as defined below) from one another or from third parties with respect to one or more Disputes, including through informal requests, Rule 2004 notices or motions, or service of document requests, interrogatories, requests for admission, depositions, subpoenas, and other discovery requests (collectively "Discovery Requests") as provided by the Federal Rules of Civil Procedure (the "Federal Rules"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"); and

WHEREAS, the Parties anticipate that there are certain persons or entities other than the Parties hereto[2] that may also propound or be served with Discovery Requests in connection with one or more Disputes during the course of the Cases;

NOW, THEREFORE, to facilitate and expedite the production, exchange and treatment of Discovery Material (as defined below), to facilitate the avoidance and prompt resolution of disputes over confidentiality, and to protect Discovery Material (as defined below) that a Party seeks to maintain as confidential, the Parties stipulate and agree as follows:

1.      The Parties hereby submit this Order to the Court for approval. The Parties shall abide by and be bound by the terms of this Order.

2.      Unless otherwise agreed by the Parties or ordered by the Court, all deadlines stated herein shall be computed pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure.

---

[2]   Reference herein to "non-Parties" or a "non-Party," or a "non-Party" becoming a "Party," is for purposes of reference in this Order only. All such references herein are not intended to reflect any agreement as to whether any "Party" is or will become a "party," or any "non-Party" will not be a "party," in any case or other proceeding, or otherwise to reflect any agreement as to the "party" or "non-party" status of any litigant.

**SCOPE OF ORDER**

3.      This Order applies to all information, documents and things exchanged in, or subject to, discovery or provided in response to a diligence request, either by a Party or a non-Party (each a "Producing Party") to any other Party or non-Party (each a "Receiving Party"), formally or informally, in response to or in connection with any Discovery Requests or diligence requests, whether before or after entry of this Order, including without limitation deposition testimony, interrogatories, interrogatory responses, requests for admission, responses to requests for admission, interviews, documents, electronic information, data and other information  as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively, "Discovery Material").

4.      This Order applies to all non-Parties that are served with subpoenas or who otherwise produce documents or are noticed for depositions with respect to the Cases, and all such non-Parties are entitled to the protections afforded hereby and subject to the obligations herein upon signing a Declaration in the form provided as Exhibit A and agreeing to be bound by the terms of this Order.

5.      This Order does not affect, amend, or modify any existing confidentiality agreements, intercreditor agreements, or protective orders applicable to any Producing Party and/or Receiving Party, and nothing in this Order shall constitute a waiver of any rights under such agreements or orders.

6.      Any Party or its counsel serving a subpoena or request which requires the production of documents or testimony upon a non-Party shall serve a copy of this Order along with such subpoena or request and instruct the non-Party recipient of such subpoena or request that he, she or it may designate documents or testimony in the Cases according to the provisions herein. In

the event a non-Party has already been served with a subpoena or other discovery request at the time this Order is entered by the Court, the serving Party or its counsel shall provide the service and notice of this Order required by the preceding sentence as soon as reasonably practicable after entry of this Order.

## DESIGNATING DISCOVERY MATERIAL

7.     Any Producing Party may designate Discovery Material as "Confidential Material" or "Advisors'-Eyes Only" (any such Discovery Material, "Designated Material") in accordance with the following provisions:

(a)     <u>Confidential Material</u>: A Producing Party may designate Discovery Material as "Confidential" if such Producing Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or contains nonpublic, proprietary, commercially sensitive, or confidential technical, business, financial, personal or other information of a nature that can be protected under Federal Rule 26(c) or Bankruptcy Rules 7026 or 9018; or is subject by law or by contract to a legally protected right of privacy; or the Producing Party is under a preexisting obligation to a third-party to treat as confidential; or the Producing Party has in good faith been requested by another Party or non-Party to so designate on the grounds that such other Party or non-Party considers such material to contain information that is confidential or proprietary to such Party or non-Party.

(b)     <u>Advisors'-Eyes Only Material</u>: A Producing Party may designate Discovery Material as "Advisors'-Eyes Only" if such Producing Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material is of such a nature that a risk of competitive injury would be created if such Discovery Material were disclosed to persons other than those identified in Paragraph 13 of this Order, which may include certain trade secrets, sensitive financial or business information, or material prepared by its industry professionals, advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the signatories to this Order in connection with the Cases, and only to the extent that the Producing Party believes in good faith that such material is of such a nature that "Advisors'-Eyes Only" treatment is warranted. A Producing Party may alternatively designate Discovery Material as "Attorneys' Eyes Only," subject to the same requirements applicable to the Advisors'-Eyes Only designation, and Discovery Materials so designated shall be treated as if designated "Advisors'-Eyes Only."

