```
                    UNITED STATES BANKRUPTCY COURT
                 SOUTHERN DISTRICT OF TEXAS (HOUSTON)

 IN RE:                          .    Case No. 21-31861
                                 .    Chapter 11
 KATERRA, INC., et al.,          .
                                 .    515 Rusk Street
                                 .    Houston, Texas  77002
            Debtors.             .
                                 .    Thursday, October 21, 2021
                                 .    2:30 p.m.
 . . . . . . . . . . . . . . . . .
```

TRANSCRIPT OF EMERGENCY MOTION FOR ENTRY OF AN ORDER
AUTHORIZING THE DEBTORS TO FILE THE CONFIRMATION BRIEF AND
CONFIRMATION DECLARATIONS UNDER SEAL [1335];
PROPOSED ORDER RE: ORDER (I) APPROVING THE DISCLOSURE STATEMENT
AND (II) CONFIRMING THE AMENDED JOINT CHAPTER 11
PLAN OF KATERRA INC. AND ITS DEBTOR AFFILIATES [1365]
**BEFORE THE HONORABLE DAVID R. JONES VIA VIDEOCONFERENCE
UNITED STATES BANKRUPTCY COURT JUDGE**

TELEPHONIC APPEARANCES:

For the Debtors:         Jackson Walker, LLP
                         By:  JENNIFER W. WERTZ, ESQ.
                         100 Congress Avenue, Suite 1100
                         Austin, Texas 78701
                         (512) 236-2000

                         Jackson Walker, LLP
                         By:  MATTHEW D. CAVENAUGH, ESQ.
                         1401 McKinney Street, Suite 1900
                         Houston, Texas 77010
                         (713) 752-4200

TELEPHONIC APPEARANCES CONTINUED.


Audio Operator:          Courtroom ECRO Personnel


Transcription Company:   Access Transcripts, LLC
                         10110 Youngwood Lane
                         Fishers, IN 46038
                         (855) 873-2223
                         www.accesstranscripts.com


Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

```
TELEPHONIC APPEARANCES (Continued):                                  2

For the Debtors:          Kirkland & Ellis LLP
                          By:  GABOR BALASSA, ESQ.
                               DAN LATONA, ESQ.
                               RAVI S. SHANKAR, ESQ.
                          300 North LaSalle
                          Chicago, IL 60654
                          (312) 862-2000

                          Kirkland & Ellis LLP
                          By:  JOSHUA A. SUSSBERG, ESQ.
                               CHRISTINE A. OKIKE, ESQ.
                          601 Lexington Avenue
                          New York, NY 10022
                          (212) 446-4800

For the Official          Fox Rothschlid LLP
Committee of Unsecured    By:  MICHAEL A. SWEET, ESQ.
Creditors:                345 California Street, Suite 2200
                          San Francisco, CA 94104-2670
                          (415) 364-5560

                          Fox Rothschild LLP
                          By:  TREY A. MONSOUR, ESQ.
                          2843 Rusk Street
                          Houston, TX 77003
                          (713) 927-7469

                          Fox Rothschild LLP
                          By:  GORDON E. GOUVEIA, ESQ.
                          321 North Clark Street, Suite 1600
                          Chicago, IL 60654
                          (312) 980-3816

For Liberty Mutual        Manier & Herod, P.C.
Insurance Company:        By:  MICHAEL E. COLLINS, ESQ.
                          1201 Demonbreun Street, Suite 900
                          Nashville, TN 37203
                          (615) 742-9350

For SB Investment         Weil Gotshal & Manges LLP
Advisers (UK) Limited     By:  JESSICA LIOU, ESQ.
                          767 Fifth Avenue
                          New York, NY  10153-0119
                          (212) 310-8000

For Greensill Limited:    Orrick, Herrington & Sutcliffe LLP
                          By:  RANIERO D'AVERSA, ESQ.
                          51 West 52nd Street
                          New York, NY 10019-6142
                          (212) 506-3743
```



```
TELEPHONIC APPEARANCES (Continued):                               3

For The Sherwin-Williams    Vorys, Sater, Seymour & Pease LLP
Company:                    By: TIFFANY STRELOW COBB, ESQ.
                                MELISSA S. GIBERSON, ESQ.
                            52 East Gay Street
                            Columbus, OH 43215
                            (614) 464-6400

For Everest Reinsurance     Chiesa Shahinian & Giantomasi PC
Company and Everest         By: JASE A. BROWN, ESQ.
National Insurance          One Boland Drive
Company:                    West Orange, NJ 07052
                            (973) 325-1500

For JE Dunn Construction    Husch Blackwell LLP
Co:                         By: JOHN J. CRUCIANI, ESQ.
                            4801 Main Street, Suite 1000
                            Kansas City, MO 64112
                            (816) 983-8197

For Ruppert Landscape,      Bradley Arant Boult Cummings Llp
Inc.:                       By: JAMES B. BAILEY, ESQ.
                            One Federal Place
                            1819 Fifth Avenue North
                            Birmingham, Alabama 35203
                            (205) 521-8913

For SAP America, Inc.       Brown & Connery, LLP
and Concur Technologies,    By: DONALD K. LUDMAN, ESQ.
Inc.:                       6 N. Broad Street - Suite 100
                            Woodbury, NJ  08096
                            (856) 812-8900

For MFS Supply LLC:         Ulmer & Berne LLP
                            By: MICHAEL S. TUCKER, ESQ.
                            1660 West 2nd Street, Suite 1100
                            Cleveland, Ohio 44113-1406
                            (216) 583-7120

Also Present:               PAMELA CORRIE, Independent Director
                            Katerra, Inc.


                            JAY WEINBERGER, Houlihan Lokey


                            MARC LIEBMAN, Alvarez & Marsal
```

