United States Bankruptcy Court
Southern District of Texas
**ENTERED**
October 28, 2021
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| KATERRA INC., *et al*.,[1] | ) ) | Case No. 21-31861 (DRJ) |
| Debtors. | ) ) ) | (Jointly Administered) |
|  |  | (Docket No. 1298) |

**JOINT STIPULATION AND AGREED ORDER
BY AND AMONG DEBTORS AND ARCHSTONE PARKLAND
GARDENS, LLC GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY**

This Stipulation and Agreed Order ("Stipulation") is made and entered into by and among (a) Katerra Inc., as debtor-in-possession in the above-captioned chapter 11 cases ("Katerra") and (b) Archstone Parkland Gardens, LLC ("Archstone"). Katerra, together with Archstone, are collectively referred to herein as "Parties." The Parties hereby stipulate and agree as follows:

**RECITALS**

WHEREAS, on September 1, 2019, Katerra Construction LLC merged with Fortune-Johnson, Inc. ("Fortune-Johnson" and, together with Katerra, the "Defendants");

WHEREAS, Archstone filed suit on November 7, 2019, against the Defendants in the Circuit Court of the County of Arlington, Virginia (the "State Court"), styled *Archstone Parkland Gardens, LLC v. Fortune-Johnson, Inc. and Katerra, Inc.*, Case No. CL19003410-00 (the "Action") regarding a contract dispute related to the Avalon Arlington North project in Arlington County, Virginia (the "Project");

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.primeclerk.com/katerra. The location of Debtor Katerra Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 9305 East Via de Ventura, Scottsdale, Arizona 85258.

WHEREAS, the Defendants subsequently filed suits requesting contribution and/or indemnity in the State Court (the "Contribution and Indemnity Suits") against the following subcontractors involved in the Project (collectively, the "Subcontractors"):

- Millennium Construction, LLC, Case No. CL20-1822,
- QFS, LLC, f/k/a Quiet Floor Systems, LLC, Case No. CL20-1824,
- Advanced Caulking & Waterproofing, Inc., Case No. CL21-2243,
- Babcock Enterprises, Inc., d/b/a R & B Construction, Case No. CL21-2245, and
- RPM Construction Corp., Case No. CL21-2246;

WHEREAS, certain of the Defendants' commercial general liability insurance policies have provided coverage applicable to the Action and the Contribution and Indemnity Suits, including but not limited to Old Republic General Insurance Corp., Executive Risk Indemnity, Inc., and Certain Underwriters at Lloyd's, London subscribing to policy number B0901LB1936385000 (each, an "Insurer");

WHEREAS, on June 6, 2021 ("Petition Date"), Katerra and certain of its subsidiaries and affiliates (the "Debtors") commenced chapter 11 cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court");

WHEREAS, since the Petition Date, the Action and the Contribution and Indemnity Suits have been stayed as to the Debtors by operation of the automatic stay arising under section 362 of the Bankruptcy Code;

WHEREAS, on August 9, 2021, Archstone filed Claim No. 921 (as subsequently amended, the "Proof of Claim");

WHEREAS, Archstone intends to proceed with mediation and settlement discussions related to the Action, and pursuant to the terms of this Stipulation, to execute, levy, and collect upon any settlement reached with respect to the Action from the Insurers and/or any non-Debtor party, and not against the Defendants or any of the other Debtors or their estates;

WHEREAS, the Defendants intend to proceed with the Contribution and Indemnity Suits as a part of the Action, along with the Subcontractors, and to execute, levy, and collect upon any settlement reached with respect to the Contribution and Indemnity Suits from the Subcontractors;

WHEREAS, the Debtors consent to limited relief from the automatic stay imposed by section 362 of the Bankruptcy Code on the terms and conditions set forth in this Stipulation for the exclusive purpose of allowing Archstone to proceed solely against the proceeds of any insurance policies held by the Debtors for purposes of indemnifying the Debtors or otherwise providing coverage with respect to the claims asserted in the Action (the "Policies") solely to the extent provided in this Stipulation; and

WHEREAS, the Official Committee of Unsecured Creditors does not oppose the requested relief.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE BANKRUPTCY COURT OF THIS STIPULATION, IT IS SO ORDERED AS FOLLOWS:

1. The above recitals are incorporated by reference into this Stipulation with the same force and effect as if fully set forth hereinafter.

2. The automatic stay of section 362 of the Bankruptcy Code and any stay or injunction imposed by any chapter 11 plan or confirmation order is modified with respect to the Action and the Contribution and Indemnity Suits solely to the limited extent necessary to enable

(a) the claims asserted in the Action and the Contribution and Indemnity Suits to proceed to mediation or settlement, (b) Archstone to recover any settlement solely from proceeds of the Policies, if any, and (c) the Debtors to recover any settlement from the Subcontractors.

