UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| KATERRA INC., *et al.*, | : |
| | : Case No. 21-31861 (DRJ) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |
| KATERRA INC., by and through Daniel R. Williams, as Plan Administrator on behalf of Katerra Inc. and related debtors, | : |
| | : |
| | : Adv. No. |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| LAP SHUN HUI a/k/a JOHN HUI, | : |
| | : |
| Defendant. | : |

## COMPLAINT

Katerra Inc. and its affiliated debtors[1] ("Plaintiffs" or "Debtors"), by and through Daniel R. Williams as Plan Administrator ("Plan Administrator"), hereby file this Complaint against Lap Shun Hui a/k/a John Hui ("Defendant" or "Hui") to recover damages for breach of contract and for other relief, and allege in support thereof as follows:

---

[1] The Debtors a/k/a Wind-Down Debtors are: (i) Katerra Inc.; (ii) CAPGro Construction Management LLC; (iii) Katerra Inc. (Cayman); (iv) AlgoSquare Inc.; (v) Katerra Architecture LLC; (vi) Edge @ LoHi LLC; (vii) Katerra Construction LLC; (viii) Hillsboro 1 Project LLC; (ix) Katerra Engineering LLC; (x) Katerra Pearson Ranch Investment LLC; (xi) Lord Aeck & Sargent Inc.; (xii) Katerra Pegasus RiNo Investment LLC; (xiii) Hillsboro 1 Project MM LLC; (xiv) Katerra XSC Houston Investment LLC; (xv) Katerra RO2 Knipe Village Investment LLC; (xvi) Apollo Technologies Inc.; (xvii) Hillsboro 2 Project LLC; (xviii) Kirkland 1 Project LLC; (xix) Kirkland 1 Project MM LLC; (xx) Hillsboro 2 Project MM LLC; (xxi) Bristlecone 28th Ave, LLC; (xxii) Perimeter Building Services LLC; (xxiii) Kirkland 2 Project LLC; (xxiv) Bristlecone Residential LLC; (xxv) Katerra Affordable Housing LLC; (xxvi) Construction Assurance Ltd.; (xxvii) Roots Software LLC; (xxviii) Kirkland 2 Project MM LLC; (xxix) Dangoo Electronics (USA) Co. Ltd.; (xxx) Skyview Concrete LLC; (xxxi) UEB Builders, Inc.; (xxxii) Valpico Glenbriar Apartments LLC; and (xxxiii) WM Aviation, LLC. The Wind-Down Debtors' service address in these chapter 11 cases is 3101 North Central Avenue, Suite 670, Phoenix, AZ 85012.

A. **BACKGROUND**

1. On June 6, 2021 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Texas (Houston Division). Thereafter, the cases were jointly administered under Case Number 21-31861(DRJ) (the "Bankruptcy Case").

2. On June 7, 2021, the Debtors filed the *Declaration Of Marc Liebman In Support Of Chapter 11 Petitions And First Day Motions* and the *Declaration of Matthew R. Niemann In Support Of (A) DIP Financing And (B) All First Day Relief* [Docket No. 37 – the "Liebman Declaration" and Docket No. 39 – the "Niemann Declaration," respectively, and collectively, the "First Day Declarations"] in order to provide a brief history of the Debtors, an overview of the Debtors' operations, the need for Chapter 11 relief, and the anticipated course of the Bankruptcy Case.

3. According to the First Day Declarations[2]:

   a) The Debtors operated as "an innovative and eco-conscious construction company that develop[ed], manufacture[d], and market[ed] products and services in the commercial and residential construction spaces" from 2015 through the Petition Date;

   b) During this six year period, the Debtors rapidly expanded their footprint through acquisitions of construction businesses and manufacturing facilities in the United States, Canada, India, and Saudi Arabia;

---

[2] Plaintiffs do not adopt or otherwise accept as true the averments set forth in the First Day Declarations but include them herein merely for background purposes.

c) Despite having secured over $3 billion in equity investments, the Debtors continually experienced operational issues and suffered significant financial losses as a result of, among other things, their heavy operating-cost structure, high cash burn, recurring losses on construction projects, continuous inability to generate profits, problems in securing bonding for new projects, identification of improper revenue recognition practices/accounting irregularities, and insufficient working capital;

d) From 2018 through 2020, the Debtors experienced approximately $2.78 billion in financial losses;

e) In the period July 2020 through September 2020, the Debtors appointed new management and engaged restructuring advisors as well as investment bankers; and

f) The Debtors and certain of their non-debtor subsidiaries had an aggregate principal amount of approximately $1.29 billion to $1.55 billion in estimated obligations as of the Petition Date.

