# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re: | Chapter 11 |
| Katerra Inc., | Case No.: 21-31861(CML) |
| Debtors. | (Jointly Administered) |
| Katerra Construction, LLC, *et al.*, by and through Daniel R. Williams, Plan Administrator on behalf of Katerra Inc. and related debtors, | Adv. No. 23- |
| Plaintiff, | **COMPLAINT (i) FOR BREACH OF CONTRACT, OR ALTERNATIVELY UNJUST ENRICHMENT, (ii) FOR TURNOVER OF PROPERTY OF THE ESTATE UNDER SECTION 542(b) OF THE BANKRUPTCY CODE, and (iii) OBJECTION TO CLAIM NO. 902** |
| v. | |
| Valpico Tracy Apartments, LLC, | |
| Defendant. | |

Katerra Construction LLC, ("Plaintiff," the "Debtor" or "Katerra"), by and through Daniel R. Williams, as Plan Administrator ("Plan Administrator"), by and through his counsel, Fox Rothschild LLP, hereby files this Complaint (the "Complaint") against Valpico Tracy Apartments, LLC ("Valpico") (i) for breach of contract, or alternatively unjust enrichment; (ii) to recover money and property belonging to the Debtor's estates under Section 542(b) of the Bankruptcy Code; and (iii) for disallowance of proof of Claim No. 902 filed by Valpico.

150544910.2

## PARTIES

1. Plaintiff is Katerra Construction, LLC, by and through the Plan Administrator on behalf of the Wind-Down Debtors (defined herein). Pursuant to the Confirmation Order and the Plan (defined herein), the Plan Administrator is duly authorized to assert claims on behalf of the Debtor.

2. Defendant is Valpico Tracy Apartments, a Delaware limited liability company with its principal place of business at 5780 Fleet Street, Suite 225, Carlsbad, CA 92008.

## PROCEDURAL BACKGROUND

3. On June 6, 2021 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief (the "Bankruptcy Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

4. On October 21, 2021, the Court entered the *Order (I) Approving the Disclosure Statement and (II) Confirming the Amended Joint Chapter 11 Plan of Katerra Inc. and Its Debtor Subsidiaries* (the "Confirmation Order") [Docket No. 1372] confirming the *Debtors' Amended Joint Chapter 11 Plan* (the "Plan")[1] [Docket No. 1338] and appointing Daniel R. Williams of JS Held, LLC (the "Plan Administrator") as the sole manager and sole officer of the related debtors (the "Wind-Down Debtors").

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

2

150544910.2

5.      The Plan and Confirmation Order preserve the Plan Administrator's right to prosecute Causes of Action.  *See* Plan at Article IV, ¶ N (" . . . the Wind-Down Debtors, as applicable, shall retain and may enforce all rights to commence and pursue, as appropriate, any and all Causes of Action, whether arising before or after the Petition Date, including any actions specifically enumerated in the Schedule of Retained Causes of Action, and the Wind-Down Debtors' rights to commence, prosecute, or settle such Causes of Action shall be preserved notwithstanding the occurrence of the Effective Date . . .").

6.      On October 20, 2021, the Wind-Down Debtors filed the *Notice of Filing of Third Amended Plan Supplement* [D.I. 1358] (the "Third Amended Plan Supplement"), and attached as Schedule B to the Third Amended Plan Supplement is a Schedule of Retained Causes of Action.  Schedule B to the Third Amended Plan Supplement preserves the Wind-Down Debtors' right to pursue "any and all Claims and Causes of action related to accounts receivable and accounts payable against or related to all Entities or Persons that owe . . . money to the Debtors or the Wind-Down Debtors" and "any and all Causes of Action, based in whole or in part upon any and all contracts . . . to which any Debtor is a party or pursuant to which any Debtor or Wind-Down Debtor has any rights whatsoever including, without limitation, Causes of Action against . . . any other parties . . . (b) for wrongful or improper termination . . . or failure to meet other contractual . . . obligations; (c) for failure to fully perform or to condition performance on additional requirements under contracts with any one or more of the Debtors before the assumption or rejection, if applicable, of such contracts; . . . (g) any turnover actions arising under section 542 . . . of the Bankruptcy Code . . .").  *See* D.I. 1358, page 35-36.

3

150544910.2

7. On October 29, 2021, the Wind-Down Debtors filed the *Notice of Filing of Fifth Amended Plan Supplement* [D.I. 1418] (the "Fifth Amended Plan Supplement" and together with the Third Amended Plan Supplement and other applicable plan supplements, the "Plan Supplements"), and attached as Schedule B(vi) to the Fifth Amended Plan Supplement is a Schedule of Retained Causes of Action Related to Accounts Receivable.

8. Valpico Tracy Apartments, LLC is specifically listed on Schedule B(vi) on the Fifth Amended Plan Supplement. *See* D.I. 1418 at page 12.

9. The claims asserted in this Complaint were explicitly preserved in the Plan, the Confirmation Order, and the Plan Supplements.

