IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re:<br><br>Katerra Inc.,<br><br>                                   Debtors. | Chapter 11<br><br>Case No.: 21-31861(CML)<br><br>(Jointly Administered) |
| Katerra Construction, LLC, *et al.*, by and through Daniel R. Williams, Plan Administrator on behalf of Katerra Inc. and related debtors,<br><br>                                   Plaintiff,<br>v.<br><br>Hoffman Construction Company of Washington,<br><br>                                   Defendant. | Adv. No. 23-<br><br>**COMPLAINT (i) FOR BREACH OF CONTRACT, (ii) FOR TURNOVER OF PROPERTY OF THE ESTATE UNDER SECTION 542(b) OF THE BANKRUPTCY CODE, and (iii) OBJECTION TO CLAIM NO. 161** |

      Katerra Construction LLC, ("Plaintiff," the "Debtor" or "Katerra"), by and through Daniel R. Williams, as Plan Administrator ("Plan Administrator"), by and through his counsel, Fox Rothschild LLP, hereby files this Complaint (the "Complaint") against Hoffman Construction Company of Washington ("Hoffman") (i) for breach of contract; (ii) to recover money and property belonging to the Debtor's estates under Section 542(b) of the Bankruptcy Code; and (iii) for disallowance of proof of Claim No. 161 filed by Hoffman.

150503857.2

**PARTIES**

1. Plaintiff is Katerra Construction, LLC, by and through the Plan Administrator on behalf of the Wind-Down Debtors (defined herein). Pursuant to the Confirmation Order and the Plan (defined herein), the Plan Administrator is duly authorized to assert claims on behalf of the Debtor.

2. Defendant is Hoffman Construction Company of Washington, a Washington Corporation with its principal place of business at 600 Stewart St., Suite 1000, Seattle, WA, 98101-1225.

**PROCEDURAL BACKGROUND**

3. On June 6, 2021 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief (the "Bankruptcy Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

4. On October 21, 2021, the Court entered the *Order (I) Approving the Disclosure Statement and (II) Confirming the Amended Joint Chapter 11 Plan of Katerra Inc. and Its Debtor Subsidiaries* (the "Confirmation Order") [Docket No. 1372] confirming the *Debtors' Amended Joint Chapter 11 Plan* (the "Plan")[1] [Docket No. 1338] and appointing Daniel R. Williams of JS Held, LLC (the "Plan Administrator") as the sole manager and sole officer of the related debtors (the "Wind-Down Debtors").

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

2

5. The Plan and Confirmation Order preserve the Plan Administrator's right to prosecute Causes of Action. *See* Plan at Article IV, ¶ N (" . . . the Wind-Down Debtors, as applicable, shall retain and may enforce all rights to commence and pursue, as appropriate, any and all Causes of Action, whether arising before or after the Petition Date, including any actions specifically enumerated in the Schedule of Retained Causes of Action, and the Wind-Down Debtors' rights to commence, prosecute, or settle such Causes of Action shall be preserved notwithstanding the occurrence of the Effective Date . . .").

6. On October 20, 2021, the Wind-Down Debtors filed the *Notice of Filing of Third Amended Plan Supplement* [D.I. 1358] (the "Third Amended Plan Supplement"), and attached as Schedule B to the Third Amended Plan Supplement is a Schedule of Retained Causes of Action. Schedule B to the Third Amended Plan Supplement preserves the Wind-Down Debtors' right to pursue "any and all Claims and Causes of action related to accounts receivable and accounts payable against or related to all Entities or Persons that owe . . . money to the Debtors or the Wind-Down Debtors" and "any and all Causes of Action, based in whole or in part upon any and all contracts . . . to which any Debtor is a party or pursuant to which any Debtor or Wind-Down Debtor has any rights whatsoever including, without limitation, Causes of Action against . . . any other parties . . . (b) for wrongful or improper termination . . . or failure to meet other contractual . . . obligations; (c) for failure to fully perform or to condition performance on additional requirements under contracts with any one or more of the Debtors before the assumption or rejection, if applicable, of such contracts; . . . (g) any turnover actions arising under section 542 . . . of the Bankruptcy Code . . ."). *See* D.I. 1358, page 35-36.

