UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: <br><br> Katerra Inc., *et al.,* <br><br> Debtors. | Chapter 11 <br><br> Case No.: 21-bk-31861 |
| Katerra Inc., by and through Daniel R. Williams, as Plan Administrator on behalf of Katerra Inc. and related debtors, <br><br> Plaintiff, <br><br> v. <br><br> Art District Holding LLC; Green Limited Liability Companies I through V; Red Partnerships I through V; and Black Corporations I through V, <br><br> Defendant. | Adv. No. <br><br> **COMPLAINT FOR BREACH OF CONTRACT OR ALTERNATIVELY UNJUST ENRICHMENT** |

Plaintiff Katerra Construction, LLC, a Delaware limited liability company, by and through Daniel R. Williams as Plan Administrator ("Plan Administrator") on behalf of Katerra Inc. its related debtors, by and through his undersigned counsel, brings this adversary complaint (the "Complaint") against Art District Holding LLC, Green Limited Liability Companies I through V, Red Partnerships I through V, and Black Corporations I through V (together, the "Defendants") and hereby alleges as follows:

**PARTIES**

1.      Plaintiff is Katerra Construction, LLC ("Katerra"), by and through the Plan Administrator on behalf of the Wind-Down Debtors (defined herein).

171291174.1

2. Defendant Art District Holding LLC ("Art District" or "Defendant") is a limited liability company organized under the laws of the State of Colorado with its principal place of business located at 1550 Larimer St., #521, Denver, Colorado 80202.

3. Defendants Green Limited Liability Companies I through V, Red Partnerships I through V, and Black Corporations I through V, are fictitious names for the successor or successors in interest to Defendant Art District. When the true names of these fictitious defendants are known to Plaintiff, Plaintiff will amend this Complaint accordingly.

## PROCEDURAL BACKGROUND

4. On June 6, 2021 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Texas (Houston Division). The cases were subsequently jointly administered under Case Number 21-31861 (the "Bankruptcy Case").

5. On October 21, 2021, the Bankruptcy Court entered the *Order (I) Approving the Disclosure Statement and (II) Confirming the Amended Joint Chapter 11 Plan of Katerra Inc. and Its Debtor Subsidiaries* (the "Confirmation Order") [Docket No. 1372] which confirmed the *Amended Joint Chapter 11 Plan of Katerra Inc. and Its Debtor Subsidiaries* (the "Plan") [Docket No. 1338] and appointed Daniel R. Williams of JS Held, LLC as Plan Administrator, sole manager and sole officer of Katerra Inc. and its related debtors (the "Wind-Down Debtors").[1]

---

[1] The Wind-Down Debtors are: (i) Katerra Inc.; (ii) CAPGro Construction Management LLC; (iii) Katerra Inc. (Cayman); (iv) AlgoSquare Inc.; (v) Katerra Architecture LLC; (vi) Edge @ LoHi LLC; (vii) Katerra Construction LLC; (viii) Hillsboro 1 Project LLC; (ix) Katerra Engineering LLC; (x) Katerra Pearson Ranch Investment LLC; (xi) Lord Aeck & Sargent Inc.; (xii) Katerra Pegasus RiNo Investment LLC; (xiii) Hillsboro 1 Project MM LLC; (xiv) Katerra XSC Houston Investment LLC; (xv) Katerra RO2 Knipe Village Investment LLC; (xvi) Apollo Technologies Inc.; (xvii) Hillsboro 2 Project LLC; (xviii) Kirkland 1 Project LLC; (xix) Kirkland 1 Project MM LLC; (xx) Hillsboro 2 Project MM LLC; (xxi) Bristlecone 28th Ave, LLC; (xxii) Perimeter Building Services LLC; (xxiii) Kirkland 2 Project LLC; (xxiv) Bristlecone Residential LLC; (xxv) Katerra Affordable Housing LLC; (xxvi) Construction Assurance Ltd.; (xxvii) Roots Software LLC; (xxviii) Kirkland 2 Project MM LLC; (xxix) Dangoo Electronics (USA) Co. Ltd.; (xxx) Skyview Concrete LLC; (xxxi) UEB Builders, Inc.; (xxxii) Valpico Glenbriar Apartments LLC; and (xxxiii) WM Aviation, LLC. The Wind-Down Debtors' service address in these chapter 11 cases is 3101 North Central Avenue, Suite 670, Phoenix, AZ 85012.

