**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>Katerra Inc., *et al.,*<br><br>Debtors. | Chapter 11<br><br>Case No.: 21-bk-31861 |
| Katerra Inc., by and through Daniel R. Williams, as Plan Administrator on behalf of Katerra Inc. and related debtors,<br><br>Plaintiff,<br><br>v.<br><br>GS Victor, LP.; Green Limited Liability Companies I through V; Red Partnerships I through V; and Black Corporations I through V,<br><br>Defendants. | Adv. No.<br><br>**COMPLAINT FOR BREACH OF CONTRACT OR ALTERNATIVELY UNJUST ENRICHMENT** |

Plaintiff Katerra Construction, LLC, a Delaware limited liability company, by and through Daniel R. Williams as Plan Administrator ("Plan Administrator") on behalf of Katerra Inc. its related debtors, by and through his undersigned counsel, brings this adversary complaint (the "Complaint") against GS Victor, LP, Green Limited Liability Companies I through V, Red Partnerships I through V, and Black Corporations I through V (together, the "Defendants") and hereby alleges as follows:

**PARTIES**

1. Plaintiff is Katerra Construction, LLC ("Katerra"), by and through the Plan Administrator on behalf of the Wind-Down Debtors (defined herein).

2. Defendant GS Victor, LP ("GS Victor" or "Defendant") is a limited partnership organized under the laws of the State of Colorado with its principal place of business located at 1550 Larimer St., #521, Denver, Colorado 80202.

3. Defendants Green Limited Liability Companies I through V, Red Partnerships I through V, and Black Corporations I through V, are fictitious names for the successor or successors in interest to Defendant GS Victor. When the true names of these fictitious defendants are known to Plaintiff, Plaintiff will amend this Complaint accordingly.

**PROCEDURAL BACKGROUND**

4. On June 6, 2021 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Texas (Houston Division). The cases were subsequently jointly administered under Case Number 21-31861 (the "Bankruptcy Case").

5. On October 21, 2021, the Bankruptcy Court entered the *Order (I) Approving the Disclosure Statement and (II) Confirming the Amended Joint Chapter 11 Plan of Katerra Inc. and Its Debtor Subsidiaries* (the "Confirmation Order") [Docket No. 1372] which confirmed the *Amended Joint Chapter 11 Plan of Katerra Inc. and Its Debtor Subsidiaries* (the "Plan") [Docket No. 1338] and appointed Daniel R. Williams of JS Held, LLC as Plan Administrator, sole manager and sole officer of Katerra Inc. and its related debtors (the "Wind-Down Debtors").[1]

[1] The Wind-Down Debtors are: (i) Katerra Inc.; (ii) CAPGro Construction Management LLC; (iii) Katerra Inc. (Cayman); (iv) AlgoSquare Inc.; (v) Katerra Architecture LLC; (vi) Edge @ LoHi LLC; (vii) Katerra Construction LLC; (viii) Hillsboro 1 Project LLC; (ix) Katerra Engineering LLC; (x) Katerra Pearson Ranch Investment LLC; (xi) Lord Aeck & Sargent Inc.; (xii) Katerra Pegasus RiNo Investment LLC; (xiii) Hillsboro 1 Project MM LLC; (xiv)

6. Katerra is one of the Wind-Down Debtors.

7. The Debtors filed their *Notice Of Occurrence Of The Effective Date Of The Amended Joint Chapter 11 Plan Of Katerra Inc. And Its Debtor Subsidiaries* [Docket No. 1422], stating that the effective date of the Plan occurred on October 29, 2021 (the "Effective Date").

8. The Plan and Confirmation Order preserve the Plan Administrator's right to prosecute certain causes of action belonging to the Wind-Down Debtors (the "Retained Causes of Action"). *See* Plan at Article IV, ¶ N ("[T]he Wind-Down Debtors, as applicable, shall retain and may enforce all rights to commence and pursue, as appropriate, any and all Causes of Action, whether arising before or after the Petition Date, including any actions specifically enumerated in the Schedule of Retained Causes of Action, and the Wind-Down Debtors' rights to commence, prosecute, or settle such Causes of Action shall be preserved notwithstanding the occurrence of the Effective Date[.]").