8.     <u>Manner of Designation</u>: Where reasonably practicable, any Designated Material shall be designated by the Producing Party as such by marking every such page "Confidential" or

"Advisors'-Eyes Only" (or "Attorneys' Eyes Only") as applicable. Such markings should not obliterate or obscure the content of the material that is produced. Where marking every page of such materials is not reasonably practicable, such as with certain native file documents, a Producing Party may designate material as "Confidential" or "Advisors'-Eyes Only" by informing the Receiving Party in writing in a clear and conspicuous manner at the time of production of such material that such material is "Confidential" or "Advisors'-Eyes Only"; provided that inclusion of the words "Confidential" or "Advisors'-Eyes Only" in the file names of any native file documents shall be deemed to comply with this requirement.  A Party that was not the Producing Party may designate Discovery Material by providing written notice to all Receiving Parties that such Discovery Material is "Confidential" or "Advisors'-Eyes Only."

9.    <u>General Data Protection Regulation Compliance</u>: Any Party subject to the European Union's General Data Protection Regulation ("GDRP") may designate as "Advisors''-Eyes Only" those Documents, Testimony, or Information containing "personal data" within the meaning of GDPR, and, to the extent such personal data is contained in materials responsive to discovery requests, may redact such personal data contained within said materials. "Personal data" consists of any and all data that concerns an identified person or a person who is identifiable with recourse to additional information available to the data processor (*e.g.*, reference to an individual by his or her title or position with the company whose identity is specified in other available sources of information).

10.    <u>Late Designation of Discovery Material</u>: The failure to designate particular Discovery Material as "Confidential" or "Advisors'-Eyes Only" at the time of production shall not operate to waive a Producing Party's right to later designate such Discovery Material as Designated Material or later apply another designation pursuant to this Order ("Misdesignated

Material"). At such time, arrangement will be made for the destruction of the Misdesignated Material or for the return to the Producing Party of all copies of the Misdesignated Material and for the substitution, where appropriate, of properly labeled copies of such Discovery Material. Upon receipt of replacement copies of such Misdesignated Material with the proper designation, the Receiving Party or Parties shall take all reasonable steps to return or destroy all previously produced copies of such Misdesignated Material. If requested by the Producing Party, a Receiving Party shall verify in writing that it has taken all reasonable steps to return or destroy such Misdesignated Material. Notwithstanding the foregoing, no Party or non-Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation. Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court or otherwise made publicly available (other than in violation of this Order), no Party or non-Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party or non-Party that failed to make the designation.

## USE AND DISCLOSURE OF CONFIDENTIAL OR ADVISORS'-EYES ONLY MATERIAL

11.    <u>General Limitations On Use And Disclosure Of All Discovery Material:</u> All Discovery Material shall be used by the Receiving Parties solely for the purposes of the Cases and solely to the extent reasonably necessary to accomplish the purpose for which disclosure is made, and not for any other purpose, including any business, competitive, governmental, commercial, legal, or administrative purpose or function.

12.  <u>Confidential Material</u>: Confidential Material, and any and all information contained therein, may be given, shown, made available or communicated only to the following:

(a)     the Parties including their respective members, managers, partners, directors, officers, employees, counsel, and agents who are assisting with or making decisions with respect to the Cases—in each case, only as necessary to assist with or make decisions with respect to the Cases;

(b)     financial advisors to the Parties who are assisting with the Cases—in each case, only after he/she or it has signed a Declaration in the form provided as **<u>Exhibit A</u>** hereto, and only as necessary to assist with or make decisions with respect to the Cases;

(c)     the U.S. Trustee;

(d)     witnesses being questioned, either at a deposition or in court proceedings, and the witness's counsel, to the extent that such disclosure is reasonably necessary for the proceedings or the resolution of the Disputes, provided that the witness has signed or agreed on the record to sign a Declaration in the form provided as **<u>Exhibit A</u>** hereto;