4

1       (Proceedings commence at 2:30 p.m.)
2               THE COURT:  This is Judge Jones.  The time is 2:30
3  Central.  Today is October the 21st, 2021.  This is the docket
4  for Houston, Texas.  Next on this afternoon's docket, we have
5  the jointly administered cases under Case Number 21-31861,
6  Katerra, Inc.
7               Everyone, please don't forget to record your
8  electronic appearance.  If this is a first or if it's been a
9  while, it's a very quick trip to my website, couple of mouse
10 clicks.  It will take you less than 20 seconds and you can do
11 that at any time prior to the conclusion of the hearing this
12 afternoon.
13              First time that you speak, if you would please state
14 your name and who you represent.  Really, really does help the
15 court reporters do what is a very difficult job.
16              We are recording this afternoon using CourtSpeak.
17 So we'll get the audio of the hearing up on the docket shortly
18 after we conclude.
19              And I notice a number of folks came in after I made
20 the prior announcement.  I have activated the "hand raising"
21 feature.  If you know you're going to be speaking, if you go
22 ahead and give me a "five star" on your phone, I'll get you
23 unmuted.  And that way, we can avoid any delay.
24              Let me just pause for a moment.
25       (Pause)

1          THE COURT:  All right.  Couple of folks came in.
2          Ms. Okike, good afternoon.  I assume that you are
3 starting this off.
4          MS. OKIKE:  Yes, Your Honor.  Good afternoon,
5 Your Honor.  Christine Okike of Kirkland & Ellis on behalf of
6 Katerra, Inc. and its affiliated debtors.
7          Your Honor, we are pleased to be before you today
8 seeking final approval of the debtors' disclosure statement and
9 confirmation of the debtors' plan on a fully consensual basis.
10 Your Honor, since commencing these cases approximately four and
11 a half months ago, the debtors and their advisors have worked
12 expeditiously to market and sell their key assets, transition
13 ongoing projects to owners, preserve employee jobs, maximize
14 value for stakeholders, and facilitate an orderly wind-down of
15 their estate.
16         Your Honor, as my partner, Mr. Sussberg, noted at the
17 first-day hearings, Katerra was a startup that sought to
18 transform the construction industry on a global basis, and it
19 is unfortunate that the company's ambitious goals were not
20 achieved.  We committed on the first day of these cases to work
21 constructively with the company stakeholders to move these
22 cases forward quickly so that creditors would get the benefit
23 of the value derived from the sales process.
24         It's a testament to the efforts of the company, its
25 board, its management team, employees, and advisors, and the