3. Archstone agrees and acknowledges that: (a) any amounts recovered by Archstone by a settlement in the Action are limited solely to proceeds from the Policies, if any, and not from the Debtors, their estates, or their successors; and (b) as against the Debtors, Archstone must enforce any settlement obtained through mediation on account of the same solely with respect to proceeds available from the Policies, if any, and not, for the avoidance of doubt, at any costs to the Debtors' estates.

4. Except as expressly provided in paragraphs 2 and 3 of this Stipulation, Archstone shall not prosecute the Action without the written consent of the Debtors or further order of the Bankruptcy Court.

5. Nothing herein (a) precludes or limits, in any way, the rights of any Insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable policy or to otherwise assert any defenses to coverage, (b) creates any new direct right of action by Archstone against any Insurer, or (c) constitutes a determination or admission that coverage exists with respect to any claims.

6. Archstone shall file this Stipulation in the State Court after the approval by the Bankruptcy Court.

7. By entering into this Stipulation, the Parties are not waiving and will not be deemed to have waived any available rights, counterclaims, or defenses, including at law, equity, or otherwise with respect to the Action, the Contribution and Indemnity Suits, or the Proof of Claim.

8. Neither this Stipulation nor any negotiations and writings in connection with this Stipulation will in any way be construed as or deemed to be evidence of or an admission on behalf of any Party regarding any claim or right that such Party may have against the other Party.

9. Each of the Parties to this Stipulation represents and warrants it is duly authorized to enter into and be bound by this Stipulation.

10. Neither this Stipulation, nor any terms contained herein shall be offered in evidence in any legal proceeding or administrative proceeding among or between the Parties, other than as may be necessary: (a) to obtain approval of and to enforce this Stipulation; (b) to seek damages or injunctive relief in connection therewith; or (c) to prove that the automatic stay has been modified to allow mediation and related settlement of the Action or the Contribution and Indemnity Suits in accordance with the terms of this Stipulation.

11. The Bankruptcy Court retains exclusive jurisdiction with respect to any disputes arising from or other actions to interpret, administer, or enforce the terms and provisions of this Stipulation.

**IT IS SO ORDERED.**

Signed: October 28, 2021.

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

STIPULATED AND AGREED TO THIS 12TH DAY OF OCTOBER, 2021:

| | |
|---|---|
| */s/ Matthew D. Cavenaugh* | */s/ James Muenker* |
| **JACKSON WALKER LLP** | **DLA PIPER LLP** |

Matthew D. Cavenaugh (TX Bar No. 24062656)  
Jennifer F. Wertz (TX Bar No. 24072822)  
J. Machir Stull (TX Bar No. 24070697)  
1401 McKinney Street, Suite 1900  
Houston, Texas 77010  
Telephone: (713) 752-4200  
Facsimile: (713) 752-4221  
Email:   mcavenaugh@jw.com  
             jwertz@jw.com  
             mstull@jw.com  

*Co-Counsel to the Debtors*  
*and Debtors in Possession*

James Muenker (TX Bar No. 24002659)  
1900 N. Pearl Street, Suite 2200  
Dallas, Texas 75201  
Telephone: (214) 743-4559  
Facsimile: (214) 665-5959  
Email:   james.muenker@us.dlapiper.com  

*Counsel to Archstone Parkland Gardens, LLC*

| | |
|---|---|
| **KIRKLAND & ELLIS LLP** | */s/ Trey A. Monsour* |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | **FOX ROTHSCHILD LLP** |

Joshua A. Sussberg, P.C. (admitted *pro hac vice*)  
Christine A. Okike, P.C. (admitted *pro hac vice*)  
601 Lexington Avenue  
New York, New York 10022  
Telephone: (212) 446-4800  
Facsimile: (212) 446-4900  
Email:   joshua.sussberg@kirkland.com  
             christine.okike@kirkland.com  

-and-

Joshua M. Altman (admitted *pro hac vice*)  
300 North LaSalle Street  
Chicago, Illinois 60654  
Telephone: (312) 862-2000  
Facsimile: (312) 862-2200  
Email:   josh.altman@kirkland.com  

*Co-Counsel to the Debtors*  
*and Debtors in Possession*

Trey A. Monsour (Tex. Bar No. 14277200)  
2501 North Harwood Street, Suite 1800  
Dallas, Texas 75201  
Telephone: (214) 231-5796  
Facsimile: (972) 404-0516  
Email:   tmonsour@foxrothschild.com  

*Counsel to the Official Committee of Unsecured Creditors*

**Certificate of Service**

   I certify that on October 12, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                    */s/ Matthew D. Cavenaugh*
                    Matthew D. Cavenaugh