4. On October 21, 2021 (the "Confirmation Date"), the Bankruptcy Court entered an *Order (I) Approving the Disclosure Statement and (II) Confirming the Amended Joint Chapter 11 Plan of Katerra Inc. and Its Debtor Subsidiaries* [Docket No. 1372 - the "Confirmation Order"], which confirmed the *Amended Joint Chapter 11 Plan of Katerra Inc. and Its Debtor Subsidiaries* [Docket No. 1338 - the "Plan"] and appointed Daniel R. Williams of JS Held, LLC as Plan Administrator, sole manager and sole officer of the above-captioned Wind-Down Debtors.

5. The Debtors filed their *Notice Of Occurrence Of The Effective Date Of The Amended Joint Chapter 11 Plan Of Katerra Inc. And Its Debtor Subsidiaries* [Docket No. 1422], stating that the effective date of the Plan occurred on October 29, 2021 (the "Effective Date").

6. The Plan and Confirmation Order preserve the Plan Administrator's right to prosecute Causes of Action. *See* Plan at Article IV, ¶ N ("… the Wind-Down Debtors, as applicable, shall retain and may enforce all rights to commence and pursue, as appropriate, any and all Causes of Action, whether arising before or after the Petition Date, including any actions specifically enumerated in the Schedule of Retained Causes of Action, and the Wind-Down Debtors' rights to commence, prosecute, or settle such Causes of Action shall be preserved notwithstanding the occurrence of the Effective Date…").

7. On October 20, 2021, the Wind-Down Debtors filed the *Notice of Filing of Third Amended Plan Supplement* [Docket No. 1358 – the "Third Amended Plan Supplement"], and attached as Schedule B thereto a Schedule of Retained Causes of Action. Schedule B to the Third Amended Plan Supplement preserves the Wind-Down Debtors' right to pursue, among other things, the following Causes of Action[3]: (i) "any and all Causes of Action, … for breach of contract, negligence, professional negligence, breach of fiduciary duty, aiding or abetting breach of fiduciary duty or other duties, or fraud, and any other claims, rights, demands, damages and liabilities of any kind whether in law or in equity, whether such claims are known or unknown, directly or indirectly arising from or related to the causes of action described herein against Non-Released D&O Parties, including without limitation the Non-Released D&O Parties identified on

---

[3] To the extent there is any inconsistency between the summary of the Causes of Action set forth in this Complaint, the terms of the Plan, Confirmation Order, and applicable Plan Supplement govern.

Exhibit F attached [to the Third Amended Plan Supplement] …" ; (ii) "any and all Causes of Action related to any payments received by insiders, including, without limitation, certain insider payments identified on Schedule B(i) [to the Third Amended Plan Supplement]"; (iii) "any and all Causes of Action related to certain transfers identified on Schedule B(ii) attached [to the Third Amended Plan Supplement]"; and (iv) "any and all Causes of Action identified on Schedule B(v) attached [to the Third Amended Plan Supplement]. *See* Docket No. 1358, pages 13-16.

8. Defendant Hui is explicitly listed as a Non-Released D&O Party on Exhibit F to the Third Amended Plan Supplement. *See id.* at pages 45 and 50.

**B.    PARTIES**

9. By virtue of the Plan and Confirmation Order, the Plan Administrator has standing and authority to prosecute causes of action that were preserved and vested in the Debtors on the Effective Date of the Chapter 11 Plan, including the causes of action asserted herein against the Defendant.

10. Defendant Hui is a citizen of the State of California and is <u>sui juris</u>. Hui was a member of Katerra Inc.'s Board of Directors from June 15, 2017 through January 16, 2019. At all relevant times to the claims asserted herein, Hui was an "insider" of the Debtors within the meaning of Bankruptcy Code section 101(31B).

**C.    JURISDICTION AND VENUE**

11. This is an action against the Defendant seeking damages for breach of contract, turnover of property of the Debtors' estate pursuant to Bankruptcy Code section 542, and restitution for unjust enrichment pursuant to federal common law.