## JURISDICTION AND VENUE

10. This adversary proceeding arises under the Bankruptcy Code and arises in the Bankruptcy Cases.

11. This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

12. This adversary proceeding constitutes a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

13. Jurisdiction and venue are proper in this Court pursuant to Federal Rule of Bankruptcy Procedure 7004 because this is a case brought under the Bankruptcy Code or is a civil proceeding arising under the Bankruptcy Code or arising in or related to a case under the Bankruptcy Code.

14. Pursuant to 28 U.S.C. § 157(b)(1), this Court has authority to enter final judgment on all counts of the Complaint, subject to review under 28 U.S.C. § 158. Furthermore, the Plaintiff consents to final orders or judgment by this Court.

15. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL ALLEGATIONS

16. On December 23, 2020, Katerra and Valpico entered into a contract, AIA Document A141-2014, Standard Form of Agreement Between Owner and Design-Builder and ancillary amendments, (collectively, the "Contract") for construction work and certain improvements of residential buildings and related facilities and amenities at the Valpico Glenbriar Apartments located at 351 E. Valpico Road, Tracy, CA 95376 ("Project"). Under the Contract, Katerra agreed to act as the design-builder and Valpico was the owner. *See* Exhibit A.

17. Pursuant to the Contract, the contract sum was Sixty Million Seven Hundred Sixty-Six Thousand Four Hundred Fourteen Dollars and 66/10 Cents ($60,766,414.66), subject to adjustments as set forth in the Contract. Valpico issued change orders totaling $24,578.40 increasing the contract sum to $60,790,993.06.

18. Katerra began to perform and performed certain work for the Project and provided materials and labor as required by the Contract.

19. On June 1, 2021, Katerra provided a notice informing Valpico about Katerra's intent to wind down its operations.

20. On June 3, 2021, Valpico issued a Notice of Termination for Default wrongfully terminating the Contract for cause under Sections 13.2.2.1 and 13.2.2 of the

Contract. *See* Exhibit B. In its termination letter, Valpico contends that one of the reasons for termination was Katerra's intention to file for bankruptcy. *Id*. In its termination letter, Valpico did not claim that any of the work that Katerra performed prior of the date of the Contract termination was defective or incomplete. *Id*.

21.  Valpico failed to pay Katerra for the work performed through the Contract termination date.

22.  On June 6, 2021, Katerra filed its voluntary petition for relief under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas.

23.  On August 9, 2021, Valpico filed a general unsecured claim against Katerra in the amount of $10,000,000.00 ("Claim No. 902"), alleging a breach of the Contract.[2]

24.  As of the filing of this Complaint, Valpico has failed to pay Katerra the amount of $3,655,073.69 (or any portion thereof), which remains outstanding, due, and owing to Katerra.

### COUNT ONE
### (BREACH OF CONTRACT – IMPROPER TERMINATION FOR CAUSE)

25.  Katerra incorporates the allegations of paragraphs 1 through 24 as though fully set forth herein.

---

[2] Valpico contemporaneously filed claim No. 857 seeking $10,000,000, which was disallowed in its entirety as a duplicate claim by this Court's October 20, 2021 Order.

150544910.2

26. Katerra filed its voluntary petition for relief under chapter 11 of the United States Bankruptcy Code on June 6, 2021, which triggered an automatic stay pursuant to 11 U.S.C. § 362.

27. Valpico terminated the Contract for default under Section 13.2.2 of the Contract, which is in part an *ipso facto* clause under the Bankruptcy Code. Section 13.2.2 states as follows:

> **§13.2.2** Termination by the Owner for Cause
> **§13.2.2.1** Should Design-Builder: (a) cease work or fail to maintain the Schedule for a continuous and uncorrected period of 30 days […] (g) file bankruptcy, assign assets for the benefit of creditors, become insolvent, or be unable or fail to pay its obligations as they mature;

28. Pursuant to Section 13.2.2.2, Valpico may terminate the Contract only after giving Katerra seven (7) days' written notice. Consequently, the termination is effective 7 days after the written notice is provided.

29. Valpico purports to have emailed a written notice to Katerra on June 3, 2021. Accordingly, termination of the Contract became effective no earlier than June 10, 2021, after Katerra had filed for bankruptcy. The Bankruptcy Code makes Section 13.2.2 of the Contract unenforceable in the bankruptcy proceedings. 11 U.S.C. § 365(e). Therefore, Valpico was precluded from relying on Section 13.2.2, and thus, the termination for cause was improper.

30. The Contract between Katerra and Valpico is a valid, legally binding, and enforceable agreement.

31. Katerra performed all conditions and obligations to be performed on its part for the enforcement of the Contract until Katerra was terminated.

32. Valpico has breached the Contract by, *inter alia*, failing to pay Katerra the amounts due and improperly terminating the Contract for cause.

33. Valpico's breach of the Contract has damaged Katerra and its Chapter 11 Bankruptcy estate in an amount to be proven at trial.