7. On October 29, 2021, the Wind-Down Debtors filed the *Notice of Filing of Fifth Amended Plan Supplement* [D.I. 1418] (the "Fifth Amended Plan Supplement" and together with the Third Amended Plan Supplement and other applicable plan supplements, the "Plan Supplements"), and attached as Schedule B(vi) to the Fifth Amended Plan Supplement is a Schedule of Retained Causes of Action Related to Accounts Receivable.

8. Hoffman Construction Company of Washington is specifically listed on Schedule B(vi) on the Fifth Amended Plan Supplement. *See* D.I. 1418 at page 16.

9. The claims asserted in this Complaint were explicitly preserved in the Plan, the Confirmation Order, and the Plan Supplements.

## JURISDICTION AND VENUE

10. This adversary proceeding arises under the Bankruptcy Code and arises in the Bankruptcy Cases.

11. This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

12. This adversary proceeding constitutes a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

13. Jurisdiction and venue are proper in this Court pursuant to Federal Rule of Bankruptcy Procedure 7004 because this is a case brought under the Bankruptcy Code or is a civil proceeding arising under the Bankruptcy Code or arising in or related to a case under the Bankruptcy Code.

14. Pursuant to 28 U.S.C. § 157(b)(1), this Court has authority to enter final judgment on all counts of the Complaint, subject to review under 28 U.S.C. § 158. Furthermore, the Plaintiff consents to final orders or judgment by this Court.

15. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**FACTUAL ALLEGATIONS**

16. On April 7, 2020, Katerra and Hoffman entered into a subcontract No. 6020018-43385-OS ("Subcontract"), pertaining to a UW Foster School Expansion – Founders Hall construction project at the University of Washington, Seattle, WA ("Project"). Under the Subcontract, Katerra agreed to provide all supervision, engineering, management, labor, tools, labor, equipment, materials, supplies, facilities, financing, and other services necessary or incidental to the wood timber structural work for a sum of $380,000.00.  *See* Exhibit A.

17. During the Project, Hoffman issued Katerra multiple change orders, and the parties executed Subcontract modifications increasing the Subcontract total price to $4,283,230.00.

18. Katerra performed certain work and provided materials and labor for the Project as required by the Subcontract.

19. Hoffman failed to pay Katerra for the work performed and materials provided.

20. On June 6, 2021, Katerra filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas.

21. After Katerra had filed for bankruptcy, on June 15, 2021, Hoffman issued a Notice of Default requiring Katerra to take corrective actions. Subsequently, on June 21, 2021, Hoffman issued a second Notice of Default informing Katerra that it would take over portions of Katerra's work and that it would withhold the remaining amounts of the Subcontract price. *See* Exhibit B.

22. Section XVIII of Attachment C to the Subcontract provides that "[a]ny action by [Hoffman] which is, or is subsequently determined to be, without default or sufficient default by Katerra, or is otherwise determined to be, for any reason, improper, wrongful or in breach of the terms and provisions of the Subcontract, shall be treated, for all purposes, under Section XIX."

23. Section XIX of Attachment C to the Subcontract further states that Hoffman shall pay Katerra "the amount of Subcontractor's net costs incurred together with an allowance of ten percent (10%) as general overhead and profit."

24. On June 25, 2021, Katerra rejected the Subcontract pursuant to this Court's June 8, 2021 Order.

25. On July 13, 2021, Hoffman filed a general unsecured claim against Katerra in the amount of $1,000,000.00 ("Claim No. 161"), alleging a breach of the Subcontract and failure to perform.

26. No later than August 19, 2022, Katerra made demand on Hoffman for the immediate payment for work completed through the date Hoffman took over Katerra's work. There remains due, owing, and outstanding from Hoffman to Katerra the amount of

One Million Eight Hundred Sixty-Two Thousand Ninety and 53/100 Dollars ($1,862,090.53).

27. As of the filing of this Complaint, Hoffman has failed to pay Katerra the amount of $1,862,090.53 (or any portion thereof), which remains outstanding, due and owing to Katerra.