171291174.1

6. Katerra is one of the Wind-Down Debtors.

7. The Debtors filed their *Notice Of Occurrence Of The Effective Date Of The Amended Joint Chapter 11 Plan Of Katerra Inc. And Its Debtor Subsidiaries* [Docket No. 1422], stating that the effective date of the Plan occurred on October 29, 2021 (the "Effective Date").

8. The Plan and Confirmation Order preserve the Plan Administrator's right to prosecute certain causes of action belonging to the Wind-Down Debtors (the "Retained Causes of Action"). *See* Plan at Article IV, ¶ N ("[T]he Wind-Down Debtors, as applicable, shall retain and may enforce all rights to commence and pursue, as appropriate, any and all Causes of Action, whether arising before or after the Petition Date, including any actions specifically enumerated in the Schedule of Retained Causes of Action, and the Wind-Down Debtors' rights to commence, prosecute, or settle such Causes of Action shall be preserved notwithstanding the occurrence of the Effective Date[.]").

9. On October 20, 2021, the Wind-Down Debtors filed the Notice of Filing of Third Amended Plan Supplement [Docket No. 1358] (the "Third Amended Plan Supplement") and attached as Schedule B to the Third Amended Plan Supplement is a Schedule of Retained Causes of Action. Schedule B to the Third Amended Plan Supplement preserves the Wind-Down Debtors' right to pursue "any and all Claims and Causes of action related to accounts receivable and accounts payable against or related to all Entities or Persons that owe […] money to the Debtors or the Wind-Down Debtors" and "any and all Causes of Action, based in whole or in part upon any and all contracts […] to which any Debtor is a party or pursuant to which any Debtor or Wind-Down Debtor has any rights whatsoever including, without limitation, Causes of Action against […] any other parties […] (b) for wrongful or improper termination […] or failure to meet other contractual […] obligations; (c) for failure to fully perform or to condition performance on additional requirements under contracts with any one or more of the Debtors before the assumption

or rejection, if applicable, of such contracts; […] (g) any turnover actions arising under section 542 […] of the Bankruptcy Code[.]"). *See* Docket No. 1358, page 35-36.

10. On October 29, 2021, the Wind-Down Debtors filed the Notice of Filing of Fifth Amended Plan Supplement [Docket No. 1418] (the "Fifth Amended Plan Supplement") and attached as Schedule B(vi) to the Fifth Amended Plan Supplement is a Schedule of Retained Causes of Action Related to Accounts Receivable.

11. Defendant Art District is specifically listed on Schedule B(iv) on the Fifth Amended Plan Supplement. *See* Docket No. 1418 at page 7. Accordingly, the claims asserted in this Complaint were explicitly preserved in the Plan, Confirmation Order and Plan Supplements.

## JURISDICTION AND VENUE

12. This adversary proceeding arises under the Bankruptcy Code and arises in the Bankruptcy Cases.

13. This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

14. This adversary proceeding constitutes a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

15. Jurisdiction and venue are proper in this Court pursuant to Federal Rule of Bankruptcy Procedure 7004 because this is a case brought under the Bankruptcy Code or is a civil proceeding arising under the Bankruptcy Code, or arising in or related to a case under the Bankruptcy Code.

16. Pursuant to 28 U.S.C. § 157(b)(1), this Court has authority to enter final judgment on all counts of the Complaint, subject to review under 28 U.S.C. § 158. Furthermore, the Plaintiff consents to final orders or judgment by this Court.

17. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**FACTUAL ALLEGATIONS**

18.     On or about May 29, 2020, Katerra and Art District entered into a construction contract (the "Agreement") for the construction of a residential apartment building on real property owned by Art District and located at 1225 Santa Fe Dr., Denver Colorado, 80204 (the "Project").

19.     Katerra performed construction services and provided materials for the Project as the general contractor and pursuant to the terms of the Agreement.

20.     On or about May 3, 2021, Katerra submitted an Application and Certification for Payment (the "Application") to Art District pursuant to the terms of the Agreement.

21.     The Application sought payment from Art District for the retainage held back for work on the Project that Katerra had completed through April 30, 2021 in the amount $4,942,870.59.

22.     The Application sought an additional $479,692.47 from Art District for funds that were past due from a prior application for payment.

23.     The total amount sought in the Application was $5,422,563.06 for work performed by Katerra pursuant to the Agreement.

24.     On or about June 7, 2021, the Project was substantially completed, and the City of Denver issued a temporary certificate of occupancy.