9. On October 20, 2021, the Wind-Down Debtors filed the Notice of Filing of Third Amended Plan Supplement [Docket No. 1358] (the "Third Amended Plan Supplement") and attached as Schedule B to the Third Amended Plan Supplement is a Schedule of Retained Causes of Action. Schedule B to the Third Amended Plan Supplement preserves the Wind-Down Debtors' right to pursue "any and all Claims and Causes of action related to accounts receivable and accounts payable against or related to all Entities or Persons that owe […] money to the Debtors or the Wind-Down Debtors" and "any and all Causes of Action, based in whole or in part upon

Katerra XSC Houston Investment LLC; (xv) Katerra RO2 Knipe Village Investment LLC; (xvi) Apollo Technologies Inc.; (xvii) Hillsboro 2 Project LLC; (xviii) Kirkland 1 Project LLC; (xix) Kirkland 1 Project MM LLC; (xx) Hillsboro 2 Project MM LLC; (xxi) Bristlecone 28th Ave, LLC; (xxii) Perimeter Building Services LLC; (xxiii) Kirkland 2 Project LLC; (xxiv) Bristlecone Residential LLC; (xxv) Katerra Affordable Housing LLC; (xxvi) Construction Assurance Ltd.; (xxvii) Roots Software LLC; (xxviii) Kirkland 2 Project MM LLC; (xxix) Dangoo Electronics (USA) Co. Ltd.; (xxx) Skyview Concrete LLC; (xxxi) UEB Builders, Inc.; (xxxii) Valpico Glenbriar Apartments LLC; and (xxxiii) WM Aviation, LLC. The Wind-Down Debtors' service address in these chapter 11cases is 3101 North Central Avenue, Suite 670, Phoenix, AZ 85012.

any and all contracts […] to which any Debtor is a party or pursuant to which any Debtor or Wind-Down Debtor has any rights whatsoever including, without limitation, Causes of Action against […] any other parties […] (b) for wrongful or improper termination […] or failure to meet other contractual […] obligations; (c) for failure to fully perform or to condition performance on additional requirements under contracts with any one or more of the Debtors before the assumption or rejection, if applicable, of such contracts; […] (g) any turnover actions arising under section 542 […] of the Bankruptcy Code[.]"). *See* Docket No. 1358, page 35-36.

10. On October 29, 2021, the Wind-Down Debtors filed the Notice of Filing of Fifth Amended Plan Supplement [Docket No. 1418] (the "Fifth Amended Plan Supplement") and attached as Schedule B(vi) to the Fifth Amended Plan Supplement is a Schedule of Retained Causes of Action Related to Accounts Receivable.

11. Defendant GS Victor is specifically listed on Schedule B(iv) on the Fifth Amended Plan Supplement. *See* Docket No. 1418 at page 10. Accordingly, the claims asserted in this Complaint were explicitly preserved in the Plan, Confirmation Order and Plan Supplements.

**JURISDICTION AND VENUE**

12. This adversary proceeding arises under the Bankruptcy Code and arises in the Bankruptcy Cases.

13. This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

14. This adversary proceeding constitutes a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

15. Jurisdiction and venue are proper in this Court pursuant to Federal Rule of Bankruptcy Procedure 7004 because this is a case brought under the Bankruptcy Code or is a civil

proceeding arising under the Bankruptcy Code, or arising in or related to a case under the Bankruptcy Code.

16. Pursuant to 28 U.S.C. § 157(b)(1), this Court has authority to enter final judgment on all counts of the Complaint, subject to review under 28 U.S.C. § 158. Furthermore, the Plaintiff consents to final orders or judgment by this Court.

17. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL ALLEGATIONS

18. On or about May 15, 2019, Katerra and GC Victor entered into a construction contract (the "Agreement") for the construction of a residential building on real property owned by GS Victor and located at 1790 N. Gaylord St., Denver, Colorado (the "Project").

19. Katerra performed construction services and provided materials for the Project as the general contractor and pursuant to the terms of the Agreement.

20. On or about December 2, 2020, the Project was substantially complete pursuant to the Agreement.

21. On or about on January 7, 2021, Katerra submitted its 16th Application and Certification for Payment (the "16th Application") to GS Victor pursuant to the terms of the Agreement.

22. The 16th Application sought payment from GS Victor in the amount of $408,716.49 for work on the Project that Katerra had completed in November and December of 2020.

23. Katerra continued to work on the Project after submitting the 16th Application.

24. Katerra then submitted its 17th Application and Certification for Payment (the "17th Application") to GS Victor pursuant to the terms of the Agreement.

25. The 17th Application sought payment in the amount of $551,194.77 from GS Victor for work Katerra performed including retainage for work on the Project that Katerra had previously completed.

26. GS Victor did not pay Katerra any portion of the amounts sought in the 16th or 17th Applications.

27. On or about June 6, 2021, GS Victor send Katerra a letter terminating the Agreement.

28. Pursuant to the Agreement, at the time of the termination GS Victor owed Katerra no less than $959,716.49 for work performed on the Project.