(e)     upon written notice to and with the consent of the Producing Party (which shall not be unreasonably withheld), any other persons or entities who become bound by this Order by signifying their assent through execution of **<u>Exhibit A</u>** hereto, including their respective managers, partners, directors, officers, and agents—in each case, only as necessary to assist with or make decisions with respect to the Cases, and only after he/she has signed a Declaration in the form provided as Exhibit A hereto;

(f)     non-professional support personnel providing general secretarial services (such as word processing and printing), paralegal services, or litigation support services to and working under the supervision and direction of any natural person bound by this Order—in each case, only as necessary to assist such natural person with respect to the Cases;

(g)     outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with the Cases, provided that no originals or copies of such Confidential Materials are retained by said service providers after the provision of services;

(h)     the Court and the Court's personnel, provided that any Confidential Material filed with the Court is filed under seal;

(i)     any other persons specified in Paragraph 13 below.

13.    <u>Advisors'-Eyes Only Material</u>: Advisors'-Eyes Only Material, and any and all information contained therein, may be given, shown, made available or communicated only to the following:

        (a)    counsel and staff working under the express direction of counsel for:

                (i)    the Parties;

                (ii)    upon written notice to and the consent of the Producing Party any other persons or entities who become bound by this Order by signifying their assent through execution of **<u>Exhibit A</u>** hereto; and

                (iii)    the U.S. Trustee.

        (b)    professionals retained under 11 U.S.C. § 328, or other professionals, industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the signatories to this Order (or by any member of an ad hoc group of creditors on whose behalf any signatory hereto is signing this Order) in connection with the Cases;

        (c)    any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

        (d)    outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with the Cases, provided that no originals or copies of such Confidential Materials are retained by said service providers after the provision of services;

        (e)    court reporters, stenographers, or videographers who record testimony in connection with the Cases;

        (f)    the Court and the Court's personnel, provided that any Advisors'-Eyes Only Material filed with the Court is filed under seal;

        (g)    witnesses being questioned, either at a deposition or in court proceedings, and the witness's counsel, to the extent that such disclosure is determined by counsel in good faith to be reasonably necessary to the subject matter of the testimony, and that doing so would not cause competitive harm, provided, however, that such Advisors'-Eyes Only material can only be shared with such person in connection with the testimony, and the persons identified in this paragraph shall not be permitted to retain copies of such Advisors'-Eyes Only Material, and provided that the witness has signed or agreed on the record to sign a Declaration in the form provided as **<u>Exhibit A</u>** hereto;

(h)     non-professional support personnel providing general secretarial services (such as word processing and printing), paralegal services, or litigation support services to and working under the supervision and direction of any natural person bound by and allowed to see Advisors'-Eyes Only Material under this Order—in each case, only as necessary to assist such natural person with respect to the Cases; and

(i)     any other person or entity with respect to whom the Producing Party may consent in writing (including their respective managers, partners, directors, officers, agents and other administrative or support personnel, in each case, only as necessary to accomplish the purpose for which disclosure is made), provided such person or entity signs a Declaration in the form provided as **Exhibit A** hereto.

14.     <u>Prerequisite to Disclosure of Designated Material</u>: Before any persons or their representative identified in Paragraph 12(b), (e), and 13(a)(ii) and (i) is given access to Designated Material, if permitted by this Order, such entity or person or a representative thereof shall be provided with a copy of this Order and shall execute a Declaration, in the form provided as **Exhibit A** hereto.  Each such Declaration shall be retained in the files of counsel for the Party who gave access to the Designated Material to the person who was provided such access. Nothing in this paragraph shall impact a Party's ability to disclose the identity of a person with access to Designated Material in connection with an attempt to enforce the requirements of this Order.

15.     <u>Sealing of Designated Material Filed With Or Submitted To the Court</u>: Unless otherwise agreed by the Producing Party or ordered by a court of competent jurisdiction, all Designated Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose any portion of the Designated Material, shall be filed under seal in accordance with the Federal Rules, the Bankruptcy Rules, and the Local Rules.

16.     <u>Use of Discovery Material in Open Court</u>:  Counsel for any Party or non-Party who desires to offer or use any Designated Material at trial or in any hearing to be held in open court shall meet and confer in good faith with the Producing Party, together with any other Parties or non-Parties who have expressed interest in participating in such meet-and-confer, to discuss such procedures

as are necessary to protect the confidentiality of Confidential Material or Advisors'-Eyes Only Material used in the course of any Court proceeding, in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules.  In the event the parties cannot agree on such procedures or are otherwise unable to resolve a dispute related to such Designated Material, the question shall be submitted to the Court.