1  company's stakeholders, to be here today on a fully consensual
2  basis.
3          Your Honor, confirmation of the plan is the best path
4  forward for the debtors and their creditors.  The plan is
5  straightforward.  At a high level, it provides for proceeds of
6  the debtors' asset sales to be distributed to creditors in
7  accordance with the Bankruptcy Code's priority scheme.
8          Your Honor, the plan also contains releases by the
9  debtors of parties whose contributions throughout these cases
10 allow us to be before you today on a fully consensual basis, as
11 well as consensual third-party releases which were integral to
12 achieving and obtaining creditor support for the plan, and
13 which the debtors believe are justified under applicable law.
14         Your Honor, the sole voting class, Class 3 general
15 unsecured creditors, overwhelmingly voted to accept the plan at
16 each debtor entity.
17         Your Honor, before I turn the podium over to
18 Mr. Latona to walk through our case in chief, I would be remiss
19 if I did ==not mention our board, Ms. Pamela Corrie and==
20 ==Mr. Harvey Tepner, who have helped navigate the company through==
21 ==these extremely challenging circumstances; our management team==
22 ==-- and in particular Mr. Marc Liebman, the company's Chief==
23 ==Transformation Officer, and Mr. Christopher Wells, the==
24 ==company's Chief Restructuring Officer, who seamlessly stepped==
25 ==in to take over the day-to-day management of the company when==

1  our senior management team resigned in the days leading up to
2  the petition date; our employees, who have steadfastly stood
3  with the company through these challenging times and have been
4  working around the clock to help market and sell the company's
5  assets, transition projects to owners, and wind down the
6  debtors' complex business and operations in a responsible way;
7  and last but not least, the company's advisors, Houlihan Lokey,
8  led by Mr. Matt Niemann and Mr. Jay Weinberger; Alvarez &
9  Marsal; Kirkland & Ellis; our co-counsel, Jackson Walker; and
10 Prime Clerk.
11         Unless Your Honor has any questions, I would turn the
12 podium over to Mr. Latona.
13         THE COURT:  No.  Thank you.  I think I'm in pretty
14 good shape.
15         Mr. Latona.
16         MR. LATONA:  Good afternoon, Your Honor.
17         THE COURT:  Good afternoon.
18         MR. LATONA:  For the record, Dan Latona of
19 Kirkland & Ellis on behalf of the debtors.  And as Ms. Okike
20 mentioned, we are here today for consideration of the final
21 approval of the disclosure statement and confirmation of the
22 plan, and we are here on a fully consensual basis.  The debtors
23 and their advisors have been working with various objecting
24 parties who formally and informally objected over the course of
25 the past four weeks, and we do believe that we have resolved

1  all outstanding objections.
2          Your Honor, before we get into the debtors' case in
3  chief, we did file a motion to seal the declarations of
4  Mr. Marc Liebman and Mr. Jay Weinberger.  That motion is at
5  Docket Number 1335.  We have shared unredacted and unsealed
6  versions of those declarations and exhibits with counsel to
7  Greensill, counsel to the Committee, and the United States
8  Trustee; and as of right now, we have received no formal or
9  informal objections.
10         So, unless Your Honor has any questions, we would
11 request entry of that order as filed at Docket Number 1335.
12         THE COURT:  All right.  Thank you.
13         Anyone else wish to be heard with the request to seal
14 the declarations in support of confirmation?
15    (No audible response)
16         THE COURT:  All right.  I'll grant the motion.
17 You'll see the order sometime this afternoon.
18         MR. LATONA:  Great.  Thank you, Your Honor.
19         ==Moving into the various confirmation pleadings that==
20 ==have been filed over the course of the past few days, the==
21 ==debtors did file three declarations in support of confirmation.==
22 ==The first is the declaration of Mr. Alex Orchowski, Director at==
23 ==Prime Clerk, the debtors' claims noticing and solicitation==
24 ==agent.  That was filed at Docket Number 1309.  The declaration==
25 ==of Mr. Jay Weinberger, Managing Director at Houlihan Lokey, the==

1  debtors' investment banker.  The redacted version was filed at
2  Docket Number 1322, and the sealed version was filed at Docket
3  Number 1323.  And finally, the declaration of Mr. Marc Liebman,
4  the debtors' Chief Transformation Officer, and Managing
5  Director at A&M.  The redacted version was filed at Docket
6  Number 1333 and the sealed version was filed at Docket Number
7  1334.
8           Each of those parties is available to testify should
9  any part wish to cross-examine them.  And unless Your Honor has
10 any questions, the debtors would move each of those
11 declarations into evidence at this time.
12          With respect to the Weinberger and Liebman
13 declarations, we would request entry of the sealed versions at
14 Docket 1323 and 1334 respectively.
15          THE COURT:  All right.  Thank you.
16          Anyone wish to be heard with respect to the request?
17     (No audible response)
18          THE COURT:  All right.  Then without objection, I'll
19 admit the declarations found at 1309, 1323, and 1334.
20     (ECF 1309, 1323 and 1334 admitted into evidence)
21          THE COURT:  Anyone wish to cross-examine any of the
22 declarants?
23     (No audible response)
24          THE COURT:  I have a couple of questions for
25 Mr. Liebman and his hairdo, but those will come later.