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§

157(a) and 1334(b). In the Confirmation Order, the Court retained jurisdiction over the Chapter 11 cases and all matters arising out of or related to the Chapter 11 cases and the Plan notwithstanding entry of such order and the occurrence of the Effective Date. This action holds a close nexus to the Plan, in that it affects the interpretation, consummation, execution, or administration thereof.

13. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), and (O). In the event any of the claims asserted herein constitute non-core proceedings and/or if this Court lacks the constitutional authority to enter final judgment on any of the claims pursuant to *Stern v. Marshall*, 131 S. Ct. 2594 (2011) and other applicable law, Plaintiffs consent to the entry of final orders and judgment by the Bankruptcy Court.

14. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

D.   **GENERAL ALLEGATIONS**

15. On October 10, 2017, Katerra Inc. (as lender) and Hui (as borrower) entered into a Secured Partial Recourse Promissory Note (the "Note") in consideration for Hui's purchase of 15,000 ordinary shares of the company. A true and correct copy of the Note is attached hereto as ***Exhibit A***.

16. The Note was in the principal amount of $451,800, accrued interest at the rate of 3.0% per annum (compounded annually), and matured on the close of business of (a) the 10th anniversary of the date of the Note, or (b) the date of a Change in Control as defined in Katerra Inc.'s 2015 Equity Incentive Plan and the subject share option agreement.

17. The Note also contained the following security and recourse provisions:

> 5. Security and Recourse: The Obligations shall be secured by a first-priority security interest in all of the Shares and/or Collateral…. *Regardless of any collateral that may secure the Borrower's obligations under this Note,* **the Borrower shall remain personally liable for the payment in full of any obligations owing under this Note to the extent of the sum of (a) 51% of the Original Principal under this Note, plus (b) any unpaid interest due or compounded under this Note and any Costs** *(as defined below) (the immediately preceding subparts (a) and (b) collectively referred to as, the "Recourse Portion")*, and the Company will have, in addition to its rights and remedies under this Note and the Equitable Mortgage, full recourse against any real, personal, tangible or intangible assets of Borrower to the extent of the Recourse Portion, and may pursue any legal or equitable remedies that are available to it.

(Emphasis added).

18. The Note also stated the following would constitute an "event of default" (thereby triggering Katerra Inc.'s right to declare the Note to be immediately due and payable by Hui and authorizing Katerra Inc. to exercise any of its enforcement rights with regard thereto): the date that is one year following the termination of Hui's employment with the company (the "Event of Default").

19. As a result of a stock split on or about September 4, 2018, Hui's 15,000 common shares in Katerra Inc. increased to 150,000 common shares.

20. On January 16, 2019 (the "Termination Date"), Hui's relationship with Katerra Inc. terminated. At such time, the outstanding balance of the Note was $468,993.16.

21. On the same date, however, the parties entered into an agreement (the "Stock Repurchase Agreement") whereby Katerra Inc. (i) repurchased 87,500 unvested shares held by Hui at a per share price of $3.012 per share by way of a $263,550 reduction of the aggregate balance of the Note (the "Stock Repurchase") and (ii) reminded Hui of his continuing obligation "pursuant to the Note, to repay the unpaid principal balance of the Note of $205,443.16, plus interest on such principal balance at the rate of 3.0% per annum, compounded annually … within

one (1) year following the Termination Date" (the "Outstanding Balance"), with such obligation remaining secured by his 62,500 vested shares. A true and correct copy of the Stock Repurchase Agreement is attached hereto as *Exhibit B*.

22. Hui failed to repay any portion of the Outstanding Balance of the Note to Katerra Inc. within one year of his Termination Date and such failure constituted an "Event of Default" under the Note.

23. The Plan Administrator, as the Debtors' sole authorized representative, has elected and declared the Note and all other obligations secured thereunder to be immediately due and payable by Hui.

24. In addition, the Note matured by October 21, 2021 by virtue of the "Change in Control" that occurred through the sale of substantially all of the Debtors' assets between the Petition Date and Confirmation Date.[4] "Change in Control" was defined at section 2(f)(iii) of Katerra Inc.'s 2015 Equity Incentive Plan as a "[a] change in the ownership of a substantial portion of the Company's assets which occurs on the date that any Person acquires (or has acquired during the twelve (12) month period ending on the date of the most recent acquisition by such person or persons) assets from the Company that have a total gross fair market value equal to or more than 50% of the total gross fair market value of all of the assets of the Company immediately prior to such acquisition or acquisitions."