## COUNT TWO
## (BREACH OF CONTRACT)

34. Katerra incorporates the allegations of paragraphs 1 through 33 as though fully set forth herein.

35. The Contract between Katerra and Valpico is a valid, legally binding, and enforceable agreement.

36. Katerra performed all conditions and obligations to be performed on its part to the enforcement of the Contract until Katerra was terminated.

37. Valpico has breached the Contract by, *inter alia*, by failing to timely make a payment of $3,655,073.69, which amount remains due, owing, and outstanding under the Contract.

38. Valpico's breach of the Contract had damaged Katerra and its Chapter 11 Bankruptcy estate in an amount to be proven at trial.

## COUNT THREE
## UNJUST ENRICHMENT (IN THE ALTERNATIVE TO COUNTS 1-2)

39. Katerra incorporates the allegations of paragraphs 1 through 38 as though fully set forth herein.

40. Katerra conferred a benefit on Valpico by performing work for the Project.

41. Valpico voluntarily accepted and retained the benefit of Katerra's work.

150544910.2

42. Valpico refused to pay for the benefits it received through Katerra's work by, among other things, failing to compensate Katerra for work and services it performed prior to termination.

43. It would be inequitable for Valpico to retain the benefit of the work Katerra performed if Valpico does not pay Katerra for the value of such work.

44. Katerra is entitled to recover the reasonable value of labor, services, and materials provided to Valpico.

### COUNT FOUR
### (OBJECTION TO CLAIM NO. 902)

45. Katerra incorporates the allegations of paragraphs 1 through 44 as though fully set forth herein.

46. Katerra's outstanding accounts receivable ("A/R") consist of amounts due for earned and unpaid payments applications for Katerra's work for the Project through June 2021, along with earned retention. The current outstanding A/R balance is $3,655,073.69, and it remains unpaid.

47. Valpico's Claim No. 902 seeks damages in the amount of $10,000,000.00. Valpico's Claim is based upon the fiction that it has terminated Katerra for default or that Katerra otherwise breached the Contract.

48. Valpico's Claim No. 902 shall be disallowed (i) pursuant to 502(d) because property is recoverable under Section 542 of the Bankruptcy Code, and (ii) pursuant to 502(b) because Valpico's Claim No. 902 is unliquidated and unenforceable against the debtor and property of the debtor.

## COUNT FIVE
### (TURNOVER OF BANKRUPTCY ESTATE PROPERTY PURSUANT TO 11 U.S.C. § 542(b))

49. Katerra incorporates the allegations of paragraphs 1 through 48 as though fully set forth herein.

50. Pursuant to the terms of the Contract, Valpico owes a debt to Katerra.

51. The debt Valpico owes to Katerra is fully matured and due.

52. The debt Valpico owes to Katerra is property of the Katerra bankruptcy estate.

53. Pursuant to 11 U.S.C. § 542(b), Valpico shall immediately pay to the Plan Administrator all amounts due and owing under the Contract in an amount of $3,655,073.69, or such other amount to be proven at trial.

WHEREFORE, Katerra Construction LLC, prays for judgment against Valpico Tracy Apartments, LLC as follows:

A. For compensatory damages in an amount to be proven at trial;

B. For a Court Order mandating Valpico to immediately turnover the funds due and owing under the Contract in an amount of $3,655,073.69, or such other amount that is to be proven at trial;

C. For a Court Order disallowing Valpico's Claim No. 902 in its entirety;

D. For pre- and post-judgment interest; and

E. For such other and further relief as the Court deems equitable and proper.

150544910.2

| | |
|---|---|
| Dated:  October 20, 2023 | **FOX ROTHSCHILD LLP**<br><br>*/s/ Trey A. Monsour*<br>Trey A. Monsour, Esq.<br>(Tex. Bar No. 14277200)<br>David G. Crooks, Esq.<br>(Tex. Bar No. 24028168)<br>Adam T. Hamilton, Esq.<br>(Tex. Bar No. 24087655)<br>Fox Rothschild LLP<br>Saint Ann Court<br>2501 North Harwood Street, Suite 1800<br>Dallas, TX  75201<br>Telephone: (214) 231-5796<br>Facsimile: (972) 404-0516<br>Mobile:  (713) 927-7469<br>E-mail:   tmonsour@foxrothschild.com<br>E-mail:   dcrooks@foxrothschild.com<br>E-mail:   ahamilton@foxrothschild.com<br><br>-and-<br><br>Michael A. Sweet (admitted *pro hac vice*)<br>345 California Street, Suite 2200<br>San Francisco, California 94104<br>Telephone:  (415) 364-5540<br>Facsimile:  (415) 391-4436<br>E-mail: msweet@foxrothschild.com<br><br>-and-<br><br>Gordon E. Gouveia (admitted *pro hac vice*)<br>321 North Clark Street, Suite 1600<br>Chicago, IL 60654<br>Telephone:  (312) 980-3816<br>Facsimile:  (312) 517-9201<br>E-mail: ggouveia@foxrothschild.com<br><br>*Attorneys for Daniel R. Williams, as Plan Administrator* |

11