## COUNT ONE
### (BREACH OF CONTRACT)

28. Katerra incorporates the allegations of paragraphs 1 through 27 as though fully set forth herein.

29. The Subcontract between Katerra and Hoffman is a valid, legally binding, and enforceable agreement.

30. Katerra performed all conditions and obligations to be performed on its part to the enforcement of the Subcontract.

31. Hoffman has breached the Subcontract by, *inter alia*, by failing to timely make a payment of $1,862,090.53, which amount remains due, owing, and outstanding under the Subcontract.

32. Hoffman's breach of the Subcontract had damaged Katerra and its Chapter 11 Bankruptcy estate in an amount to be proven at trial.

## COUNT TWO
### (OBJECTION TO CLAIM NO. 161)

33. Katerra incorporates the allegations of paragraphs 1 through 32 as though fully set forth herein.

34. Katerra's outstanding accounts receivable ("A/R") consist of amounts due for earned and unpaid payment applications and invoices for Katerra's work and materials for the Project through June 2021, along with earned retention. The current outstanding A/R balance is $1,862,090.53, and it remains unpaid.

35. Hoffman's Claim No. 161 seeks damages in the amount of $1,000,000.00.

36. Hoffman's Claim No. 161 shall be disallowed (i) pursuant to 502(d) because property is recoverable under Section 542 of the Bankruptcy Code, and (ii) pursuant to 502(b) because Hoffman's Claim No. 161 is partially unliquidated and unenforceable against the debtor and property of the debtor.

## COUNT THREE
### (TURNOVER OF BANKRUPTCY ESTATE PROPERTY PURSUANT TO 11 U.S.C. § 542(b))

37. Katerra incorporates the allegations of paragraphs 1 through 36 as though fully set forth herein.

38. Pursuant to the terms of the Subcontract, Hoffman owes a debt to Katerra.

39. The debt Hoffman owes to Katerra is fully matured and due.

40. The debt Hoffman owes to Katerra is property of the Katerra bankruptcy estate.

41. Pursuant to 11 U.S.C. § 542(b), Hoffman shall immediately pay to the Plan Administrator all amounts due and owing under the Subcontract in an amount of $1,862,090.53, or such other amount to be proven at trial.

WHEREFORE, Katerra Construction, LLC, prays for judgment against Hoffman Construction Company of Washington, as follows:

A. For compensatory damages in an amount to be proven at trial;

B. For a Court Order mandating Hoffman to immediately turnover the funds due and owing under the Subcontract in an amount of $1,862,090.53, or such other amount that is to be proven at trial;

C. For a Court Order disallowing Hoffman's Claim No. 161 in its entirety;

D. For pre- and post-judgment interest; and

E. For such other and further relief as the Court deems proper.

Dated: October 20, 2023

**FOX ROTHSCHILD LLP**

*/s/ Trey A. Monsour*
Trey A. Monsour, Esq.
(Tex. Bar No. 14277200)
David G. Crooks, Esq.
(Tex. Bar No. 24028168)
Adam T. Hamilton, Esq.
(Tex. Bar No. 24087655)
Fox Rothschild LLP
Saint Ann Court
2501 North Harwood Street, Suite 1800
Dallas, TX  75201
Telephone: (214) 231-5796
Facsimile: (972) 404-0516
Mobile: (713) 927-7469
E-mail:   tmonsour@foxrothschild.com
E-mail:   dcrooks@foxrothschild.com
E-mail:   ahamilton@foxrothschild.com

-and-

Michael A. Sweet (admitted *pro hac vice*)
345 California Street, Suite 2200
San Francisco, California 94104

150503857.2

Telephone: (415) 364-5540
Facsimile: (415) 391-4436
E-mail: msweet@foxrothschild.com

-and-

Gordon E. Gouveia (admitted *pro hac vice*)
321 North Clark Street, Suite 1600
Chicago, IL 60654
Telephone:  (312) 980-3816
Facsimile:  (312) 517-9201
E-mail: ggouveia@foxrothschild.com

*Attorneys for Daniel R. Williams, as Plan Administrator*

150503857.2