25.     On or about June 9, 2021, Art District send Katerra a letter terminating the Agreement for cause asserting that Katerra would be unable to fulfil its obligations under the Agreement as a result of the bankruptcy petitions filed by Katerra Inc. and the related debtors.

26.     Art District did not pay Katerra any portion of the amounts sought in the Application.

27.     Pursuant to the Agreement, at the time of the termination Art District owed Katerra no less than $5,422,563.06 for work performed on the Project.

28. Upon information and belief, the Project reached final completion in December of 2021 when the City of Denver issued the Certificate of Occupancy.

29. Since August of 2022, Katerra has made a series of demands on Defendant Art District for the immediate payment of $5,422,563.06.

30. After demanding payment, and unbeknownst to Plaintiff, Defendant Art District applied for voluntary dissolution with the State of Colorado and was dissolved as of March 30, 2023.

31. To date, Defendant Art District has not paid any portion of the outstanding balance due.

32. Upon information and belief, the fictitious defendants named in this action are the successors in interest or assigns of Defendant Art District and are liable to Plaintiff for the debts of Defendant Art District as stated in this Complaint.

## COUNT ONE
## (BREACH OF CONTRACT)

33. Katerra incorporates the allegations of paragraphs 1 through 32 as though fully set forth herein.

34. The Agreement is an enforceable contract between Katerra and Defendant Art District.

35. Katerra provided valuable construction services and materials to Defendant Art District pursuant to the terms of the Agreement.

36. Defendant Art District breached its Agreement with Katerra by failing to pay the amount sought in the Application as required by the Agreement.

37. Defendant Art District's breach of the Agreement has damaged Katerra and its Chapter 11 Bankruptcy estate in an amount to be proven at trial, but not less than $5,422,563.06.

171291174.1

38. Katerra and its bankruptcy estate is entitled to an award of attorneys' fees, expenses and costs pursuant due to this controversy arises out of a dispute under a written contract and a prevailing party shall be entitled to an award of its attorneys' fees, expenses and costs incurred in prosecution of this dispute arising out the Agreement.

## COUNT TWO
### (UNJUST ENRICHMENT- IN THE ALTERNATIVE TO COUNT ONE)

39. Katerra incorporates the allegations of paragraphs 1 through 38 as though fully set forth herein.

40. Katerra conferred a benefit on Defendant Art District by providing it with the construction services and materials necessary to build the Project under the terms of Defendant Art District's Agreement with Katerra.

41. Defendant Art District voluntarily accepted and retained the benefit of Katerra's construction services and materials and enjoys the use and benefit of the improvements to its real property as a result of Katerra's construction services and materials.

42. Defendant Art District has refused to fully pay for the construction services and materials it received from Katerra.

43. It would be inequitable for Defendant Art District to retain the benefit of the construction services and materials without fully compensating Katerra.

44. Katerra is entitled to recover the reasonable value of construction services and materials provided to Defendant Art District.

45. Upon information and belief, the reasonable value of the construction services and materials provided by Katerra to Defendant Art District is no less than $5,422,563.06.

WHEREFORE, Plaintiff prays for Judgment against Defendants as follows:

171291174.1

A. For compensatory damages in an amount to be proven at trial, but not less than $5,422,563.06;

C. For the Plaintiff's reasonable costs and attorney fees;

D. For pre and post-judgment interest; and

E. For such other and further relief as the Court deems equitable and proper.

DATED: July 1, 2025

**FOX ROTHSCHILD LLP**

/s/ *Trey A. Monsour*
Trey A. Monsour, Esq. (Tex. Bar No. 14277200)
Saint Ann Court
2501 North Harwood Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 231-5796
Facsimile: (972) 404-0516
Mobile: (713) 927-7469
E-mail: tmonsour@foxrothschild.com

- and -

**BURCH & CRACCHIOLO, P.A.**

/s/ *Ryan W. Anderson*
Ryan W. Anderson (Ariz. No. 020974)
Jackson D. Hendrix (Ariz. No. 036452)
1850 North Central Avenue, Suite 1700
Phoenix, AZ 85004
Telephone: 602.274.7611
Email: randerson@bcattorneys.com

*Attorneys for Plaintiff, Daniel R. Williams, as Plan Administrator of Katerra Inc. [In re: Katerra Inc. Bankruptcy Case No. 21-bk-31861]*

171291174.1