29. Upon information and belief, the Project reached final completion in July of 2021.

30. GS Victor is obligated to pay Katerra no less than $959,716.49 representing the past due amounts from the 16th and 17th Applications.

31. Beginning in June of 2022, Plaintiff sent a series of demands for payment to Defendant GS Victor.

32. In June 2022, Katerra sent a letter to Defendant GS Victor demanding immediate payment of $959,716.49.

33. Defendant GS Victor, through counsel responded to the demand on July 5, 2022.

34. In August 2022, Plaintiff requested Defendant GS Victor provide additional information related to its July response.

35. Plaintiff sent a final demand for payment on November 26, 2024 to which Defendant GS Victor responded in February 2025.

36. At the time of the final demand in November 2024, and unbeknownst to Plaintiff, Defendant GS Victor had applied for voluntary dissolution with the State of Colorado and was dissolved as of February 8, 2024.

37. To date, Defendant GS Victor has not paid any portion of the outstanding balance due.

38. Upon information and belief, the fictitious defendants named in this action are the successors in interest or assigns of Defendant GS Victor and are liable to Plaintiff for the debts of Defendant GS Victor as stated in this Complaint.

**COUNT ONE**
**(BREACH OF CONTRACT)**

39. Katerra incorporates the allegations of paragraphs 1 through 38 as though fully set forth herein.

40. The Agreement is an enforceable contract between Katerra and Defendant GS Victor.

41. Katerra provided valuable construction services and materials to Defendant GS Victor pursuant to the terms of the Agreement.

42. Defendant GS Victor breached its Agreement with Katerra by failing to pay the amounts sought in the 16th and 17th Applications as required by the Agreement.

43. Defendant GS Victor's breach of the Agreement has damaged Katerra and its Chapter 11 Bankruptcy estate in an amount to be proven at trial, but not less than $959,716.49.

44. Katerra and its bankruptcy estate is entitled to an award of attorneys' fees, expenses and costs pursuant due to this controversy arises out of a dispute under a written contract and a prevailing party shall be entitled to an award of its attorneys' fees, expenses and costs incurred in prosecution of this dispute arising out the Agreement.

**COUNT TWO**

**(UNJUST ENRICHMENT- IN THE ALTERNATIVE TO COUNT ONE)**

45. Katerra incorporates the allegations of paragraphs 1 through 44 as though fully set forth herein.

46. Katerra conferred a benefit on Defendant GS Victor by providing it with the construction services and materials necessary to complete the Project under the terms of Defendant GS Victor's Agreement with Katerra.

47. Defendant GS Victor voluntarily accepted and retained the benefit of Katerra's construction services and materials and enjoys the use and benefit of the improvements to its real property as a result of Katerra's construction services and materials.

48. Defendant GS Victor has refused to fully pay for the construction services and materials it received from Katerra.

49. It would be inequitable for Defendant GS Victor to retain the benefit of the construction services and materials without fully compensating Katerra.

50. Katerra is entitled to recover the reasonable value of construction services and materials provided to Defendant GS Victor.

51. Upon information and belief, the reasonable value of the construction services and materials provided by Katerra to Defendant GS Victor is no less than $959,716.49.

WHEREFORE, Plaintiff prays for Judgment against Defendants as follows:

A. For compensatory damages in an amount to be proven at trial, but not less than $959,716.49;

C. For the Plaintiff's reasonable costs and attorney fees;

D. For pre and post-judgment interest; and

E. For such other and further relief as the Court deems equitable and proper.

DATED: July 1, 2025

**FOX ROTHSCHILD LLP**

/s/ *Trey A. Monsour*

Trey A. Monsour, Esq. (Tex. Bar No. 14277200)
Saint Ann Court
2501 North Harwood Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 231-5796
Facsimile: (972) 404-0516
Mobile: (713) 927-7469
E-mail: tmonsour@foxrothschild.com

- and -

**BURCH & CRACCHIOLO, P.A.**

*/s/ Ryan W. Anderson*

Ryan W. Anderson (Ariz. No. 020974)
Jackson D. Hendrix (Ariz. No. 036452)
1850 North Central Avenue
Suite 1700
Phoenix, AZ 85004
Telephone: 602.274.7611
Email: randerson@bcattorneys.com

*Attorneys for Plaintiff, Daniel R. Williams, as Plan Administrator of Katerra Inc. [In re: Katerra Inc. Bankruptcy Case No. 21-bk-31861]*