## DEPOSITIONS

17.    <u>Deposition—Manner of Designation</u>: In the case of depositions, if counsel for a Party or non-Party believes that a portion of the testimony should be Designated Material of such Party or non-Party, such testimony may be designated as appropriate by:

      (a)    Stating so orally on the record and requesting that the relevant portion(s) or entire transcript of testimony be so designated; or

      (b)    Providing written notice within seven (7) days of the Party's or non-Party's receipt of the final transcript from the court reporter that the relevant portion(s) or entirety of such transcript or video of a deposition thereof is so designated, except in the event that a hearing on related issues is scheduled to occur within seven (7) days, in which case the foregoing seven (7) day period will be reduced to three (3) business days. Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) (by page and line designations) of or the entire transcript that is so designated, and directing the court reporter to treat the transcript as provided in Paragraph 21 below. Until expiration of the aforesaid seven (7) or three (3) day period following receipt of the transcript by the Parties or non- Parties, all deposition transcripts and videotapes shall be considered and treated as Advisors'-Eyes Only unless otherwise agreed on the record at the deposition.

18.    <u>Designated Material Used as Exhibits during Depositions</u>: Nothing in Paragraph 17 shall apply to or affect the confidentiality designations of Discovery Material entered as exhibits at depositions.

19.    <u>Witness Review of Deposition Testimony</u>: Nothing in Paragraphs 17 or 18 shall preclude the witness from reviewing his or her deposition transcript.

20.     <u>Presence of Certain Persons During Designated Deposition Testimony</u>: When Designated Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from the portion of the deposition so designated.

21.     <u>Responsibilities and Obligations of Court Reporters</u>: In the event that testimony is designated as Confidential or Advisors'-Eyes Only, the Parties shall request that the cover page of each such transcript include the legend: "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith" and each page of the transcript shall include the legend "Confidential" or "Advisors'-Eyes Only," as appropriate. If the deposition is videotaped, the videotape shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential" or "Advisors'-Eyes Only," as appropriate, if any portion of the transcript itself is so designated.

## GENERAL PROVISIONS

22.     This Order is a procedural device intended to protect Discovery Materials designated as Confidential or Advisors'-Eyes Only. Nothing in this Order shall affect any Party's or non-Party's rights or obligations unrelated to the confidentiality of Discovery Materials.

23.     Nothing contained herein shall be deemed a waiver or relinquishment by any Party or non-Party of any objection, including but not limited to, any objection concerning the alleged confidentiality, the designation of Designated Material, or proprietary nature of any documents, information, or data requested by a Party or non-Party, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by motion on notice on any grounds.

24.     <u>Unauthorized Disclosure of Designated Material</u>: In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure, immediately notify in writing the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order, immediately make reasonable efforts to recover the disclosed Designated Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made, and immediately notify in writing the Producing Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further dissemination or use thereof. Disclosure of Designated Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

25.     <u>Manner of Objecting to Designated Material</u>: If any Receiving Party objects to the designation of any Designated Material (whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony), the Receiving Party shall first raise the specific objection with the Producing Party in writing, and confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Order. The Receiving Party may seek relief from the Court if the Receiving Party and the Producing Party cannot resolve their dispute. Until the Court rules on such an issue, the Designated Material shall continue to be treated as designated by the Producing Party. Upon a motion, the Court may order the removal of the "Confidential" or "Advisors'-Eyes Only" designation from any Discovery Material so designated subject to the provisions of this Order.

26.     <u>Timing of Objections to Designated Material</u>: A Receiving Party shall not be obliged to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The failure of any Receiving Party to challenge the designation by a Producing Party of Discovery Materials as "Confidential" or "Advisors'-Eyes Only" during the discovery period shall not be a waiver of that Receiving Party's right to object to the designation at an evidentiary hearing or trial.