1          No, Mr. Liebman, I'm just giving you a hard time.
2 All fine.
3          Mr. Latona, go ahead, please.
4          MR. LATONA:  Thank you, Your Honor.  The debtors did
5 file a revised plan at Docket Number 1338.  That plan
6 incorporates language to resolve various formal and informal
7 objections from various parties, also to clarify certain
8 provisions.  I'm happy to walk through those revisions for
9 Your Honor if you would like.  Otherwise, we are prepared to
10 move forward with the confirmation order and our case in chief.
11          THE COURT:  So, Mr. Latona, I very much appreciate
12 the offer.  I actually had plenty of time.  I've reviewed the
13 amended plan at 1338.  I see the changes.  I've also had a
14 chance to look at the Third Amended Plan Supplement at 1358, as
15 well as the Fourth Amended Plan Supplement at 1364.
16          MR. LATONA:  Thank you, Your Honor.  The debtors did
17 file a revised confirmation order prior to this hearing.  That
18 revised order only incorporates non-substantive revisions to
19 insert docket numbers and account for the Fourth Amended Plan
20 Supplement that was filed.  The confirmation order does include
21 language to resolve various objections from surety providers,
22 project owners, contract counterparties, and governmental
23 entities.
24          Again, I'm happy to walk Your Honor through any
25 provisions of the confirmation order.  Otherwise, we're

1  prepared to move on to our case in chief.
2          THE COURT:  So let's do this.  Let's go ahead and put
3  on your case in chief.  Let me hear from everyone.  And I don't
4  know whether we have any of the affected counsel who are going
5  to want confirmation of any issues or anything like that, but
6  let's go ahead and put on our case in chief and then see if
7  there are any questions from any counsel.
8          MR. LATONA:  Yes, Your Honor.  The debtors did file
9  their memorandum in support of confirmation at Docket Number
10 1359.  And rather uniquely for Kirkland, it wasn't in the wee
11 hours of the morning.  It was in the evening.  So hopefully
12 Your Honor had an opportunity to review it.
13         THE COURT:  I did.
14         MR. LATONA:  I'm happy to walk through any of the
15 1129 factors, to the extent Your Honor would request.  But the
16 debtors do submit that with the declarations admitted into
17 evidence and the memorandum in support of confirmation, the
18 debtors have met their burden for final approval of the
19 disclosure statement and confirmation of the plan.  And unless
20 any party objects or wishes to be heard, the debtors would
21 request entry of the order as filed at Docket Number 1365.
22         THE COURT:  All right.  Thank you.  Did you intend on
23 offering any of the exhibits that are identified in your
24 exhibit list at 1326?
25         MR. LATONA:  I will defer to Mr. Shankar if he wants

```
 1  to move any of those exhibits in.
 2              THE COURT:  Mr. Shankar.
 3              MR. SHANKAR:  Yes, Your Honor.  Your Honor, for the
 4  record, we have moved in Exhibits 1, 4, and 5, which are the
 5  current declarations of the three declarants.
 6              THE COURT:  Okay.
 7              MR. SHANKAR:  In addition to those exhibits,
 8  Your Honor, we would ask that Exhibits 2, hypothetical
 9  liquidation analysis; Exhibit 3, the preference analysis; and
10  Exhibit 32, the plan, be moved into evidence, Your Honor.
11              THE COURT:  All right.  So, Mr. Shankar, go with me
12  for just a second, just so -- again, so I keep consistent with
13  the protocol.  What is marked as Exhibit 2 and 3 is actually
14  identified pursuant to the protocol as 1326-3 and -4, correct?
15              MR. SHANKAR:  Your Honor, I'm working off of our
16  amended exhibit and witness list at Docket Entry 1354.
17              THE COURT:  Ah, okay.  Fair enough.  So 1354 has two
18  exhibits.  So let me -- I just want to make sure we get this
19  clear.
20              MR. SHANKAR:  Yes, Your Honor.  The difference
21  between the two exhibit and witness lists is that the amended
22  exhibit and witness list at 1354 we attached Exhibits 1 and
23  Exhibit 32, which were not appended to the earlier exhibit and
24  witness list.
25              THE COURT:  Okay.  All right.  So then let's go back
```