---

[4] *See, e.g.,* Docket Nos. 30, 176, 187, 370, 412, 414, 662, 684, 715, 721, 732, 793-794, 845, and 937.

E.    **CLAIMS**

## COUNT I
### Breach of Contract

25.    Plaintiffs repeat and reallege paragraphs 1 through 24 of this Complaint as if fully set forth at length herein.

26.    On October 10, 2017, Debtor Katerra Inc. and Defendant Hui entered into the Note in order to enable Hui to purchase ordinary shares of the company.

27.    Under the Note, Hui was personally liable for repayment of (a) 51% of the original principal balance of $451,800, plus (b) any unpaid interest due or compounded under the Note and any Costs (as defined therein) to Debtor Katerra Inc.

28.    The outstanding balance of the Note was $468,993.16 on January 16, 2019 and interest continued to accrue thereon until the Note was satisfied.

29.    On January 16, 2019, the parties entered into the Stock Repurchase Agreement reducing the aggregate balance of the Note from $468,993.16 to $205,443.16 through Debtor Katerra Inc.'s repurchase of 87,500 unvested shares held by Hui at a per share price of $3.012 per share or $263,550.

30.    The Stock Repurchase Agreement also reminded Hui of his continuing obligation to repay the Outstanding Balance of $205,443.16 "plus interest on such principal balance at the rate of 3.0% per annum, compounded annually … within one (1) year following the Termination Date."

31.    An "Event of Default" occurred under the Note on January 16, 2020 as a result of Hui's failure to repay the Outstanding Balance of the Note to Debtor Katerra Inc. on such date or

at any time thereafter.

32. In addition, the Note matured by October 21, 2021 by virtue of the "Change in Control" that occurred through the sale of substantially all of the Debtors' assets between the Petition Date and Confirmation Date.

33. Hui's failure to repay the Outstanding Balance of the Note to Katerra Inc. constitutes a material breach of the Note.

34. As a direct and proximate result of Hui's material breach of the Note, Debtor Katerra Inc. has suffered damages.

35. All conditions precedent to the assertion of this claim have been performed, waived, satisfied or have otherwise occurred.

## COUNT II
### Action for Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542

36. Plaintiffs repeat and reallege paragraphs 1 through 35 of this Complaint as if fully set forth at length herein.

37. Bankruptcy Code section 542(b) states that, "[e]xcept as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor."

38. Defendant Hui is an entity that owes a debt (consisting of his indebtedness under the Note) that is property of Debtor Katerra Inc.'s estate and that is matured, payable on demand, or payable on order.

39. Accordingly, Defendant Hui is required to pay such debt (consisting of his indebtedness under the Note) to or on the order of the Plan Administrator on behalf of Debtor Katerra Inc.

40. The debt (consisting of his indebtedness under the Note) may not be offset under Bankruptcy Code section 553 against a claim against Debtor Katerra Inc.

41. Accordingly, Defendant Hui is required to turnover the full amount owed under the Note to Debtor Katerra Inc. pursuant to Bankruptcy Code section 542(b).

**COUNT III**
**Claim for Unjust Enrichment**

42. Plaintiffs repeat and reallege paragraphs 1 through 41 of this Complaint as if fully set forth at length herein.

43. This is a claim for unjust enrichment.

44. Debtor Katerra Inc. conferred benefits upon Defendant Hui by (i) allowing him to purchase 15,000 ordinary shares of the company on October 10, 2017; (ii) allowing him to increase his holdings to 150,000 ordinary shares of the company by virtue of the stock split that occurred on or about September 4, 2018; and (iii) allowing him to hold such shares for a period of over one year without any out-of-pocket upfront or subsequent expense.

45. Hui knowingly and voluntarily accepted and retained the benefits conferred by Debtor Katerra Inc.

46. The circumstances are such that it would be inequitable and unjust for Hui to retain the benefits conferred by Debtor Katerra Inc. without paying Plaintiffs the value thereof.