27.     <u>Production of Privileged Discovery Material</u>: Pursuant to Federal Rule of Evidence 502(d), and Federal Rule of Civil Procedure 26(b)(5)(B), made applicable hereto by Federal Rules of Bankruptcy Procedure 7026 and/or 9014, the disclosure of documents or information containing privileged information or information constituting attorney work product or otherwise protected from disclosure, whether inadvertent, unintentional, or otherwise, shall not constitute a waiver of any applicable privilege or protections. . This Order shall be interpreted to provide the maximum protection allowed under Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B). Nothing herein is intended to or shall serve to limit a Party's right to conduct a review of documents, electronically stored information, or other information (including metadata), for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Upon request from the Producing Party, the Receiving Party must return or destroy and confirm destruction of any document over which privilege or protection is asserted, including all copies, notes, summaries thereof, and any information derived therefrom, regardless of whether the Receiving Party agrees with the assertion of privilege or protection. The Receiving Party shall not use the contents of such material for any purpose, including in connection with any effort seeking to compel production of the produced material.  The Receiving Party must take reasonable steps to retrieve the produced material if the Receiving Party disclosed it before being notified.

The Receiving Party may move to compel production of a copy of the document for reasons other than its production or any information about the contents of the material that was gained due to its production, should it challenge the designation of privilege or protection.  If the Receiving Party becomes aware during the review of any material that is likely to be privileged or subject to other protection, the Receiving Party shall immediately notify the Producing Party and sequester the material until the Producing Party has had a reasonable opportunity to respond.

1.      Use of Non-Confidential Material: To the extent that any Receiving Party has documents or information that (i) were already in its possession at the time the same document or information is received from a Producing Party and are not subject to any other confidentiality agreement, non-disclosure agreement, or other confidentiality obligation; (ii) are received or become available to a Receiving Party on a non-confidential basis, not in violation of an obligation of confidentiality to any other person; (iii) were independently developed by such Receiving Party without violating its obligations hereunder; or (iv) are published or become publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person, including a Receiving Party (collectively "Non-Confidential Material"), nothing in this Order shall limit a Receiving Party's ability to use Non-Confidential Material in a deposition, hearing, trial or otherwise in connection with the Cases, or otherwise. Nothing in this Order shall affect the obligation of any Receiving Party to comply with any other confidentiality agreement with, or undertaking to, any other person or Party, including, but not limited to, any confidentiality obligations arising from agreements entered into prior to the Cases.

28.      Obligations Following Conclusion of the Cases: Within 90 days of the resolution of the Cases, including all appeals as to all Parties, unless otherwise agreed to by the Parties or ordered by a court, all Parties and non-Parties shall take all reasonable steps to return to counsel

for the respective Producing Party, or to destroy, all Designated Material, and all copies thereof in the possession of any person, except that counsel may retain for its records (i) a copy of the Designated Material, (ii) its work product; (iii) a copy of court filings, transcripts, deposition/examination recordings, deposition/examination exhibits, expert reports, and; (iv) exhibits introduced at any hearing or trial. A Receiving Party may retain Designated Material that is auto-archived or otherwise "backed up" on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes; provided that such retained documents will continue to be treated as consistent with the provisions in this Order. If a Receiving Party chooses to take all reasonable steps to destroy, rather than return, documents in accordance with this paragraph, that Receiving Party shall, if requested by the Producing Party, verify such destruction in writing to counsel for the Producing Party. Notwithstanding anything in this paragraph, to the extent that the information in the Designated Material remains confidential, the terms of this Order shall remain binding.

29.     <u>Continuing Applicability of Confidentiality Agreement and Stipulated Protective Order</u>: The provisions of this Order shall survive the final resolution of the Cases for any retained Designated Material. The final termination of the Cases shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Designated Material pursuant to this Order, and the Court shall retain jurisdiction to enforce the terms of this Order.

30.     <u>Amendment of Confidentiality Agreement and Stipulated Protective Order</u>: Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to amend the provisions of the Order.

31.     <u>Disclosure of Designated Material in Other Proceedings</u>:  Any Receiving Party that may be subject to a motion or other form of legal or regulatory process or demand seeking the disclosure of a Producing Party's Designated Material (i) shall notify the Producing Party in writing within three (3) business days of receipt of such process or demand (unless such notice is prohibited by applicable law, rule, or regulation), and (ii) in the absence of a court order preventing such legally required disclosure, the Receiving Party shall be permitted to disclose only that portion of the information that is legally required to be disclosed and shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information. Notwithstanding the foregoing, any Receiving Party that is a regulated financial advisor may also, without notification, disclose Designated Material in the course of inspections, examinations or inquiries by federal or state regulatory agencies and self-regulatory organizations that have requested or required the inspection of records that contain Designated Material; provided that where such request or requirement is specifically targeted at the Producing Party's Designated Material, such Receiving Party will, to the extent permitted by the relevant regulator, provide the Producing Party with notice thereof as promptly as practicable.