1  through these, if we could.
2           MR. SHANKAR:  Yes, Your Honor.
3           THE COURT:  So Exhibits -- let's go back to exhibits
4  identified as 2, 3, and 32.
5           MR. SHANKAR:  Yes, Your Honor.
6           THE COURT:  That would be -- this is a question --
7  1326-1, 1326-2, and then Exhibit 30 -- what's identified as
8  Debtors' Exhibit 32 is actually 1354-2.  Do you agree with
9  that?
10          MR. SHANKAR:  Yes, Your Honor.
11          THE COURT:  All right.  Thank you.
12          Any objections?
13      (No audible response)
14          THE COURT:  Then they are admitted.
15      (ECF 1326-1, 1326-2 and 1354-2 admitted into evidence)
16          MR. SHANKAR:  Thank you, Your Honor.
17          THE COURT:  All right.  Thank you.
18          All right.  Mr. Latona, sorry about that.  I just
19 wanted to make sure that you had the record in the shape that
20 you wanted.
21          Let me ask is there -- Mr. Monsour, did you want to
22 make any comments on behalf of the Committee?
23          MR. MONSOUR:  I did, Your Honor.  If now is
24 appropriate, I could make it now.
25          THE COURT:  Be great.

1         MR. MONSOUR:  Your Honor, on behalf of the -- Trey
2 Monsour for the Official Committee of Unsecured Creditors, for
3 the record.  On behalf of the Committee, we want to thank
4 Kirkland & Ellis and we want to thank the Court for
5 accommodating us as the Court has.
6         Oftentimes, the Court's not recognized for its
7 contribution to a successful case.  This was a successful case
8 under the circumstances, and we appreciate the Court indulging
9 us and allowing us the opportunities that we had to appear and
10 to air our concerns to the Court when we needed to.
11         We appreciate Kirkland & Ellis and Jackson Walker and
12 their professionals for accommodating us in many regards to get
13 to this point.
14         THE COURT:  All right.  Thank you.
15         Anyone else wish to be heard?
16     (No audible response)
17         THE COURT:  All right.  Then, with that, Mr. Latona,
18 I don't see any need to walk me through.  I've seen the
19 redline, which I very -- always, I very much appreciate.  And
20 if there are no other counsel that wish to be heard or make
21 statements, then I'm just okay.
22         Then, with that, I'll consider the evidence closed.
23 I have before me a request for final approval of the debtors'
24 disclosure statement, as well as confirmation of the debtors'
25 proposed plan.

1         I do find that I have jurisdiction over both matters
2    pursuant to 28 U.S.C. Section 1334; do find that both matters
3    constitute core proceedings under 28 U.S.C. Section 157;
4    further find that I have the requisite constitutional authority
5    to enter a final order with respect to both matters.
6         I've had the opportunity to go back and, with the
7    benefit of hindsight, take a look at the debtors' disclosure
8    statement.  There are no objections.  I concur with the
9    preliminary approval.  I will find on a final basis that the
10   disclosure statement contains adequate information as that term
11   is defined under Section 1125 of the Code, and I will give
12   final approval to the debtors' disclosure statement.
13        With respect to the plan itself, I will find, after
14   reviewing the plan, as well as the record adduced this
15   afternoon, that the plan satisfies the mandatory requirements
16   of 1123(a), does not otherwise run afoul of any of the
17   permissive requirements of 1123(b) or other applicable sections
18   of the Bankruptcy Code.
19        With respect to confirmation, based upon the record
20   that I have before me, I will find that the proposed plan
21   satisfies requirements of 1129(a)(1), (a)(2), (a)(3), (a)(4),
22   (a)(5), (a)(6), (a)(7), (a)(9), (a)(10), (a)(11), (a)(12); I'll
23   find that the requirements of (a)(13), (a)(14), (a)(15), and
24   (a)(16) are not applicable to this case.
25        Having found that the proposed plan satisfies all the