47. As a result of the foregoing, Hui has been unjustly enriched at the expense of Debtor

Katerra Inc.'s estate.

48. Plaintiffs are entitled to the return of those amounts by which Hui was unjustly enriched through disgorgement or any other appropriate remedy.

**F.    ATTORNEYS' FEES**

49. The Note provides that "[i]f any action is instituted to collect this Note, the Borrower [Hui] promises to pay all reasonable costs and expenses, including without limitation reasonable attorney's fees (collectively, "Costs") incurred by the Company [Katerra Inc.] in connection with such action." As a result of Defendant Hui's failure to repay the Note, Debtor Katerra Inc. has been required to retain the undersigned counsel to institute and prosecute this action. Accordingly, Debtor Katerra Inc. pleads and requests that, as provided in the Note and/or pursuant to substantive state law, upon entry of a favorable judgment in this action, it be awarded (i) its reasonable and necessary attorneys' fees for prosecuting its claims for breach of contract through trial of this action; and (ii) its additional reasonable and necessary attorneys' fees for any subsequent appeals of such action to both the United States District Court for the Southern District of Texas, the United States Court of Appeals for the Fifth Circuit, and as to each stage of a petition for certiorari and further appeal to the Supreme Court of the United States. Debtor Katerra Inc. asks the Court to award it all of its recoverable reasonable and necessary attorneys' fees it establishes its entitlement to receive.

**G.    PREJUDGMENT AND POST-JUDGMENT INTEREST**

50. Debtor Katerra Inc. is entitled to and requests the Court award prejudgment interest on all amounts to which it lawfully applies, from the date of Debtor Katerra Inc.'s first written

demand through the date of final judgment, at the lawful prejudgment interest rate, from Defendant Hui, as allowed by law.

51. Debtor Katerra Inc. is also entitled to and requests the Court to award post-Judgment interest on all amounts awarded, from the date of judgment, until the judgment is satisfied, at the lawful post-judgment interest rate, from Defendant Hui, as allowed by law.

**H.  PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request this Court to enter a judgment against Defendant Hui:

(a) awarding damages to Plaintiffs for Defendant Hui's material breach of the Note by failing to repay the indebtedness owed thereunder together with accrued prejudgment interest and taxable costs;

(b) ordering Defendant Hui to turnover the actual amounts owed under the Note or the value thereof together with accrued prejudgment interest and taxable costs to the Plaintiffs; and

(c) awarding any additional relief this Court deems is just and proper.

**I.  RESERVATION OF RIGHTS**

Plaintiffs reserve the right to further amend this complaint, upon completion of their investigation and discovery, to assert any additional claims for relief against the Defendant as may be warranted under the circumstances allowed by law.

Dated: April 6, 2023

        Respectfully submitted,

        */s/ Trey A. Monsour*
        Trey A. Monsour, Esq.
        (Tex. Bar No. 14277200)
        David G. Crooks, Esq.
        (Tex. Bar No. 24028168)
        Adam T. Hamilton, Esq.
        (Tex. Bar No. 24087655)
        Fox Rothschild LLP
        Saint Ann Court
        2501 North Harwood Street, Suite 1800
        Dallas, TX  75201
        Telephone:  (214) 231-5796
        Facsimile:  (972) 404-0516
        Mobile:  (713) 927-7469
        E-mail: tmonsour@foxrothschild.com
        E-mail: dcrooks@foxrothschild.com
        E-mail: ahamilton@foxrothschild.com

        -and-

        Michael A. Sweet (admitted *pro hac vice*)
        345 California Street, Suite 2200
        San Francisco, California 94104
        Telephone:  (415) 364-5540
        Facsimile:  (415) 391-4436
        E-mail: msweet@foxrothschild.com

        -and-

        Gordon E. Gouveia (admitted *pro hac vice*)
        321 North Clark Street, Suite 1600
        Chicago, IL 60654
        Telephone:  (312) 980-3816
        Facsimile:  (312) 517-9201
        E-mail: ggouveia@foxrothschild.com

        -and-

Robert F. Elgidely (admitted *pro hac vice*)
One Biscayne Tower
2 South Biscayne Boulevard, Suite 2750
Miami, FL 33131
Telephone: (305) 442-6543
Facsimile: (305) 442-6541
E-mail: relgidely@foxrothschild.com

*Counsel to the Plan Administrator*