32.     <u>Use of Designated Material by Producing Party</u>: Nothing in this Order affects the right of any Producing Party to use or disclose its own Designated Material in any way.

33.     <u>Obligations of Parties</u>: Nothing herein shall relieve a Party of its obligations under the Federal Rules, the Bankruptcy Rules, the Federal Rules of Evidence, and the Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests in connection with the Cases.

34.     <u>Advice Of Counsel</u>:  Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Cases and, in the course thereof, relying on

examination of Designated Material; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

35. <u>Entire Agreement</u>: This Order constitutes the entire agreement among the Parties pertaining to the use and disclosure of Discovery Material in connection with the Cases and supersedes prior agreements and understandings pertaining to that subject matter, it being understood that any restrictions, limitations, or protections concerning confidentiality or non-disclosure in a prior written agreement shall continue to be in full force and effect, notwithstanding the terms of this Order.

36. <u>Enforcement</u>: The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

37. <u>Notice</u>: When notice is permitted or required by the provisions hereof, such notice shall be in writing, directed to the undersigned counsel of the Party to receive such notice, at the corresponding addresses or email addresses indicated below, or to counsel of any non-Party receiving such notice. Notice shall be delivered by first-class mail, Federal Express (or an equivalent delivery service), hand delivery, or email, and shall be effective upon receipt.

**Signed:  July 01, 2021.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

Houston, Texas
June 29, 2021

/s/ *Matthew D. Cavenaugh*

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
J. Machir Stull (TX Bar No. 24070697)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:    (713) 752-4200
Facsimile:     (713) 752-4221
Email:          mcavenaugh@jw.com
                   jwertz@jw.com
                   mstull@jw.com


**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christine A. Okike, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:     (212) 446-4900
Email:          joshua.sussberg@kirkland.com
                   christine.okike@kirkland.com


*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

/s/ *Alfredo R. Pérez*

**WEIL, GOTSHAL & MANGES LLP**
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Phone: (713) 546-5000
-and-
Gary Holtzer (*pro hac vice* pending)
Jessica Liou (*pro hac vice* pending)
Scott Bowling (*pro hac vice* pending)
David J. Cohen (*pro hac vice* pending)
767 Fifth Avenue
New York, NY 10153
Phone:  (212) 310-8000


*Attorneys for SB Investment Advisers (UK) Limited,*
*SVF Abode (Cayman) Limited, SVF II Abode*
*(Cayman) Limited, and SVF Habitat (Cayman)*
*Limited*

**Exhibit A**

**Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| KATERRA INC., *et al.*,[1] | ) Case No. 21-31861 (DRJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY**
**THE CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER**

I,_____declare under penalty of perjury (this <u>Declaration</u>")

that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____

_____.

4. I hereby certify and agree that I have read and understand the terms of the Confidentiality Agreement and Stipulated Protective Order (the "<u>Order</u>") relating to the Cases.  All capitalized terms not otherwise defined in this Declaration have the meanings ascribed to such terms in the Order. I further certify that I will not use Designated Material for any purpose other than the Cases, and will not disclose or cause Designated Material to be disclosed to anyone not expressly permitted by the Order to receive Designated Material. I agree to be bound by the terms and conditions of the Order.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at http://cases.primeclerk.com/SeadrillLimited.  The location of Debtor Seadrill Americas, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 11025 Equity Drive, Suite 150, Houston, Texas 77041.

5.      I understand that I am to retain in confidence from all individuals not expressly permitted to receive Designated Material, whether at home or at work or elsewhere, all copies of any Designated Materials, and that I will carefully maintain such materials in a manner consistent with the Order. I acknowledge that the return or destruction of Designated Material shall not relieve me from any other continuing obligations imposed upon me by the Order.

6.      I acknowledge and agree that I am aware that by receiving Designated Material:

(a)      I may be receiving material non-public information about companies that issue securities; and

(b)      there exist laws, including federal securities laws, that may restrict or prohibit the sale or purchase of securities of such companies as a result of the receipt of such information.

7.      I submit to the jurisdiction of this Court solely with respect to the provisions of the Order.


Date:_____,_____                    Signature: _____