1  requirements of 1129(a) other than (a)(8), I will move to
2  1129(b). And based upon the unchallenged record I have before
3  me, I will find that the plan does not discriminate unfairly
4  and is fair and equitable with respect to each class of claims
5  or interests that is impaired under and has not accepted the
6  plan.
7       I will further find that there is only one plan that
8  I'm being asked to consider for confirmation. Therefore, the
9  requirements of 1129(c) have been satisfied.
10      Further find that the primary purpose of the plan is
11 not the avoidance of taxes or the avoidance of the application
12 of Section 5 of the 1933 Securities Act. Therefore, the
13 requirements of 1129(d) have been satisfied.
14      I find that the requirements of 1129(e) are not
15 applicable to this case.
16      I've had a chance to review the proposed confirmation
17 order. There are additional findings of fact and conclusions
18 of law set forth in the proposed order which I adopt in their
19 entirety. To the extent that any finding that I've made on the
20 record this afternoon is not specifically referenced within the
21 confirmation order, it is incorporated therein, pursuant to
22 Bankruptcy Rule 7052.
23      Let me also just take a moment. This was a difficult
24 case, and the outcome is one which you look at and you're not
25 overly happy about. There aren't people with -- that are

1  keeping thousands of jobs.  There's not a business that you're
2  going to see on the side of the road with new signs and that
3  sort of thing.  Nevertheless, I can only say one thing to all
4  of you, is just "nicely done."
5       I appreciate the roles that each of the professionals
6  played.  You did your roles quite well.  It was really
7  interesting to watch the case just present itself over time.
8  Just very nicely done.
9       Mr. Monsour, I especially want to reference you.
10 Being Committee counsel is always a tough job because you have
11 to find the right balance.  And I don't see the right balance
12 all that often, and I just want to compliment you for standing
13 tough when you needed to and being practical when you should
14 have been.  And so I very much appreciate the effort that the
15 Committee, the Committee's professionals, and quite frankly the
16 members of the Committee -- because they're the ones that give
17 you direction.  So I do appreciate the job that was done.
18       You all should be proud.  It's just -- it was just
19 nicely done, and it's the way the process is supposed to work.
20       Ms. Okike, first time I've seen you in charge.  I am
21 incredibly impressed, hope to see you again.  I want to see you
22 fight one, but you know, that's another case, another day.
23       But again, I don't mean to leave anybody out.  It's
24 just very nicely done for everybody.
25       Give Mr. Neimann my regards, Mr. Weinberger.  I'm

1 sure there's a reason that he's not on this afternoon.  May
2 very well be he couldn't post bail.  I just simply don't know.
3          With that, everyone, please do be safe --
4          Yes, sir.  Mr. Bailey.  I am so sorry.  You've raised
5 your hand.  I'm sorry.
6          MR. BAILEY:  (Audio interference) Your Honor --
7          THE COURT:  No.  Thank you.  No.  Thank you. I did
8 not mean to overlook you.  Yes, sir.
9          MR. BAILEY:  And my apologies coming in here.
10 Your Honor, my client, Ruppert Landscaping, did have an
11 informal objection.  It was resolved in a stipulation that's
12 filed at 1318.  I anticipated that would be entered before
13 this hearing, but I just wanted to note that on the record,
14 Your Honor, that --
15          THE COURT:  No.  No, just hold on.  I want you to be
16 able to tell your client that everything is all tied up.  So
17 let me just pop it up, and if you can just indulge me for a
18 couple minutes.
19          MR. BAILEY:  Thank you.
20     (Pause)
21          THE COURT:  Mr. Bailey, I've had the opportunity to
22 review the proposed stipulation.  It's been signed.  It's on
23 its way to docketing.  Tell your client it's all done.
24          MR. BAILEY:  Appreciate that very much, Your Honor.
25 Sorry for the interruption there.

1            THE COURT:  No interruption at all.  Thank you.
2            Anything else from anyone?
3       (No audible response)
4            THE COURT:  All right.  Then again, everyone please
5  be safe.  Enjoy the week.  Have a good weekend.  I'll see
6  everyone soon.  We'll be adjourned.
7            MS. OKIKE:  Thank you, Your Honor.
8            THE COURT:  Thank you.
9            COUNSEL:  Thank you.
10       (Proceedings concluded at 2:52 p.m.)
11                          * * * * *
12
13
14
15                      **C E R T I F I C A T I O N**
16
17     I, Michelle Costantino, court-approved transcriber, hereby
18  certify that the foregoing is a correct transcript from the
19  official electronic sound recording of the proceedings in the
20  above-entitled matter.
21
22
23  _____
24  MICHELLE COSTANTINO, AAERT NO. 589     DATE:  October 22, 2021
25  ACCESS TRANSCRIPTS, LLC